GEORGE G. WEICKHARDT (SBN 58586)
PAMELA J. ZANGER (SBN 168356)
**ROPERS, MAJESKI, KOHN & BENTLEY PC**
201 Spear Street, Suite 1000
San Francisco, CA 94105
Telephone: (415) 543-4800
Facsimile: (415) 972-6301
Email: gweickhardt@ropers.com

Attorneys for Defendant
CHASE BANK USA, N.A., formerly known as CHASE MANHATTAN BANK USA, N.A. and erroneously sued herein as THE CHASE MANHATTAN BANK

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTHA CARMACK,<br><br>Plaintiff,<br><br>v.<br><br>THE CHASE MANHATTAN BANK,<br><br>Defendant. | CASE NO. C 07-03464 MEJ<br><br>**DEFENDANT CHASE BANK USA, N.A.'S ANSWER TO PLAINTIFF'S VERIFIED COMPLAINT** |

Defendant, CHASE BANK USA, N.A. (hereinafter referred to as "Defendant" or "Chase"), formerly known as Chase Manhattan Bank USA, N.A. and erroneously sued herein as The Chase Manhattan Bank, for itself and no other parties in this action, answers Plaintiff's complaint ("Complaint") as follows:

## COUNT I – STATUTORY VIOLATIONS AND DAMAGES

1. Answering paragraph No. 1, Defendant admits.

2. Answering paragraph No. 2, Defendant CHASE BANK USA, N.A. admits that it is the successor in interest to The Chase Manhattan Bank USA, N.A. and that it is a national banking association with its main office in Newark, Delaware. As to the remaining allegations contained therein, Defendant denies each and every other allegation therein.

3. Answering paragraph No. 3, Defendant admits that around May 19, 1993, plaintiff

applied for and was issued a Chase Manhattan Bank USA, N.A. credit card account (the "Account") which was governed by a cardmember agreement (the "Agreement"). Chase Bank USA, N.A., is the successor in interest to Chase Manhattan Bank USA, N.A. As to the remaining allegations contained therein, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis, denies each and every other allegation contained therein.

4.   Answering paragraph No. 4, Defendant admits that around May 19, 1993, plaintiff applied for and was issued a Chase Manhattan Bank USA, N.A. credit card account (the "Account") which was governed by a cardmember agreement (the "Agreement"). Chase Bank USA, N.A., is the successor in interest to Chase Manhattan Bank USA, N.A. As to the remaining allegations contained therein, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis, denies each and every other allegation contained therein.

5.   Answering paragraph No. 5, Defendant admits that the Agreement was governed in part by 15 U.S.C. Section 1601 et seq. As to the remaining allegations contained therein, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis, denies each and every other allegation contained therein.

6.   Answering paragraph No. 6, Defendant is aware of 15 U.S.C. Section 1601 et seq. As to the remaining allegations contained therein, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis, denies each and every other allegation contained therein.

7.   Answering paragraph No. 7, Defendant admits that there are situations under which it is required to respond to inquiries made under 15 U.S.C. Section 1601 et seq., but denies that the statute requires Chase to respond to all writings that purport to be notices of billing error regardless of the contents of the writing and/or its timeliness. As to the remaining allegations contained therein, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis, denies each and every other

SF/206339.1/RL3                                          - 2 -                    DEFENDANT CHASE BANK USA, N.A.'S ANSWER TO
                                                                                                          PLAINTIFF'S VERIFIED COMPLAINT
                                                                                                          CASE NO. C07 3464 MEJ

allegation contained therein.

8.  Answering paragraph No. 8, Defendant admits that Plaintiff sent a letter to Defendant dated September 25, 2005, regarding the September 12, 2005 statement on the Account, but denies that this letter constituted a valid, timely written notice of billing error under the statute. As to the remaining allegations contained therein, Defendant denies each and every other allegation contained therein.

9.  Answering paragraph No. 9, Defendant admits that it received the letter dated September 25, 2005, from Plaintiff sometime after September 25, 2005, but denies that this letter constituted a valid, timely written notice of billing error under the statute. As to the remaining allegations contained therein, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis, denies each and every other allegation contained therein.

