GEORGE G. WEICKHARDT (SBN 58586)
PAMELA J. ZANGER (SBN 168356)
**ROPERS, MAJESKI, KOHN & BENTLEY PC**
201 Spear Street, Suite 1000
San Francisco, CA 94105
Telephone:      (415) 543-4800
Facsimile:      (415) 972-6301
Email:          gweickhardt@ropers.com

Attorneys for Defendant
CHASE BANK USA, N.A., formerly known as CHASE
MANHATTAN BANK USA, N.A. and erroneously sued
herein as THE CHASE MANHATTAN BANK

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTHA CARMACK,<br><br>       Plaintiff,<br><br>    v.<br><br>THE CHASE MANHATTAN BANK,<br><br>       Defendant;<br><br>---<br><br>CHASE BANK USA, N.A.,<br><br>       Counterclaimant,<br><br>    v.<br><br>MARTHA CARMACK,<br><br>       Counterdefendant. | CASE NO.  C 07 03464 MEJ<br><br>**DEFENDANT CHASE BANK USA,<br>N.A.'S COUNTERCLAIM** |

Defendant CHASE BANK USA, N.A. ("Counter-claimant" or "CHASE") counterclaims against plaintiff ("Counter-Defendant") as follows:

**JURISDICTION**

1.      This is a compulsory counterclaim to the Complaint herein.  Jurisdiction is founded upon supplemental jurisdiction pursuant to 28 U.S.C. Section 1367.

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

**FIRST CLAIM FOR RELIEF**

**(Confirmation of Arbitration Award)**

2.    Counter-defendant MARTHA CARMACK ("Counter-defendant") resides in this District.

3.    Counter-claimant CHASE is a national banking association with its main office in the State of Delaware.

4.    Around May 19, 1993, plaintiff applied for and was issued a Chase Manhattan Bank USA, N.A. credit card account (the "Account") which was governed by a cardmember agreement (the "Agreement"). Chase Bank USA, N.A., is the successor in interest to Chase Manhattan Bank USA, N.A. The Agreement contained a provision that permitted Chase to amend the Agreement. The Agreement was amended to include a valid Arbitration provision which provided for arbitration of all disputes pursuant to the Agreement. The National Arbitration Forum has been a permissible arbitration forum pursuant to the Arbitration provision.

5.    A dispute arose between Counter-claimant and Counter-defendant concerning the Agreement due to non-payment of the balance due on the Account.

6.    Pursuant to the arbitration clause contained in the Agreement, Counter-claimant filed an arbitration claim. A copy of this claim is attached as Exhibit A hereto.

7.    Pursuant to the arbitration clause contained in the Agreement, Counter-Defendant filed a response to Counter-claimant's arbitration claim.

8.    The arbitrator conducted a hearing and rendered a final award in writing, a copy of which is attached hereto as Exhibit B.

9.    The arbitrators' award was made in accordance with the terms and provisions of the parties' written agreement and is in all respects proper, valid and binding.

10.    The arbitration forum served a signed copy of the award on Counter-claimant and Counter-Defendant around January 4, 2007.

11.    No application has been made to the arbitrator for correction of the award, and the statutory period for making such application has now expired.

12.    Chase is entitled to confirmation of the arbitration award attached hereto as

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

1    Exhibit B.

2        WHEREFORE, CHASE BANK USA, N.A. prays as follows:

3        1.    For judgment against counter-defendant MARTHA CARMACK confirming the

4    arbitration award;

5        2.    For judgment against counter-defendant MARTHA CARMACK in the amount of

6    the arbitration award;

7        3    That CHASE recover its costs and attorney's fees as provided by contract;

8        4.    For any other and further relief the Court deems proper.

9    Dated: July 9, 2007                    ROPERS, MAJESKI, KOHN & BENTLEY

10

11                                By:_____

12                                    GEORGE G. WEICKHARDT
                                     PAMELA J. ZANGER
13                                   Attorneys for Defendant
                                     CHASE BANK USA, N.A., formerly
14                                   known as CHASE MANHATTAN BANK
                                     USA, N.A. and erroneously sued herein as
15                                   THE CHASE MANHATTAN BANK

16

17

18

19

20

21

22

23

24

25

26

27

28

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

1    **CASE NAME:**    **Martha Carmack v. The Chase Manhattan Bank**

2    **ACTION NO.:**    **C07 2124 WHA — U.S. District Court, Northern District of California**

3                                     **PROOF OF SERVICE**

4        I am a citizen of the United States. My business address is 201 Spear Street, Suite 1000,
San Francisco, CA  94105.  I am employed in the County of San Francisco where this service

5    occurs.  I am over the age of 18 years, and not a party to the within cause.  I am readily familiar
with my employer's normal business practice for collection and processing of correspondence for

6    mailing with the U.S. Postal Service, and that practice is that correspondence is deposited with
the U.S. Postal Service the same day as the day of collection in the ordinary course of business.

