IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARTHA CARMACK,

      Plaintiff,

  v.

CHASE MANHATTAN BANK,

      Defendant.
_____/

No. C 07-03464 CW

CASE MANAGEMENT SCHEDULING ORDER FOR REASSIGNED CIVIL CASE

This action having been reassigned to the undersigned judge,

IT IS HEREBY ORDERED that a Case Management Conference will be held on **October 23, 2007, at 2:00 p.m.** in Courtroom 2, 4th Floor, 1301 Clay Street, Oakland, CA 94612. Pursuant to Civil L.R. 16-9(a), a joint Case Management Statement will be due seven (7) days prior to the conference (see Appendix A to Civil Local Rules).

If the conference is inconveniently scheduled, it may be rescheduled by agreement of all parties to another date or time convenient to the Court's calendar.

At the conclusion of the conference, an order will be entered setting dates either for a further case management conference, or for close of discovery, pretrial conference, and trial. Other orders

1  regulating and controlling future proceedings may be entered.

2  **Removing Defendant shall serve copies of this Order at once on**
3  **all parties to this action, and on any parties subsequently joined,**
4  **in accordance with Fed. R. Civ. P. 4 and 5.**  Following service,
5  Removing Defendant shall file a certificate of service with the Clerk
6  of this Court.

7  <u>FAILURE TO COMPLY WITH THIS ORDER</u> may be deemed sufficient
8  grounds for dismissal of this cause, default or other appropriate
9  sanctions.  <u>See</u> Fed. R. Civ. P. 16(f).

10  See attached for standard procedures.

11  IT IS SO ORDERED.

13  Dated: 7/13/07

_____
CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE

## NOTICE

**Case Management Conferences and Pretrial Conferences** are conducted on **Tuesdays** at 2:00 p.m.  **Criminal Law and Motion** calendar is conducted on **Wednesdays** at 2:00 p.m. for defendants in custody and 2:30 p.m. for defendants not in custody.  **Civil Law and Motion** calendar is conducted on **Thursdays** at 2:00 p.m.  Order of call is determined by the Court.  Counsel need not reserve a hearing date for civil motions; however, counsel are advised to check the legal newspapers or the Court's website at www.cand.uscourts.gov for unavailable dates.

Motions for Summary Judgment:  All issues shall be contained within one motion of 25 pages or less, made on 35 days notice.  (See Civil L.R. 7-2).  Separate statements of undisputed facts in support of or in opposition to motions for summary judgment will not be considered by the Court.  (See Civil Local Rule 56-2(a)).  The motion and opposition should include a statement of facts supported by citations to the declarations filed with respect to the motion.  Evidentiary and procedural objections shall be contained within the motion, opposition or reply; separate motions to strike will not be considered by the Court.  Any cross-motion shall be contained within the opposition to any motion for summary judgment, shall contain 25 pages or less, and shall be filed 21 days before the hearing.  The reply to a motion may contain up to 15 pages, shall include the opposition to any cross-motion, and shall be filed 14 days before the hearing.  (See Civil Local Rule 7-3).  The Court may, *sua sponte* or pursuant to a motion under Civil L.R. 6-3, reschedule the hearing so as to give a moving party time to file a reply to any cross-motion.

All DISCOVERY MOTIONS are referred to a Magistrate Judge to be heard and considered at the convenience of his/her calendar. All such matters shall be noticed by the moving party for hearing on the assigned Magistrate Judge's regular law and motion calendar, or pursuant to that Judge's procedures.

(rev. 3/9/07)

**STANDING ORDER FOR ALL JUDGES OF THE NORTHERN DISTRICT OF CALIFORNIA**

**CONTENTS OF JOINT CASE MANAGEMENT STATEMENT**

Commencing March 1, 2007, all judges of the Northern District of California require the identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9. The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1.  <u>Jurisdiction and Service</u>:  The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

2.  <u>Facts</u>: A brief chronology of the facts and a statement of the principal factual issues in dispute.

3.  <u>Legal Issues</u>: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

4.  <u>Motions</u>: All prior and pending motions, their current status, and any anticipated motions.

5.  <u>Amendment of Pleadings</u>: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

6.  <u>Evidence Preservation</u>: Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

7.  <u>Disclosures</u>: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.

8.  <u>Discovery</u>: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).

9.  <u>Class Actions</u>: If a class action, a proposal for how and when the class will be certified.

10. <u>Related Cases</u>: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11. <u>Relief</u>: All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

12. <u>Settlement and ADR</u>: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13. <u>Consent to Magistrate Judge For All Purposes</u>: Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

14. <u>Other References</u>: Whether the case is suitable for reference to binding arbitration, a special

1  master, or the Judicial Panel on Multidistrict Litigation.

2  15.    Narrowing of Issues: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any
3  request to bifurcate issues, claims, or defenses.

4  16.    Expedited Schedule: Whether this is the type of case that can be handled on an expedited basis with streamlined procedures.
5
   17.    Scheduling: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive
6  motions, pretrial conference and trial.

7  18.    Trial: Whether the case will be tried to a jury or to the court and the expected length of the trial.

8  19.    Disclosure of Non-party Interested Entities or Persons: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16.  **In addition**, each
9  party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the
10 party to have either:  (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the
11 proceeding.

12 20.    Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

CARMACK et al,

    Plaintiff,

v.

CHASE MANHATTAN BANK et al,

    Defendant.

Case Number: CV07-03464 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 13, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Martha Carmack
1536 Pershing Dr., Apt. D
San Francisco, CA 94129

George G. Weickhardt
Pamela J. Zanger
Ropers, Majeski, Kohn & Bentley
201 Spear St., 10th Fl.
San Francisco, CA 94105

Dated: July 13, 2007

    Richard W. Wieking, Clerk
    By: Sheilah Cahill, Deputy Clerk