1  GEORGE G. WEICKHARDT (SBN 58586)
   PAMELA J. ZANGER (SBN 168356)
2  ROPERS, MAJESKI, KOHN & BENTLEY PC
   201 Spear Street, Suite 1000
3  San Francisco, CA 94105
   Telephone:    (415) 543-4800
4  Facsimile:    (415) 972-6301
   Email:        pzanger@ropers.com
5
   Attorneys for Defendant
6  CHASE BANK USA, N.A., formerly known as CHASE
   MANHATTAN BANK USA, N.A. and erroneously sued
7  herein as THE CHASE MANHATTAN BANK

8  MARTHA CARMACK, *in propria persona*
   1536 Pershing Drive, Apt. D
9  San Francisco, CA 94129
   Tel.: (415) 831-4485
10

11              UNITED STATES DISTRICT COURT

12            NORTHERN DISTRICT OF CALIFORNIA

13               SAN FRANCISCO DIVISION

14

15  MARTHA CARMACK,                    CASE NO. C07 03464 WHA

16          Plaintiff,                 Related to Case No. C07 2124 WHA

17      v.
                                       **JOINT CASE MANAGEMENT
18  THE CHASE MANHATTAN BANK,          STATEMENT AND PROPOSED
                                       ORDER**
19          Defendant.
                                       Date:    October 14, 2007
20                                     Time:    11:00 a.m.
                                       Judge.:  Hon. William H. Alsup
21

22          The parties to the above-entitled action jointly submit this Case Management Statement

23  and Proposed Order and request the Court to adopt it as its Case Management Order in this case.

24                         DESCRIPTION OF CASE

25  I.    JURISDICTION AND SERVICE:

26          This action was filed in the Superior Court, State of California, City and County of San

27  Francisco. It was removed to this Court on the basis of federal question jurisdiction, in that it

28  alleges violations of the Truth in Lending Act, 15 U.S.C. §1601 et seq.

II.    A BRIEF DESCRIPTION OF THE FACTS UNDERLYING THE ACTION:

A.  Plaintiff's description of events:

I, Martha Carmack, disputed my Chase credit card account on September 25, 2005. Chase never replied to my inquiry. The defendant then filed a claim with the National Arbitration Forum and I objected to the claim because there was no agreement to arbitrate. NAF issued an award in favor of Chase. I filed a lawsuit against Chase to have the award vacated because there was no agreement to arbitrate. Chase's attorney filed to have the case removed to Federal Court and filed a counterclaim.

B.  Chase Bank USA, N.A.'s description of events:

This lawsuit is virtually identical to its related action, Carmack v. Chase, et al Case No. C07 2124 WHA, where, on August 3, 2007, Judge Alsup granted Chase's motion to confirm arbitration award. On August 31, 2007, Judgment was entered.

This lawsuit contains the same facts, the same law and the same legal contentions as the related action. Accordingly, collateral estoppel effectively disposes of all the issues in the present action.

This lawsuit is also virtually identical to 38 other lawsuits filed against Chase across the country in 2007, including 6 in California. It involves a "debt elimination" scheme marketed over the internet by a company titled "North American Educational Services" or "NAES". In a nutshell, by paying a fee, debtors obtain various "forms" utilized to dispute their debt, including form "dispute" letters, arbitration pleadings, and complaints like the one filed in this action.

In this case, Carmack applied for and was issued a Chase Manhattan Bank USA, N.A. credit card, which was governed by a cardmember agreement. By using the credit card, Carmack consented to the terms of the agreement, which included a mandatory binding arbitration provision for all disputes arising from use of the credit card.

Sometime prior to September 2005, Carmack became delinquent on the account. Around this same time Carmack sent a "form" letter, obtained from NAES, which disputed the delinquent account balance but clearly did not comply with Fair Credit Billing Act provisions for disputing a debt. Pursuant to the terms of the cardmember agreement, Chase filed an arbitration claim with

1  the National Arbitration Forum ("NAF"). Carmack then filed a "form" response to the NAF

2  claim. There was a documentary hearing on the claim and on January 4, 2007 the arbitrator

3  issued an award in favor of Chase in the amount of $15,012.57.

4  As with all the other cases, Carmack filed a "form" complaint and a petition to vacate

5  arbitration award in San Francisco Superior Court. Chase removed the action, and counter-

6  claimed for confirmation of the arbitration award.

