GEORGE G. WEICKHARDT (SBN 58586)
PAMELA J. ZANGER (SBN 168350)
ROPERS, MAJESKI, KOHN & BENTLEY
201 Spear Street, Suite 1000
San Francisco, CA 94105
Telephone: (415) 543-4800
Facsimile: (415) 972-6301
Email: gweickhardt@ropers.com

Attorneys for Defendant
CHASE BANK USA, N.A., formerly known as
CHASE MANHATTAN BANK USA, N.A. and
erroneously sued herein as THE CHASE
MANHATTAN BANK

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARTHA CARMACK,<br><br>　　　　Plaintiff,<br><br>v.<br><br>THE CHASE MANHATTAN BANK,<br><br>　　　　Defendant. | CASE NO. C07 03464 WHA<br><br>Related to Case No. C07 2124 WHA<br><br>**DEFENDANT CHASE BANK USA, N.A.'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF CHASE BANK USA, N.A.'S MOTION TO CONFIRM ARBITRATION AWARD OR, IN THE ALTERNATIVE, MOTION FOR JUDGMENT ON THE PLEADINGS OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT**<br><br>Date:　　December 6, 2007<br>Time:　　8:00 a.m.<br>Ctrm.:　　9, Hon. William H. Alsup |

Defendant Chase Bank USA, N.A. ("Chase") submits the following statement of uncontroverted facts and conclusions of law in support of its motion for summary judgment.

CASE NO. C07 03464 WHA
RC1/5020537.1/RL3

STATEMENT OF UNCONTROVERTED FACTS AND
CONCLUSIONS OF LAW IN SUPPORT OF CHASE BANK
USA, N.A.'S MOT. TO CONFIRM ARBITRATION AWARD

| | UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|---|
| 1. | Chase is a national banking association chartered under the laws of the United States of America with its main office at 200 White Clay Center Drive, Newark, Delaware. Chase enters into credit card contracts with consumers, issues credit cards to consumers, extends credit to those consumers pursuant to the contract and is entitled to payment pursuant to the contract. | 1. Declaration of Milissa Rutledge, ¶ 2. |
| 2. | Chase Bank USA, N.A. was formerly known as Chase Manhattan Bank USA, N.A. The name change took place on March 1, 2005. | 2. Rutledge Decl. ¶ 3. |
| 3. | Chase Manhattan Bank USA, N.A. issued a credit card account to plaintiff Martha Carmack in or about May 1993, which bore the sixteen digit account number xxxx-xxxx-xxxx-6176. | 3. Rutledge Decl. ¶ 4. |
| 4. | Along with the credit card sent to the cardholder at the inception of the Account in May 1993, plaintiff received a written "Cardmember Agreement" ("Cardmember Agreement") establishing the terms of the Account. It has been the invariable practice of Chase to enclose the Cardmember Agreement in the same envelope in which the credit card itself is mailed to the card member. Chase can determine which edition of the Cardmember Agreement was sent by the date of issuance of the account. A true and accurate copy of the Cardmember Agreement that contains the terms initially governing the Account is attached hereto as Exhibit "A." | 4. Rutledge Decl. ¶ 5, Exh. A. |
| 5. | The Cardmember Agreement contained a provision permitting Chase to amend the credit card agreement. | 5. Rutledge Decl. ¶ 6, Exh. A. |
| 6. | The billing statements sent to plaintiff from June 2003 – April 2006 indicate that Carmack was actively using her account for new charges at least through September 2005. She thus ratified all amendments that she received by using her account after they were received. | 6. Rutledge Decl. ¶ 7, Exh. B. |

