GEORGE G. WEICKHARDT (SBN 58586)
PAMELA J. ZANGER (SBN 168350)
ROPERS, MAJESKI, KOHN & BENTLEY
201 Spear Street, Suite 1000
San Francisco, CA 94105
Telephone:    (415) 543-4800
Facsimile:    (415) 972-6301
Email:        gweickhardt@ropers.com

Attorneys for Defendant
CHASE BANK USA, N.A., formerly known as
CHASE MANHATTAN BANK USA, N.A. and
erroneously sued herein as THE CHASE
MANHATTAN BANK

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARTHA CARMACK,<br><br>    Plaintiff,<br><br>v.<br><br>THE CHASE MANHATTAN BANK,<br><br>    Defendant. | CASE NO. C07 03464 WHA<br><br>Related to Case No. C07 2124 WHA<br><br>**DECLARATION OF MILISSA A. RUTLEDGE IN SUPPORT OF CHASE BANK USA, N.A.'S MOTION TO CONFIRM ARBITRATION AWARD OR, IN THE ALTERNATIVE, MOTION FOR JUDGMENT ON THE PLEADINGS OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT**<br><br>Date:    December 6, 2007<br>Time:    8:00 a.m.<br>Ctrm.:    9, Hon. William H. Alsup |

I, Milissa A. Rutledge, declare as follows:

1.    My name is Milissa A. Rutledge. I am over the age of 19 and am competent to make this declaration. My title is Team Leader, and I am an employee of First USA Management Services, Inc., a wholly owned subsidiary of Chase Bank USA, N.A. ("Chase"). In that capacity, I have personal knowledge of Chase's business and legal affairs and the provisions of the credit card agreements for accounts issued to its customers over the years, including credit card agreements for accounts issued by Chase and its predecessors in interest. I am also a custodian of

1 the records relating to an account issued to Plaintiff Martha Carmack.

2. Chase is a national banking association chartered under the laws of the United States of America with its main office at 200 White Clay Center Drive, Newark, Delaware. Chase enters into credit card contracts with consumers, issues credit cards to consumers, extends credit to those consumers pursuant to the contract, and is entitled to payments pursuant to the contract.

3. Chase Bank USA, N.A. was formerly known as Chase Manhattan Bank USA, N.A. The name change took place on March 1, 2005.

4. I have reviewed and therefore am familiar with the records of Chase relating to the credit card account it issued to Plaintiff Martha Carmack on or about May 19, 1993, which bore the 16-digit account number XXXX-XXXX-XXXX-6176.

5. Along with the credit card sent to the cardholder at the inception of the Account, Plaintiff received a written "Cardmember Agreement" ("Cardmember Agreement") establishing the terms of the Account. It has been the invariable practice of Chase, to enclose the Cardmember Agreement in the same envelope in which the credit card itself is mailed to the card member. Chase can determine which edition of the Cardmember Agreement was sent by the date of issuance of the account. A true and accurate copy of the Cardmember Agreement that contains the terms initially governing the Account is attached hereto as Exhibit A. The first carryover paragraph on pages 10-11 of the Cardmember Agreement provides as follows:

> **Law That Applies.** The laws of the United States of America and the State of Delaware apply to this Agreement and to your use of your Card, your Checks and your Account.

6. The Cardmember Agreement (pp. 8-9) also contains provisions permitting Chase to amend the credit agreement. The credit agreement provided, in pertinent part:

> **Amendments To This Agreement.** We can amend any of the terms of this agreement at any time, and we can set the effective date for any such amendment. We will notify you by mail of any such amendment as required by law. The amended terms of this Agreement can apply to all outstanding unpaid indebtedness and any future transactions on your Account. Any change which would increase the rate of Finance Charge, other fees, or impose a fee not set forth in this Agreement will be effective only if you agree to it. We can obtain your consent to any such amendment in one of two

(Left margin: Ropers Majeski Kohn & Bentley, A Professional Corporation, San Francisco)

ways, as selected by us and disclosed to you with a notice of change of terms. Under one method, you consent to the amendment if: 1) after we give you notice of the change, you elect to use your Account after the effective date of the amendment; or 2) you agree in writing to the change. Under the other method, you consent to the amendment if: 1) within 30 days after we mail you notice of the change, you do not give us written notice rejecting the change at the address we provide; or 2) you use your Account after 30 days from the date we mail you notice of the change, regardless of whether you give us notice rejecting the change.

