GEORGE G. WEICKHARDT (SBN 58586)
PAMELA J. ZANGER (SBN 168356)
**ROPERS, MAJESKI, KOHN & BENTLEY PC**
201 Spear Street, Suite 1000
San Francisco, CA 94105
Telephone:   (415) 543-4800
Facsimile:   (415) 972-6301
Email:       gweickhardt@ropers.com

Attorneys for Defendant
CHASE BANK USA, N.A., formerly known as CHASE MANHATTAN BANK USA, N.A. and erroneously sued herein as THE CHASE MANHATTAN BANK (USA)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTHA CARMACK,<br><br>Plaintiff,<br><br>v.<br><br>THE CHASE MANHATTAN BANK (USA),<br><br>Defendant. | CASE NO. C 07-03464 WHA<br><br>Related to case No. C07 2124 WHA<br><br>**DECLARATION OF PAMELA J. ZANGER IN SUPPORT OF CHASE BANK USA, N.A.'S MOTION TO CONFIRM ARBITRATION AWARD OR, IN THE ALTERNATIVE, MOTINO FOR JUDGMENT ON THE PLEADINGS OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT**<br><br>Date:   December 6, 2007<br>Time:   8:00 a.m.<br>Dept.:   9, Hon. William H. Alsup |

I, Pamela J. Zanger, declare as follows:

1.   I am an attorney at law duly authorized to practice before this Court, and I am employed at the law firm of Ropers, Majeski, Kohn & Bentley, PC, counsel of record for Defendant Chase Bank USA, N.A. ("Chase") in the above-entitled action. As indicated in the Memorandum of Points and Authorities filed with this motion, at least seven lawsuits have been filed against Chase in California on forms provided by North American Educational Services. Our law firm has been retained by Chase to represent it in all seven of these lawsuits. In addition to *Carmack*, the six additional cases are identified below. In connection with representing Chase

1  in these other six cases, our firm has obtained all Chase documents relating to the disputed credit
2  card accounts, including "form" dispute letters and "form" responses/objections to arbitration
3  from each plaintiff in these referenced actions, as described below.
4      2.    Attached hereto and referenced herein as Exhibit K is a true and correct copy of
5  the National Arbitration Forum ("NAF") Code of Procedure.
6      3.    Attached hereto as Exhibit L are correct copies of print-outs from the Internet
7  regarding the North American Educational Services or ("NAES"), which sells its debt
8  elimination scheme referenced in this motion under the name "Debt Relief Educational Services"
9  or ("DRES"). I printed these on June 18, 2007, from the following internet addresses: 1)
10 www.naes.cc/index.aspx; 2) www.naes.cc/dres.asp; 3) www.naes.cc/tbyc.asp; 4)
11 www.naes.cc/sixfigures.asp; 5) www.naes.cc/inthenews/3worstmoneymoves.asp; 6)
12 www.naes.cc/inthenews.asp; 7) www.naes.cc/cccalculator.asp; 8) www.lifebeyonddebt.com; and
13 9) www.drg.com/contact.aspx.
14     4.    Further materials from the "members only" portion of the NAES website are
15 attached as Exhibit EE to the Affidavit of Lance Taylor-Warren. This exhibit has bates-stamped
16 pages: LTW04823–LTW04936. Exhibit GG is essentially a guidebook on how to use the NAES
17 forms to respond to arbitration claims and to commence and prosecute litigation against credit
18 card issuers on the "theories" that the customer did not agree to arbitration and validly disputed
19 his billing statement(s) – exactly the theories used by Millan. The following are some of the
20 significant highlights from Exhibit GG.
21     a.    Page LTW04823 notes, among other things, the importance that NAES
22 places on keeping its name hidden by ensuring that any of its form letters that are used by its
23 customers are printed without the header and footer from its website disclosing its role.
24     b.    On page LTW04841 of Exhibit GG, under the heading "Adding Cards" the
25 NAES admits that its true goal and role is to provide a "debt relief" scheme, rather than an
26 "educational service."
27     c.    On page LTW04832 of Exhibit GG, the NAES again covers how to hide its
28 name from the headers and footers of letters printed from its website.

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

      d.    On page LTW04860 of Exhibit GG, despite the challenge that the NAES is encouraging its customers to make to delivery of arbitration provisions by mail, it concedes the mailing presumption rule, in other words, that a letter duly mailed is deemed received.

      e.    On page LTW04962 of Exhibit GG, the NAES encourages its customers to move, hide, or retitle assets so as to be judgment-proof.

      f.    On page LTW04889–91 of Exhibit GG, there is a separate section dealing with BankOne/Chase. This section, in fact, acknowledges that BankOne/Chase did have arbitration clauses and does employ them. The NAES customer, however, is instructed to send objection ("Motion to Dismiss") to the arbitration to the National Arbitration Forum without even being told the basis, namely, the supposed absence or failure to deliver the arbitration clause.

      g.    Pages LTW04934–35 of Exhibit GG makes it clear that the NAES is providing draft or form pleadings to NAES customers once litigation ensues and is reviewing their filled-in drafts prior to filing. In the last note on page LTW04936, NAES makes it clear that all the customers are doing is filling in the blanks.

      h.    Page LTW04952 makes it clear that if the preset form documents do not cover what a customer needs, they can e-mail and request something custom-made from NAES.