10. Answering paragraph No. 10, Defendant admits that that there are situations under which it is required to respond to inquiries made under 15 U.S.C. Section 1601 et seq., but denies that the statute requires Chase to respond to all writings that purport to be notices of billing error regardless of the contents of the writing and/or its timeliness, and denies that it had any obligation to respond to the September 25, 2005 letter from Plaintiff as the letter was not a valid, timely written notice of billing error pursuant to 15 U.S.C. Section 1666. As to the remaining allegations contained therein, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis, denies each and every other allegation contained therein.

11. Answering paragraph No. 11, Defendant admits that more than 90 days have elapsed since it received the above-referenced letter dated September 25, 2005, from Plaintiff, but denies that it had any obligation to respond to the September 25, 2005 letter from Plaintiff as the letter was not a valid, timely written notice of billing error pursuant to 15 U.S.C. 1666. As to the remaining allegations contained therein, Defendant denies.

12. Answering paragraph No. 12, Defendant denies each and every allegation contained therein.

13. Answering paragraph No. 13, Defendant denies each and every allegation contained therein

14. Answering paragraph No. 14, Defendant denies each and every allegation contained therein.

15. Answering paragraph No. 15, Defendant admits that it reported the status of the Account to the credit reporting agencies on a monthly basis. As to the remaining allegations contained therein, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and denies each and every other allegation contained therein.

16. Answering paragraph No. 16, Defendant denies each and every allegation contained therein.

17. Answering paragraph No. 17, Defendant admits that a true and correct copy of the arbitration claim is attached as Exhibit A to the Complaint. As to the remaining allegations contained therein, Defendant denies each and every other allegation contained therein.

18. Answering paragraph No. 18, Defendant denies each and every allegation contained therein.

19. Answering paragraph No. 19, Defendant denies each and every allegation contained therein.

## COUNT II – BREACH OF CONTRACT

20. Answering paragraph No. 20, Defendant refers to its answers to paragraphs 1-19 above and incorporates those responses as though fully set forth herein.

21. Answering paragraph No. 21, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis, denies each and every allegation contained therein.

22. Answering paragraph No. 22, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis, denies each and every allegation contained therein.

///

23. Answering paragraph No. 23, Defendant denies each and every allegation contained therein.

24. Answering paragraph No. 24, Defendant denies each and every allegation contained therein.

25. Answering paragraph No. 25, Defendant admits.

26. Answering paragraph No. 26, Defendant admits that Plaintiff filed a response with the National Arbitration Forum. As to the remaining allegations contained therein, Defendant denies each and every other allegation contained therein.

27. Answering paragraph No. 27, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis, denies each and every allegation contained therein.

28. Answering paragraph No. 28, Defendant denies each and every allegation contained therein.

29. Answering paragraph No. 29, Defendant admits that the arbitration award attached as Exhibit B to the Complaint is a true and correct copy of the award issued. As to the remaining allegations contained therein, Defendant denies each and every other allegation contained therein.

30. Answering paragraph No. 30, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis, denies each and every allegation contained therein.

31. Answering paragraph No. 31, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis, denies each and every allegation contained therein.

32. Answering paragraph No. 32, Defendant denies each and every allegation contained therein.

33. Answering paragraph No. 33, Defendant denies each and every allegation contained therein.

34. Answering paragraph No. 34, Defendant denies each and every allegation contained therein.

35. Answering paragraph No. 35, Defendant denies each and every allegation contained therein.

36. Answering paragraph No. 36, Defendant denies each and every allegation contained therein.

37. Answering paragraph No. 37, Defendant denies each and every allegation contained therein.

38. Answering paragraph No. 38, Defendant denies each and every allegation contained therein.

### COUNT III – VIOLATIONS OF PLAINTIFF'S RIGHT TO DUE PROCESS

39. Answering paragraph No. 39, Defendant refers to its answers to paragraphs 1-38 above and incorporates those responses as though fully set forth herein.

40. Answering paragraph No. 40, Defendant denies each and every allegation contained therein.

41. Answering paragraph No. 41, Defendant denies each and every allegation contained therein.

42. Answering paragraph No. 42, Defendant denies each and every allegation contained therein.

43. Answering paragraph No. 43, Defendant denies each and every allegation contained therein.

44. Answering paragraph No. 44, Defendant denies each and every allegation contained therein.

45. Answering paragraph No. 45, Defendant denies each and every allegation contained therein.

46. Answering paragraph No. 46, Defendant denies each and every allegation contained therein.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state facts upon which a claim for relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Chase fully complied with its duties under 15 U.S.C. § 1601 et seq.