7        On the date set forth below, following ordinary business practice, I served a true copy of
the foregoing document(s) described as:  **CHASE BANK USA, N.A.'S COUNTERCLAIM**

8

9    ☐    (BY FAX) by transmitting via facsimile the document(s) listed above to the fax
number(s) set forth below, or as stated on the attached service list, on this date
before 5:00 p.m.

10

11   ☒    (BY MAIL) I caused such envelope(s) with postage thereon fully prepaid to be
placed in the United States mail at Redwood City, California.

12   ☐    (BY PERSONAL SERVICE) I caused such envelope(s) to be delivered by hand
this date to the offices of the addressee(s).

13   ☐    (BY OVERNIGHT DELIVERY) I caused such envelope(s) to be delivered to an
overnight delivery carrier with delivery fees provided for, addressed to the

14   person(s) on whom it is to be served.

15

16   **Plaintiff *In Pro Per***

17   Martha Carmack
1536 Pershing Drive, Apt. D
San Francisco, CA  94129

18   Tel.: (415) 831-4485

19

20   ☒    *(Federal)* I declare that I am employed in the office of a member of the bar of
this court at whose direction the service was made.

21

22       Executed on July 9, 2007, at San Francisco, California.

23                                                          Charles D. Brown

24

25

26

27

28

*Ropers Majeski Kohn & Bentley*
*A Professional Corporation*
*San Francisco*

DEFENDANT CHASE BANK USA, N.A.'S
COUNTERCLAIM; CASE NO. C 07 03464 MEJ

# Exhibit A

ATTORNEYS AT LAW

M. DOUGLAS MANN (GA)
W. CHRISTOPHER BRACKEN, III (GA)
JAMES D. BRANTON (GA)
PAUL J. GALLO (AL, GA)
SCOTT A. KRAMER (MD, DC)
MICHAEL CHABROW (MD, DC)
ANDREW S. LERNER (MS,DC,MA,WV)
W. CHRISTOPHER BRACKEN, IV (VA,DC)
JOSEPH COOLING (GA)
GREGORY B. WALZ (MD,DC)
KEITH D. TAYLOR (GA)
AHMAD S. WASHINGTON (NC,SC)
KAREN D. WASHINGTON (SC)
NICHOLAS H. ADLER (NY,TN)
WENDI E. FASSBENDER (MD,DC)
KRISTIAN KNOCHEL (FL,GA)
OF COUNSEL
DEKELBAUM, OGENS & RAFTERY CHARTERED

# MB
## MANN BRACKEN, LLC

FIRM HEADQUARTERS SERVING
NATIONAL ARBITRATION &
GA LITIGATION
ONE PACES WEST, SUITE 1400
2727 PACES FERRY ROAD
ATLANTA, GA 30339
TOLL: (888) 232-8439
MAIN: (678) 801-2352

MID-ATLANTIC OFFICE SERVING
LITIGATION & ARBITRATION
VD, MD, DC, WV
1953 GALLOWS ROAD, SUITE 240
VIENNA, VA 22182
TOLL: (800) 506-7573

CAROLINA OFFICE SERVING
LITIGATION & ARBITRATION
NC, SC
227 WEST TRADE STREET, SUITE 1610
CHARLOTTE, NC 28202
TOLL: (877) 899-2065
MAIN: (704) 837-0421
FAX: (704) 837-0569

TENNESSEE OFFICE SERVING
LITIGATION & ARBITRATION
TN
209 10th AVENUE S., SUITE 532
NASHVILLE, TN 37203
TOLL: (877) 275-8878
MAIN: (615) 296-9337
FAX: (615) 296-9354

FACMILE:
(678) 801-2355
(800) 417-9167

September 19, 2006

Martha Carmack
1536 PERSHING DR APT D
SAN FRANCISCO, CA 94129

RE:  **ENCLOSED ARBITRATION CLAIM FORM &**
**OFFER OF COMPROMISE FOR 75% OF YOUR BALANCE**

|  |  |
|---|---|
| Our Client: | Chase Bank USA, N.A. |
| Account Number: | 5222763110716176 |
| Our File No.: | 60697470 |

Dear Martha Carmack:

We regret to have found it necessary to file the enclosed claim with the National Arbitration Forum in order to enforce the above-referenced claim of our client, Chase Bank USA, N.A. Although we have been unable to gain your assistance in reaching an amicable resolution of this matter, it is still possible to conclude this affair without the necessity of proceeding through the full arbitration process. *We would like to offer you the opportunity to settle your account for 75% of your principal balance of $12794.96.* We are still open to discussing with you suitable arrangements to satisfy your obligation to our client before this matter is presented to an Arbitrator for final disposition.