7  Chase will bring a motion, pursuant to 9 U.S.C. section 9, to confirm the arbitration award

8  of $15,012.57, as it did in the related action.

9  III.    THE PRINCIPAL LEGAL ISSUES WHICH THE PARTIES DISPUTE:

10  A. Plaintiff's contentions

11  I, Martha Carmack, contend that the legal issue is whether there was an agreement to

12  arbitrate. Arbitration was not valid for various reasons.

13          1.    The original card member agreement had no arbitration clause.

14          2.    The original card member agreement had no provision to amend the

15  agreement.

16          3.    The plaintiff never received amendments to the original agreement.

17          4.    Without agreement Chase has no legal right to arbitrate a claim against

18  Plaintiff.

19  B. Chase's contentions

20  Chase contends that the legal issues are whether the arbitration award should be confirmed

21  and judgment entered in favor of Chase pursuant to Chase's description of the event in

22  section II.B. of this statement and the order dated August 3, 2007 in the related action.

23  Moreover, the arbitration provision was valid and enforceable for various reasons.

24          1.    An Agreement To Arbitrate Is Specifically Enforceable Under The Federal
                  Arbitration Act

25  The Arbitration Provision is governed by the Federal Arbitration Act (the "FAA"), 9

26  U.S.C. § 1 et seq., provides that "[a] written provision . . . in a contract evidencing a transaction

27  involving commerce to settle by arbitration an existing controversy arising out of such a

28

USDC NDCA No C07 2124 WHA        - 3 -    JOINT CASE MANAGEMENT STATEMENT AND
RC1/5010781 1/PJZ                          PROPOSED ORDER

contract . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." *Id.*, § 2.

2.    Plaintiff Agreed To Arbitrate The Claims Alleged In The Complaint

The Arbitration Section was contained in the amendment to Plaintiff's Credit Card Agreement with Chase, and Plaintiff agreed to be bound by amendments to the agreements. Moreover, the Arbitration Section fully embraces all the claims alleged in the arbitration claim.

3.    The Arbitration Section Was A Valid And Enforceable Part Of Plaintiff's Agreement With Chase Under California Law And Delaware Law

In determining the validity of an agreement to arbitrate, federal courts must apply ordinary state law principles that govern the formation of contracts. *Adams*, *supra*, 279 F.3d at 892. Whether California law or Delaware law is applied to determine if a contract has been formed between Chase and Plaintiff, the result is the same: a valid, enforceable contract has been formed, the Cardmember Agreement, and the Arbitration Section is enforceable.

California, moreover, has its own strong policy in favor of enforcing arbitration agreements. *Madden v. Kaiser Found. Hospitals*, 17 Cal. 3d 699, 706-707 (1976). There would thus be no public policy of California offended by enforcement of the arbitration provisions.

4.    The Arbitration Clause Accords Plaintiff Due Process and Is Not Unconscionable

a.    No Procedural Unconscionability

The clause was not procedurally unconscionable because plaintiff assented to the clause by using the subject credit card.

b.    No Substantive Unconscionability

The clause was not substantively unconscionable because it was mutual and was not unduly one-sided or oppressive.

5.    Plaintiff's Claims Falls Within The Scope Of The Arbitration Provision

In interpreting the language of an arbitration clause, "'any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration....'" *Matthews v. Rollins Huding Hall Co.*, 72 F 3d 50, 53 (7th Cir. 1995) [quoting *Moses H Cone*, 460 U.S. at 24-25]. "This is because

of the overriding federal policy favoring arbitration." *Matthews*, 72 F.3d at 53.  The scope of the

Arbitration Section is very broad as it governs all claims relating to use of the card or the terms of

the cardmember agreement.

IV.    MOTIONS

Chase has filed a counter-claim to confirm the arbitration award and intends to file a

motion to confirm the arbitration award, based on the grounds set forth in Chase's description of

events in section II.B. above and this Court's order granting of the motion to confirm arbitration

award in the related Carmack case – C07-2124 WHA.

V.    AMENDMENT OF PLEADINGS

The parties propose that all amendments be submitted by November 4, 2007.

VI.    EVIDENCE PRESERVATION

Chase has downloaded and printed all electronically stored material.