CASE NO. C07 03464 WHA
RC1/5020537.1/RL3

STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF CHASE BANK USA, N.A.'S MOT. TO CONFIRM ARBITRATION AWARD

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| 7. The Cardmember Agreement (Exhibit A) also contains a choice of law provision under the "Law That Applies" section which states:<br><br>Law That Applies. The laws of the United States of America and the State of Delaware apply to this Agreement and to your use of your Card, your Checks and your Account. | 7. Rultedge Decl. ¶ 5, Exh. A. |
| 8. The Cardmember Agreement was amended on several occasions. Exhibit C of the Rutledge declaration contains a true and correct copy of a record of the amendment sent to Carmack with respect to the Account. Exhibit C notes that on March 5, 2002, Carmack was mailed form 25808. Chase's records would note whether a mailing was returned as undelivered or undeliverable, and there is no such record for this mailing. | 8. Rutledge Decl. ¶ 8, Exh. C. |
| 9. The arbitration provision (the "Arbitration Agreement") in the "Notice" (Exhibit D) provides in part:<br><br>**ARBITRATION AGREEMENT.**<br><br>A new section is added to your Agreement that will read as follows:<br><br>**ARBITRATION AGREEMENT**<br><br>**IT IS IMPORTANT THAT YOU READ THIS ARBITRATION AGREEMENT CAREFULLY. IT PROVIDES THAT YOU MAY BE REQUIRED TO SETTLE A CLAIM OR DISPUTE THAT IS COVERED BY THIS ARBITRATION AGREEMENT THROUGH ARBITRATION, EVEN IF YOU WOULD PREFER TO LITIGATE THE CLAIM IN A COURT. YOU ARE GIVING UP RIGHTS YOU MIGHT HAVE TO LITIGATE SUCH CLAIMS IN A COURT OR BEFORE A JURY OR TO PARTICIPATE IN A CLASS ACTION LAWSUIT OR OTHER** | 9. Rutledge Decl. ¶ 8, Exh. D |

CASE NO. C07 03464 WHA
RC1/5020537.1/RL3

STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF CHASE BANK USA, N.A.'S MOT. TO CONFIRM ARBITRATION AWARD

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| REPRESENTATIVE ACTION WITH RESPECT TO SUCH A CLAIM. OTHER RIGHTS THAT YOU WOULD HAVE IF YOU WENT TO COURT, SUCH AS DISCOVERY OR THE RIGHT TO APPEAL THE DECISION, MAY NOT BE AVAILABLE IN ARBITRATION OR MAY BE MORE LIMITED . . . . | |

**1. Binding Arbitration.**

This Arbitration Agreement is made pursuant to a transaction involving interstate commerce, and shall be governed by and be enforceable under the Federal Arbitration Act (the "FAA"), 9 U.S.C. § 1-16 as it may be amended. This Arbitration Agreement sets forth the circumstances and procedures under which claims (as defined below) may be resolved by arbitration instead of being litigated in court.

**2. Claims Covered.**

Any claim or dispute ("Claim", which term may refer to more than one claim as is appropriate for the context in which it is used) by either you or us against the other, or against the employees, agents or assigns of the other arising from or relating in any way to the Cardmember Agreement, any prior Cardmember Agreement, your credit card Account or the advertising application or approval of your Account, will, at the election of either you or us, be resolved by binding arbitration. This Arbitration Agreement governs all Claims, whether such Claims are based on law, statute, contract, regulation, ordinance, tort, common law, constitutional provision, or any legal theory of law such as respondent superior, or any other legal or equitable ground whether such Claims seek as remedies money damages, penalties, injunctions, or declaratory or equitable relief . . . .