7. Attached hereto as Exhibit B are true and correct copies of the billing statements sent to Carmack during the period June 2003 through April 2006. These statements indicate that Carmack was actively using her account for new charges at least through September of 2005. She thus ratified all amendments that she received by using her account after they were received.

8. The cardmember agreement was amended on several occasions. Attached hereto as Exhibit C is a true and correct copy of a record of the amendments sent to Carmack with respect to the Account. Exhibit C notes that on "03/15/02" Carmack was mailed Form 25808. A true and correct copy of Form 25808 is attached hereto as Exhibit D. Chase's records would note whether a mailing was returned as undelivered or undeliverable, and there is no such record for this mailing. That amendment contained the following provision:

**ARBITRATION AGREEMENT.**

A new section is added to your Agreement that will read as follows:

**ARBITRATION AGREEMENT**

**IT IS IMPORTANT THAT YOU READ THIS ARBITRATION AGREEMENT CAREFULLY. IT PROVIDES THAT YOU MAY BE REQUIRED TO SETTLE A CLAIM OR DISPUTE THAT IS COVERED BY THIS ARBITRATION AGREEMENT THROUGH ARBITRATION, EVEN IF YOU WOULD PREFER TO LITIGATE THE CLAIM IN A COURT. YOU ARE GIVING UP RIGHTS YOU MIGHT HAVE TO LITIGATE SUCH CLAIMS IN A COURT OR BEFORE A JURY OR TO PARTICIPATE IN A CLASS ACTION LAWSUIT OR OTHER REPRESENTATIVE ACTION WITH RESPECT TO SUCH A CLAIM. OTHER RIGHTS THAT YOU WOULD HAVE IF YOU WENT TO COURT, SUCH AS DISCOVERY OR THE RIGHT TO APPEAL THE DECISION, MAY NOT BE AVAILABLE IN ARBITRATION OR MAY BE MORE LIMITED . . . .**

**1. Binding Arbitration.**

This Arbitration Agreement is made pursuant to a transaction involving interstate commerce, and shall be governed by and be enforceable under the Federal Arbitration Act (the "FAA"), 9 U.S.C. § 1-16 as it may be amended. This Arbitration Agreement sets forth the circumstances and procedures under which claims (as defined below) may be resolved by arbitration instead of being litigated in court.

**2. Claims Covered.**

Any claim or dispute ("Claim", which term may refer to more than one claim as is appropriate for the context in which it is used) by either you or us against the other, or against the employees, agents or assigns of the other arising from or relating in any way to the Cardmember Agreement, any prior Cardmember Agreement, your credit card Account or the advertising application or approval of your Account, will, at the election of either you or us, be resolved by binding arbitration. This Arbitration Agreement governs all Claims, whether such Claims are based on law, statute, contract, regulation, ordinance, tort, common law, constitutional provision, or any legal theory of law such as respondent superior, or any other legal or equitable ground whether such Claims seek as remedies money damages, penalties, injunctions, or declaratory or equitable relief . . . .

**3. Initiation of Arbitration.**

The party filing an arbitration must choose one of the following three arbitration administrators: American Arbitration Association; JAMS; or National Arbitration Forum. However, if we elect an administrator, you will have ten days after receiving notice of our election to request that the arbitration be conducted pursuant to the rules of one of the other two arbitration administrators.

. . .

**YOUR RIGHTS TO CHOOSE NOT TO ACCEPT THE CHANGES IN THIS NOTICE.**

The changes described in this Notice will not become effective if you send us a written letter that you choose not to accept them. You may choose not to accept the **Arbitration Agreement** section, the **Other Changes to your Agreement** section, or both. If the only choice you make is not to accept the **Arbitration Agreement** section, your Account will remain open. If you do not accept the **Other Changes to your Agreement** section, your Account will be closed to further use (if it is not already closed). In any event, we must receive your letter no later than April 25, 2002. In your letter, please include your name, address, account number and a statement that you do not want the **Arbitration Agreement** section, the **Other Changes to your Agreement** section, or both sections, to apply to your Account. If you do not specify which