5. Attached hereto as Exhibit M is a true and correct copy of Carmack's "form" dispute letter to Chase.

6. Attached hereto and referenced herein as Exhibit N is a true and correct copy of the complaint in Sonoma County Superior Court Action No. SCV-240149, styled *John Brankline v. Chase Bank USA, N.A., as Successor in Interest to Bank One Delaware, N.A.* Defendant Chase Bank removed this action to U.S. District Court, Northern District of California on March 5, 2007.

7. Attached hereto as Exhibit O is a true and correct copy of Brankline's "form" dispute letter to Chase. The top of the form letter contains a reference to "NAES – North American Educational Services" thus verifying that the "form" letter came from the NAES.

8. Attached hereto as Exhibit P is a true and correct copy of Brankline's "form" response to the NAF arbitration claim filed by Chase.

9. Attached hereto and referenced herein as Exhibit Q is a true and correct copy of the complaint in Los Angeles County Superior Court Action No. 07E02155, styled *Alan Paul v. Chase Bank USA, N.A.* Defendant Chase Bank removed this case to U.S. District Court, Central District of California on April 9, 2007.

10. Attached hereto as Exhibit R is a true and correct copy of Paul's "form" dispute letter to Chase. The top of this letter also lists "NAES – North American Educational Services."

11. Attached hereto as Exhibit S is a true and correct copy of Paul's "form" response to the NAF arbitration claim filed by Chase.

12. Attached hereto and referenced herein as Exhibit T is a true and correct copy of the complaint in Superior Court of the State of California, for the County of San Francisco, styled *Martha Carmack v. The Chase Manhattan Bank (USA)*, action number CGC07-460092. Defendant Chase Bank removed this case to U.S. District Court, Northern District of California on April 17, 2007. ("Carmack 1")

13. Attached hereto as Exhibit U is a true and correct copy of Carmack's "form" dispute letter to Chase.

14. Attached hereto as Exhibit V is a true and correct copy of Carmack's "form" response to the NAF arbitration claim filed by Chase.

15. In Carmack 1, Chase filed a motion to confirm arbitration award which was heard on August 2, 2007. On August 3, 2007, Judge Alsup granted Chase's motion to confirm arbitration award, a copy of which is attached hereto and referenced herein as Exhibit W and of which this Court is requested to take judicial notice.

14. Attached hereto and referenced herein as Exhibit X is a true and correct copy of the complaint in Orange County Superior Court Action No. 07WL02441, styled *Debbie Romano v. Chase Bank USA.* Defendant Chase Bank removed this case to U.S. District Court, Central District of California (Southern Division) on May 29, 2007.

15. Attached hereto as Exhibit Y is a true and correct copy of Romano's "form" dispute letter to Chase.

16. Attached hereto as Exhibit Z is a true and correct copy of Romano's "form" response to the NAF arbitration claim filed by Chase.

17. Attached hereto and referenced herein as Exhibit AA is a true and correct copy of the complaint in Los Angeles County Superior Court Action No. 07K04721, styled *Benjamin Millan v. Chase Bank USA, N.A.*, as Successor in Interest to Bank One Delaware NA. Defendant Chase Bank removed this case to U.S. District Court, Central District of California on April 30, 2007.

18. Attached hereto as Exhibit BB is a true and correct copy of Millan's "form" dispute letter to Chase.

19. Attached hereto as Exhibit CC is a true and correct copy of Millan's "form" response to the NAF arbitration claim filed by Chase.

20. Attached hereto as Exhibit DD is a true and correct copy of the complaint in the Superior Court of California, County of Orange, Action No. 07CL05746, styled *Matthew E. Taylor, Plaintiff v. Chase Bank, USA, N.A., as successor in interest to Bank One Delaware N.A., Defendant.*

21. Attached hereto as Exhibit EE is a true and correct copy of Taylor's "form" response to the NAF arbitration commenced by Chase.

22. Attached hereto as Exhibit FF is a true and correct copy of a Minnesota case, *Discover Bank v. Robin L. Roberts*, State of Minnesota, County of Otter Tail, Seventh Judicial District, Court File No. 56-C9-06-002359, referenced in Chase's memorandum of points and authorities in support of its motion to confirm arbitration award.

23. The present action was filed on April 9, 2007.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed in the City and County of San Francisco on October 29, 2007.

PAMELA J. ZANGER