## THIRD AFFIRMATIVE DEFENSE

Chase fully complied with the provisions of all statutes alleged in the complaint.

## FOURTH AFFIRMATIVE DEFENSE

The Complaint is barred by the applicable state and federal statutes of limitations.

## FIFTH AFFIRMATIVE DEFENSE

Chase's conduct was privileged.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by waiver.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by ratification.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by the doctrine of unclean hands.

## TENTH AFFIRMATIVE DEFENSE

At all times and places mentioned in the Complaint herein, Plaintiff failed to mitigate the amount of her damages. The damages claimed by Plaintiff could have been mitigated by due diligence on her part or by one acting under similar circumstances. Plaintiff's failure to mitigate is a bar to her recovery under the Complaint.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the contributory and comparative negligence and fault of Plaintiff.

## TWELFTH AFFIRMATIVE DEFENSE

The matters of which the Complaint complains are the acts and responsibilities of parties other than Chase.

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

SF/206339.1/RL3

- 7 -

DEFENDANT CHASE BANK USA, N.A.'S ANSWER TO PLAINTIFF'S VERIFIED COMPLAINT
CASE NO. C07 3464 MEJ

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff failed to comply with the provisions in 15 U.S.C. section 1681s-2 et seq.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are subject to mandatory arbitration pursuant to the terms of its agreement with Chase.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff has materially breached the credit card contract with Defendant and her claims are barred by her failure to abide by the terms and conditions of those contracts.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff failed to comply with 15 U.S.C. 1666 and all related statutes.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's letter of September 25, 2005, is part of an abusive and fraudulent scheme developed by a third party to deprive creditors of legitimate balances on credit card accounts.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Under the doctrine of res judicata, the claims made in Plaintiff's complaint are barred by the arbitration award of January 3, 2007.

WHEREFORE, CHASE BANK USA, N.A. prays as follows:

1. That CARMACK take nothing by her complaint;
2. That the Complaint be dismissed with prejudice;
3. That CHASE recover its costs and attorney's fees as provided by contract;
4. For any other and further relief the Court deems proper.

Dated: July 9, 2007

ROPERS, MAJESKI, KOHN & BENTLEY

By: /s/
GEORGE G. WEICKHARDT
PAMELA J. ZANGER
Attorneys for Defendant
CHASE BANK USA, N.A., formerly known as CHASE MANHATTAN BANK USA, N.A. and erroneously sued herein as THE CHASE MANHATTAN BANK

| | |
|---|---|
| CASE NAME: | Martha Carmack v. The Chase Manhattan Bank |
| ACTION NO.: | C07 03464 MEJ — U.S. District Court, Northern District of California |

### PROOF OF SERVICE

I am a citizen of the United States. My business address is 201 Spear Street, Suite 1000, San Francisco, CA 94105. I am employed in the County of San Francisco where this service occurs. I am over the age of 18 years, and not a party to the within cause. I am readily familiar with my employer's normal business practice for collection and processing of correspondence for mailing with the U.S. Postal Service, and that practice is that correspondence is deposited with the U.S. Postal Service the same day as the day of collection in the ordinary course of business.

On the date set forth below, following ordinary business practice, I served a true copy of the foregoing document(s) described as: **DEFENDANT CHASE BANK USA, N.A.'S ANSWER TO PLAINTIFF'S VERIFIED COMPLAINT**

- ☐ (BY FAX) by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below, or as stated on the attached service list, on this date before 5:00 p.m.
- ☒ (BY MAIL) I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail at Redwood City, California.
- ☐ (BY PERSONAL SERVICE) I caused such envelope(s) to be delivered by hand this date to the offices of the addressee(s).
- ☐ (BY OVERNIGHT DELIVERY) I caused such envelope(s) to be delivered to an overnight delivery carrier with delivery fees provided for, addressed to the person(s) on whom it is to be served.

**Plaintiff *In Pro Per***

Martha Carmack
1536 Pershing Drive, Apt. D
San Francisco, CA 94129
Tel.: (415) 831-4485

☒ *(Federal)* I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on July 9, 2007, at San Francisco, California.

*/s/ Charles D. Brown*
Charles D. Brown