If you would like to arrange for a settlement of this claim, please contact us at 1 (800) 817-3214 during our hours of operation referenced below.

Sincerely,
MANN BRACKEN, LLC

By: James D. Branton

**This communication is an attempt to collect a debt and any information obtained will be used for that purpose**

Mann Bracken, LLC Hours of Operation:
Monday through Thursday, 8:00 AM - 9:00 PM (EST)
Friday, 8:00 AM - 5:00 PM (EST)
Saturday, 8:00 AM - 12:00 PM (EST)

IN THE

NATIONAL ARBITRATION FORUM

CLAIM

Chase Bank USA, N.A.,
C/O Mann Bracken, LLC
One Paces West, Suite 1400
2727 Paces Ferry Road
Atlanta, GA 30339
USA

       CLAIMANT,

       RE:  Chase Bank USA, N.A. v Martha Carmack
       Forum File Number:  FA0609000798680
       Account No.:  5222763110716176

Martha Carmack,

1536 PERSHING DR APT D

SAN FRANCISCO, CA 94129

USA

       RESPONDENT(S)

---

**RESPONDENT(S): THIS IS AN ARBITRATION CLAIM AGAINST YOU FOR MONEY OR OTHER RELIEF. YOU HAVE THIRTY (30) DAYS TO SERVE THE CLAIMANT WITH A WRITTEN RESPONSE. IF YOU DO NOT SERVE THE CLAIMANT AND FILE WITH THE NATIONAL ARBITRATION FORUM A WRITTEN RESPONSE, AN AWARD MAY BE ENTERED AGAINST YOU.**

COMES NOW, Claimant, Chase Bank USA, N.A. (hereinafter, "Claimant"), and states its claim against Respondent and shows this honorable Forum the following:

1.  Respondent is in breach of the Credit Card Cardmember Agreement, (hereinafter, "Agreement"), to which Claimant succeeds as Obligee following the transfer of all equitable and legal right, title and interest therein from the original Obligee, Chase. The material provisions of the Agreement and amendments thereto are quoted below. Counsel for Claimant will provide exemplar agreements or amendments via email or regular mail upon request.

2.  Respondent's breach arises from his/her failure to honor the payment terms of the Agreement. Revolving credit was extended to Respondent in reliance upon the terms of the Agreement. The debt, which is the subject of the instant Claim, arises from revolving credit extended to Respondent in the form of credit card account number 5222763110716176.

3.  Respondent(s) continuing default under the terms of the Agreement has resulted in a present principal debt on account due and owing to Claimant in the amount of $12794.96, as reflected in the attached account summary, plus interest accrued through the date of filing in the total amount of $505.51. Interest continues to accrue upon the principal balance due at the rate of 10.25%. The foregoing interest rate is the pre-judgement legal rate of interest authorized by the state law governing the Agreement (as quoted immediately below), to wit, the law of the State of Delaware:

**GOVERNING LAW:** This Agreement is governed by the laws of the United States of America and the State of Delaware. Any dispute concerning any item in this Agreement will be resolved by those laws.

Submitted for the convenience of the tribunal is a true and correct copy of the relevant statute, 6 Del. C. § 2301, appended hereto as Exhibit "A".

4.  This account was declared as a bad debt on 2006-04-30 at which point it was 210 days delinquent. The date of the last payment received on the account was 2005-09-06. Despite repeated attempts by Claimant and claimant's counsel and/or agents to resolve this claim short of resort to the remedy sought herein, Respondent(s) has/have not paid the amounts due or otherwise made provision for an accord and satisfaction of the claim at bar.

5.  Claimant proceeds herein pursuant to the following provision of the Agreement, as amended:

**ARBITRATION AGREEMENT**

IT IS IMPORTATNT THAT YOU READ THIS AGREEMENT CAREFULLY. IT PROVIDES THAT YOU MAY BE REQUIRED TO SETTLE A CLAIM OR DISPUTE THAT IS COVERED BY THIS ARBITRATION AGREEMENT THROUGH ARBITRATION, EVEN IF YOU WOULD PREFER TO LITIGATE THE CLAIM IN A COURT. YOU ARE GIVING UP RIGHTS YOU MIGHT HAVE TO LITIGATE SUCH CLAIMS IN A COURT OR BEFORE A JURY OR TO PARTICIPATE IN A CLASS ACTION LAWSUIT OR OTHER REPRESENTATIVE ACTION WITH RESPECT TO SUCH A CLAIM. OTHER RIGHTS THAT YOU WOULD HAVE IF YOU WENT TO COURT, SUCH AS DISCOVERY OR THE RIGHT TO APPEAL THE DECISION, MAY NOT BE AVAILABLE IN ARBITRATION OR MAY BE MORE LIMITED. CERTAIN CLAIMS BY EITHER OF US AGAINST THE OTHER SEEKING UP TO $25,000, EXCLUDING INTEREST COSTS AND FEES, MAY BE RESOLVED BY LITIGATION AND NOT ARBITRATION.