VII.    THE PARTIES CERTIFY THAT THEY HAVE MADE THE FOLLOWING
DISCLOSURES

A.  Chase served its Rule 26(a) initial disclosures on October 2, 2007

1.    Name And Address Of Each Individual Likely To Have Discoverable Information:

a.    Chase Bank USA, N.A.'s custodian of records relating to the disputed

credit card account issued in the name of Martha Carmack.  Address:

c/o Chase's counsel.

b.    Mann Bracken Law Firm. Address:  c/o Chase's counsel.

c.    Martha Carmack.  Address: 1536 Pershing Drive Apt D, San Francisco,

CA  94129.

d.    Any witnesses designated by any other party.

2.    Description By Category And Location Of All Documents In The Possession,
Custody Or Control Of The Disclosing Party:

Billing statements, computerized notes, correspondence, account agreements, records of

account application, and account memos relating to credit card accounts issued in the name of

Martha Carmack.  Additionally, all documentation relating to the National Arbitration Forum

action filed against Martha Carmack, Case No. FA0609000798680.

3.    A Computation Of Any Category Of Damages:

Chase seeks confirmation of the arbitration award in the amount of $15,012.57

4.    Any Insurance Agreement Under Which Any Person Carrying On An Insurance Business May Be Liable To Satisfy Part Or All Of A Judgment:

None.

B.  Carmack's Initial Disclosures served on October 4, 2007

1.    Individuals Likely To Have Discoverable Information

    a.    Defendant's Custodian(s) of Records, name and address currently unknown.  The Custodian of Records will have personal knowledge as to the books and records of the account in dispute, including (but not limited to) account ledgers, journals, account agreement(s), and other communications between the parties.

    b.    Ropers, Majeski, Kohn & Bentley 201 Spear Street, Suite 1000, San Francisco, CA 94105.

Ropers, Majeski, Kohn & Bentley is the attorney that currently represents Defendant.

    c.    National Arbitration Forum, P.O. Box 50191, Minneapolis, MN 55405-0191.

The National Arbitration Forum conducted the alleged arbitration between the parties, and also issued the arbitration award which is subject to this action.

    d.    Paul Bent, Esq., address currently unknown, was the arbitrator assigned by the National Arbitration Forum, and was also the party which reviewed Plaintiff's objection to the arbitration proceedings.

    e.    Mann Bracken, LLC, One Paces West, Suite 1400, 2727 Paces Ferry Road, Atlanta, GA 30339.

Mann Bracken, LLC is a law firm that represented Defendant during the arbitration proceeding in the National Arbitration Forum.

    f.    Plaintiff anticipates that the forthcoming discovery will reveal other individuals who may have knowledge relevant to the action.

g.   All witnesses identified by Defendant.

2.   Description Of Discoverable Documents and Information

    a.   Account agreement.

    b.   Any alleged amendments to the Credit Card Agreement.

    c.   Correspondence between the parties.

    d.   Documents relating to the account in dispute, including all books and records as identified by the Delaware Administrative Code, Title 5, Section 1542 (Minimum Books and Records for Credit Card Institutions).

    e.   Documents pertaining to the arbitration conducted by the National Arbitration Forum.

    f.   Correspondence between Defendant and the National Arbitration Forum.

3.   Computation Of Damages

    a.   Plaintiff seeks to Vacate the arbitration award issued by the National Arbitration Forum.

    b.   Plaintiff seeks the maximum statutory damages against Defendant for each violation of the Fair Credit Billing Act.

    c.   Plaintiff seeks to recover the costs of the suit herein.

4.   Insurance

Does not apply to this action.

VIII.  <u>DISCOVERY</u>

No discovery has taken place to date.

  A.   Chase's Proposed Discovery

    1.   Chase plans to depose Plaintiff, Ms. Carmack.

  B.   Carmack's Proposed Discovery

    1.   Carmack plans discovery through Interrogatories, Admissions and Production of Documents.

IX.   <u>CLASS ACTIONS.</u>

Not applicable.