CASE NO. C07 03464 WHA
RC1/5020537.1/RL3

STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF CHASE BANK USA, N.A.'S MOT. TO CONFIRM ARBITRATION AWARD

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| **3. Initiation of Arbitration.** ~~The party filing an arbitration~~ must choose one of the following three arbitration administrators: American Arbitration Association; JAMS; or National Arbitration Forum. However, if we elect an administrator, you will have ten days after receiving notice of our election to request that the arbitration be conducted pursuant to the rules of one of the other two arbitration administrators. <br><br> . . . <br><br> **YOUR RIGHTS TO CHOOSE NOT TO ACCEPT THE CHANGES IN THIS NOTICE.** <br><br> The changes described in this Notice will not become effective if you send us a written letter that you choose not to accept them. You may choose not to accept the **Arbitration Agreement** section, the **Other Changes to your Agreement** section, or both. If the only choice you make is not to accept the **Arbitration Agreement** section, your Account will remain open. If you do not accept the **Other Changes to your Agreement** section, your Account will be closed to further use (if it is not already closed). In any event, we must receive your letter no later than April 25, 2002. In your letter, please include your name, address, account number and a statement that you do not want the **Arbitration Agreement** section, the **Other Changes to your Agreement** section, or both sections, to apply to your Account. If you do not specify which sections you choose not to accept, we will assume that you chose not to accept both sections and your Account will be closed. Your letter must be mailed to Chase Manhattan Bank USA, N.A., P.O. Box 15125, Wilmington, DE, 19850-5125. We must receive your written letter by the time indicated and at the address | |

CASE NO. C07 03464 WHA
RC1/5020537.1/RL3

STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF CHASE BANK USA, N.A.'S MOT. TO CONFIRM ARBITRATION AWARD

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| indicated or your choice(s) will not be effective; it is not sufficient to telephone us. If your letter is received by April 25, 2002 and you do not accept the **Other Changes to your Agreement** section, the changes in that section described above will not apply to your Account and you must pay off any outstanding balances on your Account in accordance with the payment and other applicable terms of your Agreement. | |
| 10. The Cardmember Agreement was again amended in October 2004, and was identified as "DMSTC45." "DMSTC45" consisted of form ADV2039. DMSTC45 was sent to Carmack with her actual statement on October 13, 2004. That statement called for a minimum payment of $129.00. It is certain that Carmack received the statement dated October 13, 2004, because the statement for the next month, dated November 11, 2004, shows that she made the minimum payment invoiced in the amount of $129.00. | 10. Rutledge Decl. ¶ 9, Exh. B and C. |
| 11. The Arbitration Agreement in form ADV2039 stated:<br><br>**8. ARBITRATION AGREEMENT**<br><br>PLEASE READ THIS AGREEMENT CAREFULLY. IT PROVIDES THAT ANY DISPUTE MAY BE RESOLVED BY BINDING ARBITRATION. ARBITRATION REPLACES THE RIGHT TO GO TO COURT. YOU WILL NOT BE ABLE TO BRING A CLASS ACTION OR OTHER REPRESENTATIVE ACTION IN COURT SUCH AS THAT IN THE FORM OF A PRIVATE ATTORNEY GENERAL ACTION, NOR WILL YOU BE ABLE TO BRING ANY CLAIM IN ARBITRATION AS A CLASS ACTION OR OTHER REPRESENTATIVE ACTION. YOU WILL NOT BE ABLE TO BE PART | 11. Rutledge Decl. ¶ 9, Exh. E. |

CASE NO. C07 03464 WHA
RC1/5020537.1/RL3

STATEMENT OF UNCONTROVERTED FACTS AND
CONCLUSIONS OF LAW IN SUPPORT OF CHASE BANK
USA, N.A.'S MOT. TO CONFIRM ARBITRATION AWARD

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| OF ANY CLASS ACTION OR OTHER REPRESENTATIVE ACTION BROUGHT BY ANYONE ELSE, OR BE REPRESENTED IN A CLASS ACTION OR OTHER REPRESENTATIVE ACTION. IN THE ABSENCE OF THIS ARBITRATION AGREEMENT, YOU AND WE MAY OTHERWISE HAVE HAD A RIGHT OR OPPORTUNITY TO BRING CLAIMS IN A COURT, BEFORE A JUDGE OR JURY, AND/OR TO PARTICIPATE OR BE REPRESENTED IN A CASE FILED IN COURT BY OTHERS (INCLUDING CLASS ACTIONS AND OTHER REPRESENTATIVE ACTIONS). OTHER RIGHTS THAT YOU WOULD HAVE IF YOU WENT TO A COURT, SUCH AS DISCOVERY OR THE RIGHT TO APPEAL THE DECISION MAY BE MORE LIMITED. EXCEPT AS OTHERWISE PROVIDED BELOW, THOSE RIGHTS ARE WAIVED. | |
| **Binding Arbitration.** This Arbitration Agreement is made pursuant to a transaction involving interstate commerce, and shall be governed by and be enforceable under the Federal Arbitration Act (the "FAA"), 9 U.S.C. § 1-16 as it may be amended. This Arbitration Agreement sets forth the circumstances and procedures under which claims (as defined below) may be resolved by arbitration instead of being litigated in court. | |
| . . . | |
| **Claims Covered.** Either you or we may, without the other's consent, elect mandatory, binding arbitration of any claim, dispute or controversy by either you or us against the other, or against the employees, parents, subsidiaries, affiliates, beneficiaries, agents or assigns of the other, arising from or relating in any way to the Cardmember Agreement, any prior | |