CASE NO. C07 03464 WHA   -4-   DECLARATION OF MILISSA A. RUTLEDGE IN SUPPORT OF CHASE BANK USA, N.A.'S MOTION TO CONFIRM ARBITRATION AWARD
RC1/5017265.1/RL3

sections you choose not to accept, we will assume that you chose not to accept both sections and your Account will be closed. Your letter must be mailed to Chase Manhattan Bank USA, N.A., P.O. Box 15125, Wilmington, DE, 19850-5125. We must receive your written letter by the time indicated and at the address indicated or your choice(s) will not be effective; it is not sufficient to telephone us. If your letter is received by April 25, 2002 and you do not accept the **Other Changes to your Agreement** section, the changes in that section described above will not apply to your Account and you must pay off any outstanding balances on your Account in accordance with the payment and other applicable terms of your Agreement.

No letter rejecting this amendment was received by Chase.

9. The Cardmember Agreement was again amended in October 2004, as reflected on Exhibit C. The amendment is identified on Exhibit C as "DMSTC 45." "DMSTC 45" consisted of Form ADV2039 and two other forms not relevant here. As indicated on page 2 of Exhibit B, DMSTC #45 was sent to Carmack. A copy of the actual statement sent to Carmack on 10/13/2004 is attached as page 19 of Exhibit B. That statement called for a minimum payment due of $129.00. It is certain that Carmack received the statement dated 10/13/2004 because the statement for the next month dated 11/11/2004 shows that she made the minimum payment invoiced in the amount of $129.00. (Form ADV2039) was sent to Carmack with her monthly statement for "10/04." A true and correct copy of Form ADV2039 is attached hereto as Exhibit E. Pertinent portions of the arbitration clause in this amendment read as follows:

**8. ARBITRATION AGREEMENT**

PLEASE READ THIS AGREEMENT CAREFULLY. IT PROVIDES THAT ANY DISPUTE MAY BE RESOLVED BY BINDING ARBITRATION. ARBITRATION REPLACES THE RIGHT TO GO TO COURT. YOU WILL NOT BE ABLE TO BRING A CLASS ACTION OR OTHER REPRESENTATIVE ACTION IN COURT SUCH AS THAT IN THE FORM OF A PRIVATE ATTORNEY GENERAL ACTION, NOR WILL YOU BE ABLE TO BRING ANY CLAIM IN ARBITRATION AS A CLASS ACTION OR OTHER REPRESENTATIVE ACTION. YOU WILL NOT BE ABLE TO BE PART OF ANY CLASS ACTION OR OTHER REPRESENTATIVE ACTION BROUGHT BY ANYONE ELSE, OR BE REPRESENTED IN A CLASS ACTION OR OTHER REPRESENTATIVE ACTION. IN THE ABSENCE OF THIS ARBITRATION AGREEMENT, YOU AND WE MAY OTHERWISE HAVE HAD A RIGHT OR OPPORTUNITY TO BRING CLAIMS IN A COURT, BEFORE A JUDGE OR JURY, AND/OR TO PARTICIPATE OR BE REPRESENTED IN A CASE FILED IN COURT BY OTHERS

(INCLUDING CLASS ACTIONS AND OTHER REPRESENTATIVE ACTIONS). OTHER RIGHTS THAT YOU WOULD HAVE IF YOU WENT TO A COURT, SUCH AS DISCOVERY OR THE RIGHT TO APPEAL THE DECISION MAY BE MORE LIMITED. EXCEPT AS OTHERWISE PROVIDED BELOW, THOSE RIGHTS ARE WAIVED.

**Binding Arbitration.** This Arbitration Agreement is made pursuant to a transaction involving interstate commerce, and shall be governed by and be enforceable under the Federal Arbitration Act (the "FAA"), 9 U.S.C. § 1-16 as it may be amended. This Arbitration Agreement sets forth the circumstances and procedures under which claims (as defined below) may be resolved by arbitration instead of being litigated in court.

. . .

**Claims Covered.** Either you or we may, without the other's consent, elect mandatory, binding arbitration of any claim, dispute or controversy by either you or us against the other, or against the employees, parents, subsidiaries, affiliates, beneficiaries, agents or assigns of the other, arising from or relating in any way to the Cardmember Agreement, any prior Cardmember Agreement, your credit card Account or the advertising, application or approval of your Account ("Claim"). This Arbitration Agreement governs all Claims, whether such Claims are based on law, statute, contract, regulation, ordinance, tort, common law, constitutional provision, or any legal theory of law such as respondent superior, or any other legal or equitable ground and whether such Claims seek as remedies money damages, penalties, injunctions, or declaratory or equitable relief.