Binding Arbitration: This Arbitration Agreement is made pursuant to a transaction involving interstate commerce, and shall be governed by and be enforceable under the Federal Arbitration Act (the "FAA"), 9 U.S.C. §1-16 as it may be amended. This Arbitration Agreement sets forth the circumstances and procedures under which claims (as defined below) may be resolved by arbitration instead of being litigated in court.

Claims Covered. Any claim or dispute ("Claim", which term may refer to more than one claim as is appropriate for the context in which it is used) by either you or us against the other, or against the employees, agents, or assigns of the other arising from or relating in any way to the Cardmember Agreement, any prior Cardmember Agreement, your credit card Account or the advertising, application or approval of your Account, will, at the election of either you or us, be resolved by binding arbitration. This Arbitration Agreement governs all Claims, whether such Claims are based on law, statute, contract, regulation, ordinance, tort, common law, constitutional provision, or any legal theory of law such as respondent superior, or any other legal or equitable ground and whether such Claims seek as remedies money damages, penalties, injunctions, or declaratory or equitable relief.

Claims subject to this Arbitration Agreement include Claims regarding the applicability of this Arbitration Agreement or the validity of the entire Cardmember Agreement or any prior Cardmember Agreement. As used in this Arbitration Agreement, the term "Claim" is to be given the broadest possible meaning. Notwithstanding the foregoing, a Claim may be resolved by litigation and it not subject to arbitration under this Arbitration Agreement if (1) the only remedy that will be sought by either of the parties is monetary damages; (2) neither party will be seek recovery in excess of $25,000, excluding interest, costs and fees; and (3) the only parties to the litigation will be you and us. If one party wants a Claim to be resolved by arbitration, but the other party believes the Claim may be litigated subject to this small claims exception, the party seeking arbitration may require reasonable assurance from the other party that the conditions are true and that the party wishing to resolve the Claim by litigation will take no action now or in the future to change the nature of the Claim so that it would no longer meet the conditions of this small claims exception. If such reasonable assurance is not provided, the party seeking such assurance may require the Claim to be resolved by arbitration.

As used in this Arbitration Agreement, the term "Claims" includes claims that arose in the past, or arise in the present or the future. If a party elects to arbitrate a Claim, the arbitration will be conducted as an individual action. The only Claims that may be joined in an individual action under this Arbitration Agreement are (1) those brought by us against you and any co-applicant, joint cardmember, or authorized user of your Account, or your heirs or your trustee in bankruptcy or (2) those brought by you and any co-applicant, joint cardmember, or authorized user of your Account, or your heirs or your trustee in bankruptcy against us. This means that even if a class action lawsuit or other representative action, such as those in the form of a private attorney general action, is filed, any Claim between us related to the issues raised in such lawsuits will be subject to arbitration if you or we so elect. Claims subject to arbitration include Claims that are made as counterclaims, cross-claims, third-party claims, interpleaders or otherwise, and a party who initiates a proceeding in court may elect arbitration with respect to any such Claims advanced in the lawsuit by any party or parties.

For the purpose of this Arbitration Agreement, "we" and "us" means Chase Manhattan Bank USA, N.A., its parent, subsidiaries, affiliates, licensees, predecessors, successors, assigns, and any purchaser of your Account, and all of their officers, directors, employees, agents, and assigns or any and all of them. Additionally, "we" or "us" shall mean any third party providing benefits, services, or products in connection with the Account (including but not limited to credit bureaus, merchants that accept any credit device issued under the Account, rewards programs and enrollment services, credit insurance companies, debt collectors, and all of their officers, directors, employees, agents and representatives) if, and only if, such a third party is named by you as a co-defendant in any Claim you assert against us.