X.     RELATED CASES.

This case is related to USDC NDCA Case No. C 07-2124 WHA, *Carmack v. Chase Manhattan Bank.*

XI.     RELIEF

By its counter-claim, Chase seeks confirmation of the arbitration award and judgment in its favor and against plaintiff in the amount of $15,012.57. Chase intends to bring a motion to confirm arbitration award, set for hearing on August 2, 2007, should dispose of this issue as it did in the related action, USDC NDCA Case No. C 07-2124 WHA, *Carmack v. Chase Manhattan Bank.*

XII.     SETTLEMENT AND ADR

Chase believes its motion to confirm arbitration award will dispose of the entire action, similar to the related action, USDC NDCA Case No. C 07-2124 WHA, *Carmack v. Chase Manhattan Bank.*

XIII.     CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

Chase does not consent to proceeding before a magistrate judge for all purposes.

XIV.     OTHER REFERENCES

Not applicable. See No. XII above.

XV.     NARROWING OF ISSUES

As stated above, Chase's motion to confirm its arbitration award should dispose of the entire action.

XVI.     EXPEDITED SCHEDULE

Chase believes that its motion to confirm arbitration award should be dispositive of this entire action.

XVII.     SCHEDULING

Not applicable at this point.

XVIII. TRIAL

A.  Chase.

As discussed above, Chase does not believe that this case is suitable for trial. Rather,

1  Chase believes its motion to confirm the arbitration award will dispose of the entire action.

2      B.  Carmack

3      Carmack believes that a trial is necessary to determine the arbitrability of the case.  It is

4  Carmack's position that Chase failed to obtain a pre-arbitration determination of arbitrability, thus

5  the issues are ripe for trial pursuant to 9 USCS § 4, which states in part that "if the making of the

6  arbitration agreement or the failure, neglect, or refusal to perform the same be in issue, the court

7  shall proceed summarily to the trial thereof. If no jury trial be demanded by the party alleged to

8  be in default, or if the matter in dispute is within admiralty jurisdiction, the court shall hear and

9  determine such issue. Where such an issue is raised, the party alleged to be in default may,

10  except in cases of admiralty, on or before the return day of the notice of application, demand a

11  jury trial of such issue, and upon such demand the court shall make an order referring the issue or

12  issues to a jury in the manner provided by the Federal Rules of Civil Procedure [USCS Rules of

13  Civil Procedure], or may specially call a jury for that purpose."

14  XIX.    DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

15      A.  Chase

16      Chase Bank USA, N.A. – Formerly known as Chase Manhattan Bank, USA, N.A., and as

17  successor-in-interest to Bank One, Delaware, N.A.

18      • CMC Holding Delaware, Inc. -- Wholly owns Chase Bank USA, N.A.

19      • J.P. Morgan Equity Holding, Inc. -- Wholly owns CMC Holding Delaware, Inc.

20      • JPMorgan Chase & Co. --  Wholly owns J.P. Morgan Equity Holding, Inc.

21      • No publicly held corporation owns ten percent (10%) or more of JPMorgan Chase & Co.'s

22      stock as of October 7, 2005.

23      B.  Carmack

24      Not applicable

25  XX.    SUCH OTHER MATTERS AS MAY FACILITATE THE JUST, SPEEDY AND
       INEXPENSIVE DISPOSITION OF THIS MATTER.

26

27      As discussed above, Chase does not believe that this case is suitable for trial.  Rather,

28  Chase believes that the entire action will be disposed of following the hearing on its motion to

1  confirm arbitration award and that judgment will be entered in its favor.

   Dated: October 4, 2007

2

3  MARTHA CARMACK, *in propria*          ROPERS, MAJESKI, KOHN & BENTLEY
   *persona*                            P.C.

4  By:_____          By:_____/ s /_____
5      Martha Carmack                       George G. Weickhardt
                                            Pamela J. Zanger
                                        Attorneys for Defendant CHASE BANK USA,
6                                       N.A., formerly known as CHASE
                                        MANHATTAN BANK USA, N.A. and
7                                       erroneously sued herein as THE CHASE
                                        MANHATTAN BANK
8

9                              PROPOSED ORDER
10

11

12

13  Dated: _____

14

15                                      _____
                                        HON. WILLIAM H. ALSUP
16                                      U.S. DISTRICT JUDGE
                                        NORTHERN DISTRICT OF CALIFORNIA
17

18

19

20

21

22

23

24

25

26

27

28

USDC NDCA No. C07 2124 WHA            - 10 -     JOINT CASE MANAGEMENT STATEMENT AND
RC1/5010781.1/PJZ                                PROPOSED ORDER