CASE NO. C07 03464 WHA
RC1/5020537.1/RL3

STATEMENT OF UNCONTROVERTED FACTS AND
CONCLUSIONS OF LAW IN SUPPORT OF CHASE BANK
USA, N.A.'S MOT. TO CONFIRM ARBITRATION AWARD

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| Cardmember Agreement, your credit card Account or the advertising, application or approval of your Account ("Claim"). This Arbitration Agreement governs all Claims, whether such Claims are based on law, statute, contract, regulation, ordinance, tort, common law, constitutional provision, or any legal theory of law such as respondent superior, or any other legal or equitable ground and whether such Claims seek as remedies money damages, penalties, injunctions, or declaratory or equitable relief. . . . **Initiation of Arbitration.** The party filing a Claim in arbitration must choose one of the following three arbitration administrators: American Arbitration Association; JAMS/Endispute ("JAMS"); or National Arbitration Forum. These administrators are independent from us. The administrator does not conduct the arbitration. Arbitration is conducted under the rules of the selected arbitration administrator by an impartial third party chosen in accordance with the rules of the selected arbitration administrator and as may be provided in this Arbitration Agreement. | |
| 12. The most recent amendment affecting the arbitration provision occurred in February 2005, prior to the events giving rise to this lawsuit, and included a new arbitration provision. Chase, by direct mail with her monthly statement dated February 11, 2005, sent Carmack the amendment ADV2264, as reflected on page 2 of Exhibit C. The statement dated February 11, 2005, billed a minimum payment of $196.00. It is certain that Carmack received this statement because the statement for the next month dated March 15, 2005 indicates that Carmack made the monthly minimum payment billed to the | 12. Rutledge Decl. ¶ 10, Exhs. B and C. |

CASE NO. C07 03464 WHA
RC1/5020537.1/RL3

STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF CHASE BANK USA, N.A.'S MOT. TO CONFIRM ARBITRATION AWARD

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| previous month of $196.00. | |
| 13. Amendment ADV2264 contained the following language: | 13. Rutledge Decl. ¶ 10, Exh. F. |
| The following amends the **Initiation of Arbitration** section of the **ARBITRATION AGREEMENT** that is part of your Agreement, to remove references to JAMS/Endispute. JAMS will no longer be available as a choice for an arbitration administrator for any Claim filed by either you or us under the Arbitration Agreement after the effective date of this amendment. | |
| **Initiation of Arbitration.** The party filing a Claim in arbitration must choose one of the following two arbitration administrators: American Arbitration Association or National Arbitration Forum. These administrators are independent from us. The administrator does not conduct the arbitration. Arbitration is conducted under the rules of the selected arbitration administrator by an impartial third party chosen in accordance with the rules of the selected arbitration administrator or as may be provided in this Arbitration Agreement. Any arbitration hearing that you attend shall be held at a place chosen by the arbitrator or arbitration administrator within the federal judicial district in which you reside at the time the Claim is filed, or at some other place to which you and we agree in writing. You may obtain copies of the current rules of each of the arbitration administrators, information about arbitration and arbitration fees, and instructions for initiating arbitration by contacting the arbitration administrators as follows: American Arbitration Association, 335 Madison Avenue, Floor 10, New York, NY 10017-4605, web site at www.adr.org, phone 800-778-7879; or National Arbitration Forum, P.O. Box 50191 Minneapolis, MN 55405, web site at www.arbitration- | |