. . .

**Initiation of Arbitration.** The party filing a Claim in arbitration must choose one of the following three arbitration administrators: American Arbitration Association; JAMS/Endispute ("JAMS"); or National Arbitration Forum. These administrators are independent from us. The administrator does not conduct the arbitration. Arbitration is conducted under the rules of the selected arbitration administrator by an impartial third party chosen in accordance with the rules of the selected arbitration administrator and as may be provided in this Arbitration Agreement.

10. The most recent amendment affecting the arbitration provision occurred in February 2005, prior to the events giving rise to this lawsuit, and included a new arbitration provision. Chase, by direct mail with her monthly statement dated 02/11/2005, sent Carmack the amendment ADV2264, as reflected on page 2 of Exhibit C. A copy of the monthly statement dated 02/11/2005 is attached to Exhibit B as page 23. That statement billed a minimum payment of $196.00. It is certain that Carmack received this statement because the statement for the next

month dated 03/15/2005 (p. 24 of Exh. B) indicates that she made the minimum monthly payment billed the previous month of $196.00. A true and correct copy of this amendment is attached hereto as Exhibit F. Amendment ADV2264 contained the following language:

> The following amends the **Initiation of Arbitration** section of the **ARBITRATION AGREEMENT** that is part of your Agreement, to remove references to JAMS/Endispute. JAMS will no longer be available as a choice for an arbitration administrator for any Claim filed by either you or us under the Arbitration Agreement after the effective date of this amendment.
>
> **Initiation of Arbitration.** The party filing a Claim in arbitration must choose one of the following two arbitration administrators: American Arbitration Association or National Arbitration Forum. These administrators are independent from us. The administrator does not conduct the arbitration. Arbitration is conducted under the rules of the selected arbitration administrator by an impartial third party chosen in accordance with the rules of the selected arbitration administrator or as may be provided in this Arbitration Agreement. Any arbitration hearing that you attend shall be held at a place chosen by the arbitrator or arbitration administrator within the federal judicial district in which you reside at the time the Claim is filed, or at some other place to which you and we agree in writing. You may obtain copies of the current rules of each of the arbitration administrators, information about arbitration and arbitration fees, and instructions for initiating arbitration by contacting the arbitration administrators as follows: American Arbitration Association, 335 Madison Avenue, Floor 10, New York, NY 10017-4605, web site at www.adr.org, phone 800-778-7879; or National Arbitration Forum, P.O. Box 50191 Minneapolis, MN 55405, web site at www.arbitration-forum.com, phone 800-474-2371.

11. On or about September 26, 2005, Plaintiff Carmack sent Chase a purported Notice of Billing Error, a true and correct copy of which is attached as Exhibit G.

12. Around September 2005, Plaintiff became delinquent on the Account. The foregoing arbitration provision, quoted in Paragraphs 8 and 9 above, was in effect at this time and all times thereafter. Pursuant to the terms of the Cardmember Agreement, Chase filed a claim with the National Arbitration Forum around June 2006. A true and correct copy of this claim is attached hereto as Exhibit H.

13. Around October 20, 2006, Plaintiff filed a response to the Arbitration Claim. A true and correct copy of the Response is attached hereto as Exhibit I.

CASE NO. C07 03464 WHA    -7-    DECLARATION OF MILISSA A. RUTLEDGE IN SUPPORT OF CHASE BANK USA, N.A.'S MOTION TO CONFIRM ARBITRATION AWARD
RCI/5017265.1/RL3

14. Around November 1, 2006, the National Arbitration Forum issued an award in favor of Chase. A true and correct copy of the Award is attached hereto as Exhibit J.

15. The documents attached to this affidavit as exhibits are true and accurate copies of records that are generated, received or maintained by Chase in the regular and ordinary course of business. These records reflect information compiled or gathered at or around the time that the records were generated, and the records are stored within Chase's computer systems.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed in the City of Elgin, State of Illinois, on October 24, 2007.

MILISSA A. RUTLEDGE