Initiation of Arbitration. The party filing an arbitration must choose one of the following three arbitration administrators: American Arbitration Association; JAMS; or National Arbitration Forum. However, if we elect an administrator, you will have ten days after receiving notice of our election to request that the arbitration be conducted pursuant to rules of one of the other two arbitration administrators. To exercise your choice, you must notify us of your choice by writing us at P.O. Box 15933, Wilmington, DE 19850-5933. Send us a copy of the notice you received and state which of the other two arbitration administrators you choose. These administrators are independent from us. The administrator does not conduct the arbitration. Arbitration is conducted under the rules of the selected administrator by an impartial third party chosen in accordance with this Arbitration Agreement and rules of the selected administrator. Any arbitration hearing that you attend shall be held at a place chosen by the arbitrator or arbitration administrator within the federal judicial district in which you reside at the time the Claim is filed, or at some other place to which you and we agree in writing. You may obtain copies of the current rules of each of the three arbitration administrators, information about arbitration and arbitration fees, and instructions for, initiating arbitration by contacting the arbitration administrators:

American Arbitration Association
335 Madison Avenue, Floor 10
New York, NY 10017-4605
Web site: www.adr.org, 800-778-7879

JAMS
1920 Main Street, Suite 300
Irvine, CA 92610
Web site: www.jamsadr.com
800-352-5267

National Arbitration Forum
P.O. Box 50191
Minneapolis, MN 55405
Web site: www.arbitration-forum.com
800-474-2371

**Procedures and law applicable in arbitration.** A single, neutral arbitrator will resolve Claims. The arbitrator will either be a lawyer with at least ten years experience or a retired or former judge. The arbitrator will be selected in accordance with the rules of the arbitration administrator. The arbitration will be conducted under the applicable procedures and rules of the arbitration administrator that are in effect on the date the arbitration is filed unless those procedures and rules are inconsistent with this Arbitration Agreement, in which case this Agreement will prevail. These procedures and rules may limit the amount of discovery available to you or us. The arbitrator will apply applicable substantive law consistent with the FAA and applicable statutes of limitations, and will honor claims of privilege recognized at law. You may choose to have a hearing and be represented by counsel. The arbitrator will take reasonable steps to protect customer Account information and other confidential information, including the use of protective orders to prohibit disclosure outside the arbitration, if requested to do so by you or us. The arbitrator will have the power to award to a party any damages or other relief provided for under applicable law, and will not have the power to award relief to, against, or for the benefit of any person who is not a party to the proceeding. The arbitrator may award punitive damages or attorney fees, if such damages are authorized by law. The arbitrator will make any award in writing but need not provide a statement of reasons unless requested by a party. Upon request by you or us, the arbitrator will provide a brief statement of the reasons for the award.

**Costs.** At your written request, we will advance any reasonable arbitration filing fee, or administrative and hearing fees that you are required to pay to pursue a Claim in arbitration up to the amount of $500. We will reimburse you for the initial fee if you paid it and you prevail on your Claim. If there is a hearing, we will pay any fees of the arbitrator and arbitration administrator for the first two days of that hearing. All other fees will be allocated in keeping with the rules of the arbitration administrator and applicable law. However, we will advance or reimburse filing fees and other fees if the arbitration administrator or arbitrator determines there is good reason for requiring us to do so or you ask us and we determine there is good cause for doing so. Each party will bear the expense of the fees and costs of that party's attorneys, experts, witnesses, documents and other expenses, regardless of which party prevails, for arbitration and any appeal (as permitted below), except that the arbitrator shall apply any applicable law in determining whether a party should recover any and all fess and costs from another party.

**Enforcement, finality, appeals.** You or we may bring an action including a summary or expedited motion to compel arbitration of Claims subject to arbitration, or to stay the litigation of any Claims pending arbitration, in any court having jurisdiction. Such

action may be brought at any time, even if any such Claims are part of a lawsuit. Failure or forbearance to enforce this Arbitration Agreement at any particular time, or in connection with any particular Claims, will not constitute a waiver of any rights to require arbitration at a later time or in connection with any other Claims. Any additional or different agreement between you and us regarding arbitration must be in writing. The arbitrator's decision will be final and binding, except for any right of appeal under FAA. In addition, the non-prevailing party may appeal any award that exceeds $100,000 or that includes an award of punitive damages. Any request for an appeal must be filed in writing with the same arbitration administrator within 30 days of the receipt by the non-prevailing party of notice of the original award. The appeal shall be heard before a panel of three neutral arbitrators designated by the same arbitration administrator. The panel will consider all factual and legal issues anew, follow the same rules that apply to a proceeding using a single arbitrator, and make decisions based on the majority vote. The cost of the appeal imposed by the arbitration administrator shall be borne by the appealing party. An award in arbitration will be enforceable as provided by the FAA or other applicable law by any court having jurisdiction.