CASE NO. C07 03464 WHA
RC1/5020537.1/RL3

STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF CHASE BANK USA, N.A.'S MOT. TO CONFIRM ARBITRATION AWARD

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| forum.com, phone 800-474-2371. | |
| 14. On or about September 26, 2005, plaintiff Carmack sent Chase a purported Notice of Billing Error, a true and correct copy of which is attached as Exhibit G. | 14. Rutledge Decl. ¶ 11, Exh. G. |
| 15. Around September 2005, Plaintiff became delinquent on the Account. The most recent arbitration provision, quoted in Paragraph 13 above, was in effect at this time and all times thereafter. Pursuant to the terms of the Cardmember Agreement, Chase filed a claim with the National Arbitration Forum around June 2006. | 15. Rutledge Decl. ¶ 12, Exh. H. |
| 16. Around October 20, 2006, Plaintiff filed a response to the Arbitration Claim. | 16. Rutledge Decl. ¶ 13, Exh. I. |
| 17. Around November 1, 2006, the National Arbitration Forum issued an award in favor of Chase. | 17. Rutledge Decl. ¶ 14, Exh. J. |
| 18. The website for the North American Educational Services ("NAES") indicates that the company operates and sells its debt elimination program under the name "Debt Relief Educational Services ("DRES"). | 18. Declaration of Pamela J. Zanger, ¶ 3. |
| 19. NAES/DRES uses a network of representatives and agents to sell its program who have their own websites. NAES/DRES and its representatives guarantee debt elimination (for example in www.lifebeyonddebt.com: "You have just found the way to eliminate Major Credit Card Debt and Unsecured Debt. With our Debt Elimination Program you can legally stop making payments … IMMEDIATELY!!!"). Customers are also told to stop paying their credit card companies immediately (see www.drg.cc/contact.aspx). | 19. Zanger Decl. ¶¶ 3-4, Exh. J. |

CASE NO. C07 03464 WHA
RCI/5020537.1/RL3

STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF CHASE BANK USA, N.A.'S MOT. TO CONFIRM ARBITRATION AWARD

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| 20. Apparently, for a fee, a consumer can purchase various forms for "disputing" their debt, including a "dispute" letter (which, as explained below, is not a proper TILA dispute letter), a response/objection to the arbitration claim, a complaint containing allegations for: 1) Violation of 15 U.S.C. § 1666; 2) Breach of Contract; and 3) Violation of Due Process (the same allegations in the present action); a petition to vacate arbitration award, etc. | 20. Zanger Decl. ¶¶ 5-22, Exhs. M-FF. |
| 21. At least seven lawsuits have been filed against Chase in California on the form provided by North American Educational Services. In each of these lawsuits, the plaintiffs used the same NAES forms, including the form dispute letter to Chase, the form response to the NAF arbitration claim, and the form complaint. | 21. Zanger Decl. ¶¶ 1, 5-22, Exhs. M-FF |
| 22. On September 26, 2005, Carmack sent a purported notice of billing error, contending that his statement dated September 11, 2005, was inaccurate. | 22. Rutledge Decl., ¶ 11, Exh. G. |
| 23. The present action was not filed until April 9, 2007, more than one year after the alleged Truth-in-Lending Act violation, which is the basis of Count I of the complaint. | 23. Zanger Decl. ¶ 23. |

Dated: October 29, 2007

ROPERS, MAJESKI, KOHN & BENTLEY

By: _____
GEORGE G. WEICKHARDT
PAMELA J. ZANGER
Attorneys for Defendant
CHASE BANK USA, N.A., formerly known as CHASE MANHATTAN BANK USA, N.A. and erroneously sued herein as THE CHASE MANHATTAN BANK

CASE NO. C07 03464 WHA
RC1/5020537.1/RL3

STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF CHASE BANK USA, N.A.'S MOT. TO CONFIRM ARBITRATION AWARD