Severability, survival. This Arbitration Agreement shall survive: (i) termination or changes in the Cardmember Agreement, the Account and the relationship between you and us concerning the Account, such as the issuing of a new account number or the transferring of the balance in the Account to another account.; (ii) the bankruptcy of any party and (iii) any transfer, sale, or assignment of your Account, or any amounts owed on your Account, to any other person. If any portion of this Arbitration Agreement is deemed invalid or unenforceable, the remaining portions shall nevertheless remain in force.

6.  Submitted for the convenience of the tribunal are true and correct copies of the relevant statutes, to wit, 10 Del. C. § 3912, appended hereto as Exhibit "B" and 5 Del. C. § 951, appended hereto as Exhibit "C".

    - Attorney's Fees;
    - Costs of Arbitration: (i) A Filing Fee of $35 already incurred by Claimant; (ii) a Commencement Fee as may be incurred; (iii) any Administrative Fees as may be incurred; (iv) any other or further Fees as may be incurred in the course of these proceedings;
    - Expenses incurred by the Claimant in serving the Respondent with this Claim.

WHEREFORE, Claimant respectfully requests the issuance of an AWARD in its favor as follows:

    - In the amount of $12794.96 for the principal amount of debt due and owing from Respondent to Claimant;
    - In the amount of $505.51 for interest accrued on said principal amount through the date of this filing;
    - For prejudgment interest at the legal rate of 10.25% from the date of this filing through the issuance of Award;
    - Attorney's Fees of $1279.5;
    - All costs of Arbitration as may be incurred by Claimant in the course of these proceedings;
    - Service expenses as incurred in serving this Claim upon Respondent;
    - Any other or further relief that this honorable Forum deems appropriate.

The undersigned asserts, under penalty of perjury, that the information contained in this Claim and the supporting documents attached hereto are true and correct.

RESPONDENT(S) MUST SEND A WRITTEN RESPONSE TO THE NATIONAL ARBITRATION FORUM, WITH A COPY TO THE CLAIMANT, WITHIN 30 DAYS OR AN AWARD MAY BE ENTERED IN FAVOR OF THE CLAIMANT.

James D. Branton, Esq.
for the Claimant


Claimant Contact:
Mann Bracken, LLC
Attention: James D. Branton, Esq.
One Paces West, Suite 1400
2727 Paces Ferry Road
Atlanta, GA 30339
1-800-817-3214
arbitration@mannbracken.com

SUMMARY OF ACCOUNT INFORMATION

09/19/2006 - Martha Carmack

ACCOUNT STATUS REPORT

Date Filed:              09/19/2006

Account Number:          5222763110716176

Primary Account Holder:  Martha Carmack

Address:                 1536 Pershing Dr Apt D

                         San Francisco, CA 94129

Home Phone:              0000000000

Work Phone:              0000000000

Secondary Account Holder:

Address:


Home Phone:

Work Phone:

Principal Balance:       $12794.96

Interest Rate:           10.25%

Last Payment:  09/06/2005

INFORMATION DRAWN FROM ACCOUNT RECORDS AND CURRENT AS OF THE DATE FILED

NOTICE OF ARBITRATION

Dear Respondent,

AN ARBITRATION CLAIM HAS BEEN FILED AGAINST YOU.

Enclosed and served upon you is the Initial Claim. You may obtain a copy of the Code of Procedure, without cost, from the Claimant or from the Forum at WWW.ARBITRATION-FORUM.COM or 800/474-2371.

IF YOU DO NOT SERVE THE CLAIMANT AND FILE WITH THE FORUM A WRITTEN RESPONSE, AN AWARD MAY BE ENTERED AGAINST YOU. AN ARBITRATION AWARD MAY BE ENFORCED IN COURT AS A CIVIL JUDGMENT.

YOU HAVE THIRTY (30) DAYS TO RESPOND FROM RECEIPT OF SERVICE.

You have a number of options at this time. You may:

1. *Submit a written Response to the Claim,* stating your reply and defenses to the Claim, together with documents supporting your position. Your Response must be delivered to the Claimant and filed with the Forum. Read National Arbitration Forum [NAF] Code of Procedure Rules 13 and 6C.
   Proof of delivery of the Response on the Claimant must also be filed with the Forum. Read NAF Rules 2A, 2M, and 2AA. Proof of delivery can be a statement: "Respondent, under penalty of perjury, states that the Response was delivered to Claimant by [explain how delivered, such as mail or other methods in NAF Rule 6C]".

   A Counter Claim, Cross-claim or Third Party Claim must also be delivered and filed with the Forum, and accompanied by the fee as provided in the Fee Schedule. Read NAF Rules 14, 15, and 16. Forms for such Response and Claims may be obtained from the Forum.

   If you fail to respond in writing to the Claim, an Award may be entered against you and in favor of the Claimant.

2. *Select a Document Hearing or a Participatory Hearing.* You may request a Hearing in your Response or in a separate writing. You may select a Document or Participatory Hearing, and you may also request a Hearing on-line or by telephone. If an In-person Participatory Hearing is selected, it will be held in the federal Judicial District where you reside or do business, unless you have agreed otherwise. Your written Request for a Hearing must be filed with the Forum. You must also deliver a copy of your Request to the Claimant and any other Parties. Read NAF Rules 25 and 26.

3. *Have other options.* You may seek the advice of an attorney or any person who may assist you regarding this arbitration. You should seek this advice promptly so that your Response can be delivered and filed within the time required by the Code of Procedure. Read NAF Rule 5 for a Summary of Arbitration Procedures. If you have any questions about responding, you may contact the Forum.

The Forum is an independent and impartial arbitration organization, which does not give legal advice or represent parties. THIS SUMMARY IS NOT A SUBSTITUTE FOR READING AND UNDERSTANDING

THE CODE OF PROCEDURE WHICH GOVERNS THIS ARBITRATION.

National Arbitration Forum
P.O. Box 50191
Minneapolis, MN USA 55405-0191
(952)516-6400 (800)474-2371
info@arb-forum.com
ARBITRATION-FORUM.com

INDEX OF EXHIBITS

A.
6 Del. Code § 2301

B.
10 Del. Code § 3912

C.
5 Del. Code § 951

EXHIBIT A

Delaware Code : TITLE 6 Commerce and Trade : SUBTITLE II Other Laws Relating to Commerce and Trade : **CHAPTER 23. INTEREST** : § 2301. Legal rate; loans insured by Federal Housing Administration.

1. Any lender may charge and collect from a borrower interest at any rate agreed upon in writing not in excess of 5% over the Federal Reserve discount rate including any surcharge thereon, and judgments entered after May 13, 1980, shall bear interest at the rate in the contract sued upon. Where there is no expressed contract rate, the legal rate of interest shall be 5% over the Federal Reserve discount rate including any surcharge as of the time from which interest is due; provided, that where the time from which interest is due predates April 18, 1980, the legal rate shall remain as it was at such time.

2. If the rate of interest specifically set forth in any bond, note or other evidence of indebtedness, exclusive of other charges, fees or discounts authorized or permitted under federal law or under any rule or regulation promulgated pursuant thereto, does not exceed the lawful rate prescribed in subsection (a) of this section, no person shall, by way of defense or otherwise, avail himself/herself of any of the provisions of this chapter, to avoid or defeat the payment of any interest or any such charges, fees or discounts, which any such person shall have contracted to pay in respect of any loan insured by the Federal Housing Administration, or the Commissioner thereof, under or pursuant to the provisions of the National Housing Act [12 U.S.C. § 1701 et seq.], approved June 27, 1934, and amendments thereto, or guaranteed by the Veterans Administration, or the administrator thereof, under and pursuant to Title 38 of the United States Code [38 U.S.C. § 3701 et seq.], and amendments thereto; nor shall anything contained in this chapter be construed to prevent recovery of any such interest or any such charges, fees or discounts from any person who shall have contracted to pay the same.

3. Notwithstanding any other provision in this chapter to the contrary, there shall be no limitation on the rate of interest which may be legally charged for the loan or use of money, where the amount of money loaned or used exceeds $100,000, and where repayment thereof is not secured by a mortgage against the principal residence of any borrower.

4. In any tort action for compensatory damages in the Superior Court or the Court of Common Pleas seeking monetary relief for bodily injuries, death or property damage, interest shall be added to any final judgment entered for damages awarded, calculated at the rate established in subsection (a) of this section, commencing from the date of injury, provided that prior to trial the plaintiff had extended to defendant a written settlement demand valid for a minimum of 30 days in an amount less than the amount of damages upon which the judgment was entered.

(Code 1852, § 1160; 16 Del. Laws, c. 310, § 1; Code 1915, § 2621; 28 Del. Laws, c. 213; Code 1935, § 3101; 6 Del. C. 1953, § 2301; 52 Del. Laws, c. 277; 56 Del. Laws, c. 288, §§ 1-4; 57 Del. Laws, c. 78, § 1; 57 Del. Laws, c. 311; 59 Del. Laws, c. 439, § 1; 59 Del. Laws, c. 589, § 1; 62 Del. Laws, c. 228, § 7; 62 Del. Laws, c. 239, § 1; 70 Del. Laws, c. 186, § 1; 72 Del. Laws, c. 443, § 1.)

EXHIBIT B

Delaware Code : TITLE 10 Courts and Judicial Procedure : PART III Procedure : **CHAPTER 39. PLEADING AND PRACTICE** : **§ 3912. Counsel fees; recovering in actions on written instruments.**

In all causes of action, suits, matters or proceedings brought for the enforcement of any note, bond, mechanics lien, mortgage, invoice or other instrument of writing, if the plaintiff or lien holder in the action, suit or proceeding recovers judgment in any sum, the plaintiff or lien holder may also recover reasonable counsel fees, which shall be entered as a part of the judgment in the action, suit or proceeding. Such counsel fees shall not in any such action, suit or proceeding, exceed 20 percent of the amount adjudged for principal and interest. Such counsel fees shall not be entered as a part of such judgment unless the note, bond, mortgage, invoice or other instrument of writing sued upon, by the terms thereof, expressly provides for the payment and allowance thereof, except in the cases of mechanics liens in which no express agreement shall be necessary in order to entitle the lien holder to reasonable counsel fees.

(27 Del. Laws, c. 286; Code 1915, § 4204; 38 Del. Laws, c. 202, § 1; Code 1935, § 4682; 10 Del. C. 1953, § 3912; 68 Del. Laws, c. 63, § 1; 70 Del. Laws, c. 186, § 1.)

EXHIBIT C

Delaware Code : TITLE 5  Banking : PART II Banks and Trust Companies : **CHAPTER 9. REGULATIONS GOVERNING BUSINESS OF BANKS AND TRUST COMPANIES : Subchapter II. Bank Revolving Credit : § 951. Attorney's fees; costs.**

In the event a borrower defaults under the terms of a plan, the bank may, if the borrower's account is referred to an attorney (not a regularly salaried employee of the bank) or to a third party for collection and if the agreement governing the revolving credit plan so provides, charge and collect from the borrower a reasonable attorney's fee. In addition, following a borrower's default, the bank may, if the agreement governing the plan so provides, recover from the borrower all court, alternative dispute resolution or other collection costs (including, without limitation, fees and charges of collection agencies) actually incurred by the bank.

(63 Del. Laws, c. 2, § 4; 66 Del. Laws, c. 283, § 10; 72 Del. Laws, c. 15, § 11.)

# Exhibit B

### NATIONAL ARBITRATION
# FORUM

Chase Bank USA, N.A.
c/o Mann Bracken, LLC
2727 Paces Ferry Road
One Paces West, 14th Floor
Atlanta, GA 30339

**CLAIMANT(s),**

**AWARD**

RE:     **Chase Bank USA, N.A. v Martha Carmack**
        **File Number: FA0609000798680**
        **Claimant Account Number: 5222763110716176**

Martha Carmack
1536 Pershing Dr Apt D
San Francisco, CA 94129

**RESPONDENT(s).**

The undersigned Arbitrator in this case FINDS and CONCLUDES:

### Case Summary

1.  The Claimant has filed a Claim with the National Arbitration Forum.
2.  After Proof of Service of the Claim was filed with the Forum, where no Response has been filed, the Forum mailed to Respondent a Second Notice of Arbitration.
3.  The Respondent filed a Response with the Forum that was deficient pursuant to Rule 6 of the Code of Procedure.
4.  An arbitration hearing notice was duly delivered to the Parties as required by the Forum Rules.
5.  The Parties have had the opportunity to present all evidence and information to the Arbitrator.
6.  The Arbitrator has reviewed all evidence submitted in this case

### Decision

1.  The Arbitrator knows of no conflict of interests that exist.
2.  This matter involves interstate commerce and the Federal Arbitration Act governs this arbitration.
3.  The Claim was properly served on the Respondent by Claimant in accordance with Rule 6, including a Notice of Arbitration.
4.  On or before 09/18/2006 the Parties entered into a written agreement to arbitrate their dispute.
5.  The Parties' Arbitration Agreement is valid and enforceable and governs all the issues in dispute.
6.  This matter is arbitrable under the terms of the Parties' Arbitration Agreement and the law.
7.  The matter has proceeded in accord with the applicable Forum Code of Procedure Rules.
8.  The evidence submitted supports the issuance of this Award.
9.  The applicable substantive law supports the issuance of this Award.

**Therefore, the Arbitrator ISSUES:**
An Award in favor of the Claimant, for a total amount of $15,012.57.

Entered and Affirmed in the State of California

Ronald H. Kahn, Esq.
Arbitrator

Date: 01/03/2007

**ACKNOWLEDGEMENT AND CERTIFICATE
OF SERVICE**
This Award was duly entered and the Forum hereby certifies that pursuant to the Parties' Arbitration Agreement, a copy of this Award was sent by first class mail postage prepaid to the Parties at the above referenced addresses, or their Representatives, on this date.

Honorable Harold Kahn, Ret.
Director

Date 01/04/2007