NATIONAL ARBITRATION
# FORUM



# CODE OF
# PROCEDURE

**EXHIBIT K**

## PART I - SCOPE

| | | |
|---|---|---|
| RULE 1 | Arbitration Agreement | 1 |
| RULE 2 | Definitions | 1 |
| RULE 3 | Representation | 5 |
| RULE 4 | Confidentiality | 5 |

## PART II - COMMENCEMENT OF ARBITRATION

| | | |
|---|---|---|
| RULE 5 | Summary of Procedures | 6 |
| RULE 6 | Service of Claims, Responses, Requests, and Documents | 7 |
| RULE 7 | Filing | 8 |
| RULE 8 | Notices and Conferences | 9 |
| RULE 9 | Time Periods, Time Extensions, Adjournments, and Stays | 9 |
| RULE 10 | Time Limitations | 10 |

## PART III - DOCUMENTS

| | | |
|---|---|---|
| RULE 11 | Form and Parties | 11 |
| RULE 12 | Initial Claim | 11 |
| RULE 13 | Response | 12 |
| RULE 14 | Counter Claim | 13 |
| RULE 15 | Cross-claim | 14 |
| RULE 16 | Third Party Claim | 14 |
| RULE 17 | Amendment | 15 |
| RULE 18 | Request to Arbitrator or Forum | 16 |
| RULE 19 | Joinder, Intervention, Consolidation, and Separation | 17 |

## PART IV - ARBITRATORS

| | | |
|---|---|---|
| RULE 20 | Authority of Arbitrators | 18 |
| RULE 21 | Selection of Arbitrators | 18 |
| RULE 22 | Number of Arbitrators | 19 |
| RULE 23 | Disqualification of Arbitrator | 19 |
| RULE 24 | Communications with Arbitrators | 21 |

## PART V - HEARING

| | | |
|---|---|---|
| RULE 25 | Selection of a Document Hearing | 22 |
| RULE 26 | Selection of a Participatory Hearing | 22 |
| RULE 27 | Request for an Expedited Hearing | 23 |
| RULE 28 | Document Hearing | 25 |
| RULE 29 | Discovery | 26 |
| RULE 30 | Subpoena for In-person Participatory Hearing | 28 |
| RULE 31 | Exchange of Information Before a Participatory Hearing | 29 |
| RULE 32 | Location of an In-person Participatory Hearing | 29 |
| RULE 33 | Participatory Hearing | 30 |
| RULE 34 | Participatory Hearing Proceedings | 30 |
| RULE 35 | Evidence in a Participatory Hearing | 31 |
| RULE 36 | Arbitration Proceedings in Absence of a Party | 32 |

## PART VI - AWARDS AND ORDERS

| | | |
|---|---|---|
| RULE 37 | Awards | 33 |
| RULE 38 | Orders | 34 |
| RULE 39 | Entry and Service of Awards and Orders | 34 |
| RULE 40 | Voluntary Dismissal | 34 |
| RULE 41 | Involuntary Dismissal | 35 |
| RULE 42 | Correction | 36 |
| RULE 43 | Reopening and Reconsideration | 36 |

## PART VII - FEES

| | | |
|---|---|---|
| RULE 44 | Fees | 38 |
| RULE 45 | Waiver of Fees | 40 |

## PART VIII - CODE PROVISIONS

| | | |
|---|---|---|
| RULE 46 | Compliance with Rules | 41 |
| RULE 47 | Legal Proceedings | 41 |
| RULE 48 | Interpretation and Application of Code | 42 |

## APPENDIX A

Notice of Arbitration

## APPENDIX B

Second Notice of Arbitration

<u>PART I</u>

<u>SCOPE</u>

**RULE 1.  Arbitration Agreement.**

A.  Parties who contract for or agree to arbitration provided by the Forum or this Code of Procedure agree that this Code governs their arbitration proceedings, unless the Parties agree to other procedures.  This Code shall be deemed incorporated by reference in every Arbitration Agreement, which refers to the National Arbitration Forum, the International Arbitration Forum, the Arbitration Forum, adrforum.com, Forum or this Code of Procedure, unless the Parties agree otherwise.  This Code shall be administered only by the National Arbitration Forum or Forum.

B.  Parties may agree to submit any matter, including any Claim for legal or equitable relief, to arbitration unless prohibited by applicable law.

C.  Arbitrations will be conducted in accord with the applicable Code of Procedure in effect at the time the Claim is filed, unless the law or the agreement of the Parties provides otherwise.  A case that has been Stayed, extended or Adjourned for more than one hundred-eighty (180) days may be subject to the Code of Procedure and Fee Schedule in effect at the time the case proceeds.

D.  Parties may modify or supplement these rules as permitted by law.  Provisions of this Code govern arbitrations involving an appeal or a review de novo of an arbitration by other Arbitrators.

**RULE 2.  Definitions.**

For purposes of this Code, the following definitions apply:

A.  Affidavit:  A Written statement of a person who asserts the statement to be true under penalty of perjury or who makes the statement under oath before a notary public or other authorized individual.

B.  Adjournment:  A continuance or delay for a specific period of time requested after the appointment of an Arbitrator.  See Time Extension and Stay.

C.  Amendment:  A change made to a Claim after it has been served on the Respondent and any change made to a Response after it has been filed and Delivered to all Parties.

D. Appearance: Any filing by a Party or Party's Representative under Rules 12, 13, 19B, 41A or 44H.

E. Arbitration Agreement: Any Written provision in any agreement between or among the Parties to submit any dispute, controversy or Claim to the Forum or to arbitration under this Code.

F. Arbitrator: An individual selected in accord with the Code or an Arbitration Agreement to render Orders and Awards, including a sole Arbitrator and all Arbitrators of an arbitration panel. No Arbitrator may be a director or officer of the Forum. A Party Arbitrator is an Arbitrator selected by a Party to serve as a member of a panel of Arbitrators in accord with the agreement of the Parties.

G. Award: Any Award establishing the final rights and obligations of the Parties or as otherwise provided by this Code or by law.

H. Claim: Any Claim submitted by any Party including an Initial Claim, Cross-claim, Counter Claim, and Third Party Claim.

I. Claimant: Any individual or Entity making any Claim under this Code.

J. Claim Amount: The total value of all relief sought. A Claimant seeking non-monetary relief states a monetary value for this relief for purposes of establishing the Claim Amount.

K. Common Claim: A Claim Amount less than $75,000.

L. Consumer: An individual, who is not a business or other Entity, whose Claim or Response against a business or other Entity arises:

   (1) From a transaction or event entered into primarily for personal, family or household purposes;

   (2) From an existing, past or prospective employment relationship with an employer Party; or

   (3) From a transaction or event involving any aspect of health care.

M. Delivery: Delivery to the address of a Party, the Forum or an Arbitrator by the postal service of the United States or any country, or by a reliable private service, or by facsimile, e-mail, electronic or computer transmission.

N. Director: The Director of Arbitration and the Forum staff administer arbitrations under this Code or under other rules agreed to by the Parties.

O. Document: Any Writing or data compilation containing information in any form, including an agreement, record, correspondence, tape, e-mail, video, audio, disk, computer file, electronic attachment, notice, memorandum or other Writings or data compilations.

P. E-commerce Transaction: All contracts and agreements entered into, in whole or in part, by electronic or computer communication and all transactions consummated through electronic or computer communication.

Q. Entity: Any association, business, company, cooperative, corporation, country, governmental unit, group, institution, organization, partnership, sole proprietorship, union or other establishment.

R. Fee Schedule: The Fee Schedule appears in a supplement to this Code.

S. Forum: The National Arbitration Forum, the International Arbitration Forum, the Arbitration Forum, arbitration-forum.com, and adrforum.com constitute the administrative organization conducting arbitrations under this Code. The Forum administers arbitrations in accord with this Code.

T. Hearing: Hearings include:

   (1) Document Hearing: A proceeding in which an Arbitrator reviews documents or property to render an Order or Award and the Parties do not attend.

   (2) Participatory Hearing: Any proceeding in which an Arbitrator receives testimony or arguments and reviews documents or property to render an Order or Award. The types of Participatory Hearings include:

      a. In-person Hearing – A Hearing at which the participants may appear before the Arbitrator in person;

      b. Telephone Hearing – A Hearing at which the participants may appear before the Arbitrator by telephone; and,

      c. On-line Hearing – A Hearing at which the participants may appear before the Arbitrator on-line, by e-mail or by other electronic or computer communication.

U. Interim Order: Any Order providing temporary or preliminary relief pending a final Award.

V. Large Claim: A Claim Amount of $75,000.00 or more.

W. Order: Any Order establishing specific rights and obligations of the Parties.

   (1) A Dispositive Order results in a final Award or dismissal of any Claim or Response.

~~(2) All other Orders are Non-dispositive.~~

X.    Party: Any individual or Entity who makes a Claim or against whom a Claim is made including Claimants, Respondents, Cross-claimants, and Third Parties.

Y.    Party Witness: Any person who is an individual Party or who is an employee of an entity Party at the time of the service of the subpoena.

Z.    Proof of Service: An Affidavit stating how service was made.

AA.    Receive or Receipt: The Delivery or other effective notice to the Forum, or to a Party at the address of the Party or Party Representative.

BB.    Representative: Any individual, including an attorney, who makes an appearance on behalf of a Party.

CC.    Request: Any Request by a Party directed to an Arbitrator or the Forum for an Order or other relief, including any motion, petition or other type of Request.

DD.    Respondent: Any Party against whom a Claim is made.

EE.    Response: Any Written Response by a Party or Representative to any Claim.

FF.    Sanctions: Sanctions include dismissal of the arbitration or the Claims or Responses; preclusion of evidence; admission of facts; payment of costs; payment of fees including reasonable attorney fees, Arbitrator fees, and arbitration fees; the rendering of an Order or Award; and other Sanctions deemed appropriate. Sanctions may be imposed against a Party, a Representative or both.

GG.    Signature or Signed: Any mark, symbol or device intended as an attestation, produced by any reliable means, including an electronic transcription intended as a Signature.

HH.    Stay: A delay for an indefinite period of time requested by a Claimant before an Arbitrator is appointed. See Time Extension and Adjournment.

II.    Time Extension: A continuance or delay for a specific period of time requested before the appointment of an Arbitrator. See Adjournment and Stay.

JJ.    With Prejudice: The case cannot be brought again. The Claimant cannot subsequently bring the same Claim against the Respondent.

KK.    Without Prejudice: The case may be brought again. The Claimant can subsequently file the same Claim against the same Respondent.

LL. Writing or Written: Any form intended to record information, including symbols on paper or other substance, recording tape, computer disk, electronic recording, and video recording and all other forms.

## RULE 3. Representation.

A. Parties may act on their own behalf or may be represented by an attorney or by a person who makes an appearance on behalf of a Party.

B. Parties, their Representatives, and all participants shall act respectfully toward the Forum staff, the Arbitrator, other Parties, Representatives, witnesses, and participants in the arbitration.

## RULE 4. Confidentiality.

Arbitration proceedings are confidential unless all Parties agree or the law requires arbitration information to be made public. Arbitration Orders and Awards are not confidential and may be disclosed by a Party. The Arbitrator and Forum may disclose case filings, case dispositions, and other case information filed with the Forum as required by a Court Order or the applicable law.

## PART II

## COMMENCEMENT OF ARBITRATION

**RULE 5. Summary of Procedures.**

A.  Claim.  A Party begins an arbitration by filing with the Forum a properly completed copy of the Initial Claim described in Rule 12, accompanied by the appropriate filing fee which appears in the Fee Schedule.  The Forum reviews the Claim, opens a file, assigns a file number, and notifies the Claimant, who then serves the Respondent in accord with Rule 6.

B.  Response.  A Respondent may file a Response as explained in Rule 13 or respond otherwise as explained in these rules and the Notices of Arbitration, which appear in Appendices A and B.  If there is no timely Response, the arbitration proceeds in accord with Rule 36.

C.  After a Response.  The arbitration proceeds in accord with a Scheduling Notice issued by the Forum or by action by the Parties.

D.  Hearing.  A Party may select a Document Hearing under Rule 25 or a Participatory Hearing under Rule 26 and pay the fee, if any, listed in the Fee Schedule.  Parties have a full and equal right to present relevant and reliable direct and cross examination testimony, documents, exhibits, evidence, and arguments.  A record may be made of Participatory Hearings.

E.  Arbitrator.  The Parties select an Arbitrator(s) by mutual agreement in accord with Rules 21, 22, and 23.  A neutral Arbitrator shall not serve if circumstances exist that create a conflict of interest or cause the Arbitrator to be unfair or biased.

F.  Discovery.  Before a Hearing is held, Parties shall cooperate in the discovery process and may exchange and obtain discovery in accord with Rule 29.

G.  Requests.  Parties may seek appropriate relief or remedies in accord with Rule 18.

H.  Fee Schedules.  The Fee Schedules appear in a supplement to this Code.  The Forum Fee Schedules are a model of fair cost and fee allocation.  The Common Claim Fee Schedule governs amounts under $75,000, and the Large Claim Fee Schedule governs all other Claim Amounts.

I.  Consumers.  See Rule 2L.  Consumers include Consumers, employees, and patients. Consumers pay only reasonable arbitration fees as explained in these Rules and the Fee

Schedule, and as required by the applicable law. Other Parties may have to pay fees for Consumers.

J.   Indigent Parties. In accord with Rule 45, Consumers who meet the United States Federal poverty standards need not pay arbitration fees.

K.   Substantive Law and Remedies. All types of remedies and relief available in court are available in arbitration. An Arbitrator follows the applicable substantive law and may grant any remedy or relief provided by law in deciding a case, in accord with Rules 20, 37, and 38. Claims, Responses, remedies or relief cannot be unlawfully restricted, and Parties may effectively pursue any remedy or relief in arbitration including statutory, common law, and all other lawful remedies and relief.

L.   Award or Order. After a Hearing, an Arbitrator shall promptly issue an Award or Order in accord with Rule 37 or 38. Reasons, findings of fact, and conclusions of law shall be in accord with Rule 37 or 38.

M.   Review and Enforcement. An Award may be enforced in any court of competent jurisdiction, as provided by applicable law. An Award or Order may be reviewed by a court with jurisdiction to determine whether the Arbitrator properly applied the applicable substantive law and whether the arbitration complied with applicable arbitration laws.

N.   Public Information. Arbitration information may be made public in accord with Rule 4 or as required by Court Order.

O.   Access to Justice. This Code shall be interpreted to provide all Parties with a fair and impartial arbitration and with reasonable access to civil justice. Arbitrations under the Code are governed by the Federal Arbitration Act in accord with Rule 48B.

**RULE 6. Service of Claims, Responses, Requests, and Documents.**

A.   After being notified by the Forum that a Claim has been accepted for filing in accord with Rules 7 and 12, and a file number has been provided, the Claimant shall promptly serve on each Respondent one (1) identical copy of the Initial Claim Documents, containing the Forum file number, together with a Notice of Arbitration substantially conforming to Appendix A of this Code, including notice that the Respondent may obtain a copy of the Code, without cost, from the Claimant or the Forum.

B.   Service of Initial Claims and Third Party Claims shall be effective if done by:

  (1)   United States Postal Service Certified Mail Signed return receipt or equivalent service by the national postal service of the country where the Respondent resides or does business;

7

(2) Delivery by a private service with the Delivery receipt Signed by a person who Received the Documents;

(3) Delivery with a Written acknowledgment of Delivery by the Respondent or a Representative;

(4) In accord with the Federal Rules of Civil Procedure of the United States or the rules of civil procedure of the jurisdiction where the Respondent entered into the Arbitration Agreement;

(5) In accord with any agreement of the Party served;

(6) For Claims related to or arising from an E-commerce Transaction, Delivery to the e-mail address of the Party served, Receipt confirmed; or

(7) Service is complete upon Receipt by the Party served or the filing of a Response with the Forum by a Respondent.

C. Service of Responses, Counter Claims, Cross-claims, Requests, notices, and Documents shall be by Delivery, as defined in Rule 2M, to the address of all Parties or their Representatives at their addresses of record with the Forum, or by using service methods for an Initial Claim in Rule 6B. Amended Claims shall be served or Delivered as provided in Rule 17D.

D. The Party serving or Delivering a Claim, Response, Request, notice or Document shall timely Deliver copies to all Parties not required to be served. This rule does not apply to a Rule 45 Request.

E. Parties and Representatives shall immediately notify the Forum and all other Parties of their mail, facsimile and e-mail address and any changes in their addresses. If they fail to do so, Parties and their Representatives agree to Receive service at the previous address provided to the Forum.

RULE 7. Filing.

A. A Party who serves a Claim or Response shall timely file these and all other Documents and Proof of Service with the Forum. The filing of Proof of Service constitutes a certification that the service conforms to Rule 6. A Party who files paper Documents with the Forum shall file two (2) copies. A Party who files Documents online need only file one set of Documents.

B. Parties may file by Delivery as defined in Rule 2M, in person, or by other methods of filing authorized by the Forum at:

P.O. Box 50191
Minneapolis, Minnesota USA 55405-0191

8

or

www.adrforum.com

or

file@adrforum.com

or

Fax: 952-345-1160

C. Upon Proof of Service of an Initial Claim, where no Response has been filed, the Forum shall mail to Respondent the Second Notice of Arbitration, substantially conforming to Appendix B of this Code.

D. The Forum may distribute copies of Documents filed with the Forum to Parties or their Representatives who have entered an Appearance with the Forum.

E. Filing is complete upon Receipt by the Forum of all required Documents and fees. Claims, Responses, Requests, Notices, and all other Documents Received by the Forum are not considered filed until all required Documents are Received together with all applicable fees.

F. The effective date of filing is the business day the Forum Receives all required Documents and fees. A submission is due before Midnight, United States Central time, on its due date.

**RULE 8. Notices and Conferences.**

A. The Forum may notify and communicate with a Party or Parties by Writing, facsimile, e-mail, telex, telegram, telephone, in person or by other means of communication.

B. The Forum or Arbitrator may conduct a conference with a Party or Parties to discuss procedural matters on the initiative of the Forum or at the Request of a Party or Arbitrator.

C. The Forum may issue a Scheduling Notice regarding the Hearing process.

**RULE 9. Time Periods, Time Extensions, Adjournments, and Stays.**

A. **Time Periods.** In computing any period of time under this Code, the day of the act or event from which the designated period of time begins to run shall not be included.

B. **Holidays.** Saturdays, Sundays, and federal holidays of the United States are included in the computation of time, except when they fall on the last day of a period.

C. **Enforcement.** The time periods established in this Code are to be strictly enforced and a Party's untimely Claim, Response, Request, Notice, Document or submission may be denied solely because it is untimely.

9

D. **Time Extensions.** The Forum may extend time periods in this Code. A Request for a Time Extension must be filed with the Forum and delivered on all other Parties within five (5) days before the time period ends or no later than a deadline established by a Scheduling Notice, whichever is earlier, and must be accompanied by a fee, if any, as provided in the Fee Schedule. A Request submitted after the time period has ended will not be considered unless extraordinary circumstances exist.

E. **Adjournments.** An Arbitrator may Adjourn the arbitration process or a Hearing to a later date. A Rule 18 Request for an Adjournment must be filed with the Forum and served on the other Parties within seven (7) days before the scheduled event and must be accompanied by a fee, if any, as provided in the Fee Schedule. A Request submitted after the time period has ended will not be considered unless extraordinary circumstances exist. Any other Party may object to a Request by filing with the Forum and serving on all other Parties an objection within three (3) days of the Request being filed with the Forum.

F. **Stays.** A Claimant may obtain a Stay of a case for an indefinite period of time by filing with the Forum and serving on all other Parties a Stay Notice prior to the appointment of an Arbitrator. An opposing Party may end a Stay by filing with the Forum and serving on all Parties, within fifteen (15) days of the Notice being filed with the Forum, an objection which ends the Stay. Claimant may file only one (1) Stay Notice and may seek a subsequent Stay by submitting a Rule 18 Request. A Stay suspends the time when proceedings and hearings occur and when Documents and Fees are due.

G. **International.** For arbitration Hearings to be held outside of the United States, an additional thirty (30) days shall be added to the time periods in Rule 13 of this Code. Additional time for other proceedings will be made available at the determination of the Forum or at the Request of a Party.

**RULE 10. Time Limitations.**

A. No Claim may be commenced after the passage of time which would preclude a Claim regarding the same or similar subject matter being commenced in court. This time limitation shall be suspended for the period of time a court of competent jurisdiction exercises authority over the Claim or dispute. This rule shall not extend nor shorten statutes of limitation or time limits agreed to by the Parties, nor shall this rule apply to any case that is directed to arbitration by a court of competent jurisdiction.

B. An arbitration shall commence on the date the Respondent is served with the Initial Claim Documents or the date a Response is filed with the Forum, whichever is earlier.

---

## PART III

## DOCUMENTS

**RULE 11.  Form and Parties.**

A.  Every Claim, Response, Amendment, and Request shall be in Writing and Signed by a Party or Representative.

B.  Parties and Representatives shall provide the Forum and all Parties with their names, current address, an address where service will be accepted, telephone numbers, and available facsimile numbers and e-mail addresses.  Respondents shall provide the Forum with the address of their residence or business for determination of the proper location of the Hearing in accord with Rule 32.

C.  Statements in Claims, Responses, Amendments, and Requests may be made in separate or numbered sentences, paragraphs or sections, and may refer to exhibits attached to Claims, Responses, Requests or Documents.

D.  English is the language used in Forum proceedings.  If the Parties agree to use another language, the Forum or Arbitrator may Order the Parties to provide translations at their own cost.

E.  A Party may be:

   (1)  An executor, administrator, guardian, bailee, trustee, or

   (2)  An assignee, a successor in interest, a recipient of a transfer of interest, or

   (3)  A guardian, conservator, fiduciary, or other legal Representative for an infant or incompetent person.

Proof of the status of a Party under this rule must be made by an Affidavit filed with the Forum.  A Party who contests the status of another Party may file a Rule 18 Request for relief with the fee, if any, as provided in the Fee Schedule.

**RULE 12.  Initial Claim.**

A.  An Initial Claim, which begins an arbitration in accord with Rule 6 of this Code, shall include:

   (1)  A statement in plain language of the dispute or controversy, the facts and the law (if known) supporting the Claim, the specific relief requested and the reasons

11

supporting the relief, the specific amount and computation of any money or damages, the specific value of non-monetary or other relief, the specific amount and computation of any interest, costs, and attorney fees under Rule 12B, and other relevant and reliable information supporting the Claim;

(2) A copy of the Arbitration Agreement, or, if not in the possession of the Claimant, notice of the location of a copy of the Arbitration Agreement;

(3) A copy of Documents that support the Claim;

(4) An Affidavit asserting that the statements and Documents in the Claim are accurate; and

(5) The appropriate Filing Fee as provided in the Fee Schedule.

B. A Claimant who seeks costs and attorney fees must include this statement in the Claim and may either:

(1) State the specific amount sought in the Claim; or

(2) Amend the Claim to state the specific amount sought:

    a. For Document Hearings no later than ten (10) days from the date of the Notice of the Selection of an Arbitrator; or

    b. For Participatory Hearings no later than seven (7) days of the close of the Hearing; or

    c. For prevailing Parties, by Order of the Arbitrator.

C. After service of the Initial Claim on the Respondent, the Claimant shall promptly file with the Forum Proof of Service of the Initial Claim on the Respondent. A Claim shall not proceed to arbitration until the Forum has received a copy of the Proof of Service of the Initial Claim or a Response has been filed with the Forum.

D. An Arbitrator may reject, in whole or in part, an Initial Claim that does not substantially conform to this rule.

E. A Claimant may seek any remedy or relief allowed by applicable substantive law.

**RULE 13. Response.**

A. Upon service of an Initial Claim, Counter Claim, Cross-claim, or Third Party Claim on a Respondent, the Respondent shall Deliver to the Claimant and file with the Forum, within thirty (30) days from Receipt of service or fourteen (14) days from the date of the Second Notice of Arbitration, whichever is later, a Response which shall include:

(1) A Written Document stating in plain language a Response to the Claim or stating the Respondent has insufficient information to affirm or deny a statement. A

Response shall also include any defenses to each Claim made, the facts and the law (if known) supporting the defenses, including affirmative defenses and set offs;

(2) An objection to the arbitration of the Claim, if the Respondent so objects. A Response that does not assert this objection is an agreement to the arbitration of the Claim and a waiver of this objection which cannot be asserted in an Amendment;

(3) A copy of Documents that support the Response;

(4) Any Counter Claim the Respondent has against the Claimant in accord with Rule 14 of this Code, including the Counter Claim filing fee;

(5) Proof of Delivery of the Response to all other Parties; and

(6) Any fees as provided in the Fee Schedule or as required by the agreement of the Parties.

B. A Party may obtain ten (10) additional days to respond to an Initial Claim by filing with the Forum and Delivering to all other Parties an extension Notice before the Response is due. Only one (1) extension by Notice is available.

C. A Respondent who responds but does not state available replies, defenses or Claims may be barred by the Arbitrator from presenting such replies, defenses or Claims at the Hearing. The failure of a Respondent to deny a statement in a Claim may be considered by the Arbitrator as an admission of that statement.

D. An Arbitrator may reject, in whole or in part, a Response that does not substantially conform to this rule.

**RULE 14. Counter Claim.**

A. A Respondent may assert a Counter Claim against a Claimant by Delivering to the Claimant, as part of the Response in accord with Rule 13, Counter Claim Documents which include:

(1) A Counter Claim stating in plain language the dispute or controversy, the facts and the law (if known) supporting the Counter Claim, the specific relief requested and the reasons supporting the relief, the specific amount and computation of any money or damages, the specific value of non-monetary or other relief, the specific amount and computation of any interest, costs, and attorney fees under Rule 12B, and other relevant and reliable information supporting the Counter Claim;

(2) A copy of Documents that support the Counter Claim; and

13

(3)  An Affidavit asserting that the statements and Documents in the Counter Claim are accurate.

B.  The Respondent shall also pay the filing fee for a Counter Claim as provided in the Fee Schedule at the time of filing the Counter Claim with the Forum.

C.  An Arbitrator may reject, in whole or in part, Counter Claim Documents that do not substantially conform to this rule.

**RULE 15.  Cross-claim.**

A.  A Party may assert a Claim against a co-Party arising out of the same or related transaction or occurrence of the dispute or controversy by Delivering to the co-Party the Cross-claim Documents which include:

(1)  A Cross-claim setting forth in plain language the dispute or controversy, the facts and the law (if known) supporting the Cross-claim, the specific relief requested and the reasons supporting the relief, the specific amount and computation of any money or damages, the specific value of non-monetary or other relief, the specific amount and computation of any interest, costs, and attorney fees under Rule 12B, and other relevant and reliable information supporting the Cross-claim;

(2)  A copy of all Documents that support the Cross-claim; and

(3)  An Affidavit asserting that the statements and Documents in the Cross-claim are accurate.

B.  A Party shall Deliver a Cross-claim on all Parties and shall file copies with the Forum within fifteen (15) days of the date of service of a Response.

C.  The Cross-claimant shall file with the Forum, promptly after Delivery of the Cross-claim, the proof of Delivery of the Cross-claim on all Parties, with the fee for filing a Cross-claim, if any, and the fee for a Hearing, if selected, as provided in the Fee Schedule.

D.  An Arbitrator may reject, in whole or in part, Cross-claim Documents that do not substantially conform to this Rule.

**RULE 16.  Third Party Claim.**

A.  If a Respondent asserts that a non-Party, who has entered into an Arbitration Agreement but was not served by the Claimant, is responsible for the Award demanded, the Respondent may serve a Third Party Claim on this Party, which shall include:

(1) All information required in an Initial Claim in Rule 12 of this Code, including a copy of the Claim Documents that gave rise to the Third Party Claim; and

(2) A copy of the Arbitration Agreement, or notice of the location of a copy of the Arbitration Agreement.

B. The Third Party Claim shall be Delivered to all other Parties and a copy shall be filed with the Forum within thirty (30) days of the date of service of the Initial Claim, as required by Rule 16A.

C. The Third Party Claimant shall file with the Forum, promptly after service of the Third Party Claim the Proof of Service of the Third Party Claim on Third Party Respondent and proof of Delivery on all other Parties, with the fee for a Third Party Claim, and the fee for a Hearing, if selected, as provided in the Fee Schedule.

D. An Arbitrator may reject, in whole or in part, Third Party Claim Documents that do not substantially conform to this rule.

**RULE 17. Amendment.**

A. A Claim or Response may be Amended:

(1) By agreement of the Parties at any time;

(2) By Request, not later than the Scheduling Notice deadline or ten (10) days from the date of the Notice of Selection of an Arbitrator for a Document Hearing or thirty (30) days before the earliest date set for a Participatory Hearing, if the Amendment does not delay the arbitration and promotes fairness, efficiency, or economy, which Request shall be promptly decided by an Arbitrator; or

(3) By Request during or within three (3) days following a Document or Participatory Hearing, if the Arbitrator finds the Amendment conforms to the evidence received.

B. An Amendment of a Claim or Response, or a Request for an Amendment, shall be designated as such and promptly served on all Parties and filed with the Forum. An amended Claim which increases the Claim Amount shall also be accompanied by the additional filing fee in the Fee Schedule. An amended Claim, excluding Amendments agreed to by all Parties, shall also be accompanied by the Amendment Request Fee as provided in the Fee Schedule.

C. A Respondent shall respond to an amended Claim within the time remaining for a Response to the Initial Claim or within fifteen (15) days after service of the amended Claim, whichever time is longer, unless the Parties agree or an Arbitrator orders otherwise.

D.  After service of the Initial Claim, an Amendment of a Claim that increases the monetary amount of the value of relief sought in the Initial Claim must be served in accord with Rule 6B. All other Amendments may be Delivered in accord with Rule 2M.

E.  Any change to the Claim before service is made on Respondent is not an Amendment. After service, a reduction of the Claim Amount, a change of address of a Party, and the substitution of a successor in interest are not Amendments.

F.  An Amendment of a Claim shall relate back to the time the Initial Claim was commenced unless otherwise provided by applicable law.

**RULE 18.  Request to Arbitrator or Forum.**

A.  A Party may Request an Order or other relief from an Arbitrator or the Forum by filing with the Forum:

    (1)  A Document stating in plain language:

        a.  The Request;
        b.  The specific rule, if any, relied on for an Order or other relief;
        c.  The specific relief or Order sought;
        d.  The facts and law supporting the Request; and
        e.  Any other relevant and reliable information.

    (2)  All Documents that support the Request, Order or relief;

    (3)  Proof of Delivery of the Request Documents on all Parties; and

    (4)  The fee, as provided in the Fee Schedule.

B.  The Party shall Deliver the Rule 18A(1) and (2) Documents to all Parties at the time of filing.

C.  Any other Party may object to a Request by filing with the Forum and Delivering to each other Party a Written objection(s) within ten (10) days of Delivery of the Request, unless another time is provided by rule or is necessary based on the relief requested.

D.  Requests directed to the Forum are decided by the Forum as permitted by the Code. Requests directed to an Arbitrator are decided by an Arbitrator. Prior to the appointment of an Arbitrator, Requests may be granted by the Forum as permitted by this Code.

E.  All Requests or motions made by a Party are Rule 18 Requests.  A Party filing a Request or objection must pay the fee, if any, as provided in the Fee Schedule.  A Request or motion to reconsider is usually not granted, unless the controlling law has changed. The Fee Schedule lists fees that may accompany Rule 18 Requests, objections, procedures, and proceedings.

F. No Request may be filed later than the Scheduling Notice deadline or fifteen (15) days before a Participatory Hearing or for Document Hearings later than ten (10) days from the date of the Notice of the Selection of an Arbitrator, unless another time is provided by rule or is necessary based on the relief requested.

RULE 19. Joinder, Intervention, Consolidation, and Separation.

A. Any individual or Entity may, as agreed to by the Parties or as required by applicable law, join any dispute, controversy, Claim or Response in an arbitration by filing a Claim Document stating the grounds. An Arbitrator has no authority to issue an Order or Award binding any individual or Entity not a Party, unless that individual or Entity agrees or as required by applicable law. The Forum may require a Party to pay a fee.

B. Any individual or Entity that entered into the Arbitration Agreement between Claimant and Respondent may intervene in an arbitration if a common question of fact or law arising from the same or related transaction or occurrence exists and such a proceeding promotes fairness, efficiency or economy. The Forum may require a Party to pay a fee.

C. Separate arbitrations involving the same named Parties and a common question of fact or law arising from the same or related transaction or occurrence shall be consolidated at the Request of a Party or at the determination of the Forum if the consolidation promotes fairness, efficiency or economy. A Party may challenge this consolidation by filing a Rule 18 Request for severance, and an Arbitrator shall promptly decide this Request by determining whether consolidation or severance promotes fairness, efficiency or economy. The Forum may require a Party to pay a fee.

D. An arbitration involving multiple Claims or Responses or Parties may be separated into individual Hearings if such proceedings promote fairness, efficiency or economy. The Forum may require the Party or Parties to pay Hearing fees for separate Hearings.

E. A Request by an individual or Entity to join or intervene or a Request by a Party for separation must be filed in accord with Rule 18.

F. An Arbitrator shall promptly decide Requests for joinder, intervention, severance or separation. Any decision by an arbitrator joining, consolidating or aggregating parties or claims is an Award under 9 U.S.C. Section 9.

## PART IV

## ARBITRATORS

### RULE 20. Authority of Arbitrators.

A.  Arbitrators have the powers provided by this Code, the agreement of the Parties, and the applicable law.

B.  Arbitrators selected in accord with Rule 21A(3) shall take an oath prescribed by the Director and shall be neutral and independent.

C.  Arbitrators shall decide all arbitrable issues submitted by the Parties and do not have the power to decide matters not properly submitted under this Code.

D.  An Arbitrator shall follow the applicable substantive law and may grant any legal, equitable or other remedy or relief provided by law in deciding a Claim, Response or Request properly submitted by a Party under this Code. Claims, Responses, remedies or relief cannot be unlawfully restricted.

E.  An Arbitrator shall have the power to rule on all issues, Claims, defenses, and objections relating to the existence, scope, and validity of the contract, transaction, or relationship of the Parties.

F.  An Arbitrator shall have the power to rule on all issues, claims, responses, and objections regarding the existence, scope, and validity of the arbitration agreement including all objections relating to jurisdiction, unconscionability, contract law, and enforceability of the arbitration agreement.

### RULE 21. Selection of Arbitrators.

A.  Parties select an Arbitrator(s):

    (1)  By selecting an Arbitrator or a panel of Arbitrators on mutually agreeable terms; or

    (2)  By each Party selecting an Arbitrator and those Arbitrators selecting another Arbitrator for a panel of Arbitrators; or

    (3)  In the absence of an election of Rule 21A(1) or (2), by using the selection process in Rules 21B through 23 of this Code.

Parties must notify the Forum of their election of Rule 21A(1) or (2), or other agreement for Arbitrator selection, no later than thirty (30) days after the filing of a Response with the Forum.

B. For Large Claim Hearings, the Forum shall provide to each Party making an Appearance a list of Arbitrator candidates equal in number to the number of Parties plus the number of Arbitrators required under Rule 22. Each Party making an Appearance may strike one of the candidates and may Request disqualification of any candidate in accord with Rule 23C by notifying the Forum in Writing, within ten (10) days of the date of the strike list.

C. For Common Claim Hearings, the Forum shall submit one Arbitrator candidate to all Parties making an Appearance. A Party making an Appearance may remove one Arbitrator candidate by filing a notice of removal with the Forum within ten (10) days from the date of the notice of Arbitrator selection. A Party making an Appearance may request disqualification of any subsequent Arbitrator in accord with Rule 23.

D. Upon Request for an Expedited Hearing or if the need for an Arbitrator arises before an Arbitrator is designated in accord with Rule 21A, an Arbitrator shall be promptly designated by the Forum.

E. Unless the Parties agree otherwise, in cases involving citizens of different countries, the Forum may designate an Arbitrator or Arbitrator candidate based, in part, on the nationality and residence of the Arbitrator or Arbitrator candidate, but may not exclude an Arbitrator solely because the person is a citizen of the same country of a Party.

F. A Party may request Receipt of the Notice of Arbitrator selection by notifying the Forum, in Writing, within ten (10) days from the date Claimant files Proof of Service of the Initial Claim. Notices related to Arbitrator selection need not be provided to a Party who has failed to respond to a Claim or otherwise appear or defend or pay fees as provided by this Code.

## RULE 22. Number of Arbitrators.

Unless the Parties agree otherwise, for all Hearings, one (1) Arbitrator shall conduct the Hearing and issue an Award. Where the Parties have agreed to more than one (1) Arbitrator, that number of Arbitrators will serve and the Forum shall designate the chair of the panel, unless the Parties agree otherwise.

## RULE 23. Disqualification of Arbitrator.

A. An Arbitrator shall be disqualified if circumstances exist that create a conflict of interest or cause the Arbitrator to be unfair or biased, including but not limited to the following:

> (1) The Arbitrator has a personal bias or prejudice concerning a Party, or personal knowledge of disputed evidentiary facts;

(2) The Arbitrator has served as an attorney to any Party, the Arbitrator has been associated with an attorney who has represented a Party during that association, or the Arbitrator or an associated attorney is a material witness concerning the matter before the Arbitrator;

(3) The Arbitrator, individually or as a fiduciary, or the Arbitrator's spouse or minor child residing in the Arbitrator's household, has a direct financial interest in a matter before the Arbitrator;

(4) The Arbitrator, individually or as a fiduciary, or the Arbitrator's spouse or minor child residing in the Arbitrator's household, has a direct financial interest in a Party;

(5) The Arbitrator or the Arbitrator's spouse or minor child residing in the Arbitrator's household has a significant personal relationship with any Party or a Representative for a Party; or

(6) The Arbitrator or the Arbitrator's spouse:

    a. Is a Party to the proceeding, or an officer, director, or trustee of a Party; or,
    b. Is acting as a Representative in the proceeding.

B. An Arbitrator shall provide the Forum with a complete and accurate resume, a copy of which the Forum shall provide the Parties at the time of the selection process. An Arbitrator shall disclose to the Forum circumstances that create a conflict of interest or cause an Arbitrator to be unfair or biased. The Forum shall disqualify an Arbitrator or shall inform the Parties of information disclosed by the Arbitrator if the Arbitrator is not disqualified.

C. A Party making an Appearance may request that an Arbitrator be disqualified by filing with the Forum a Written Request stating the circumstances and specific material reasons for the disqualification. A Party who knows or has reason to know of circumstances disqualifying an Arbitrator must immediately disclose those circumstances to the Arbitrator, the Forum, and all other Parties. A Party who fails to timely and properly disclose disqualifying circumstances agrees to accept the Arbitrator and waives any subsequent objection to the Arbitrator in the pending arbitration or any other legal proceeding.

D. A Request to disqualify an Arbitrator must be filed with the Forum within ten (10) days from the date of the Notice of Arbitrator selection. The Forum shall promptly review the Request and shall disqualify the Arbitrator if there exist circumstances requiring disqualification in accord with Rule 23A or other material circumstances creating bias or the appearance of bias.

E.  If an Arbitrator is disqualified or becomes unable to arbitrate before the issuance of an Award, the Forum shall designate a new Arbitrator or panel or re-schedule the hearing, unless the Parties agree otherwise.

**RULE 24.  Communications with Arbitrators.**

A.  No Party or Party Representative shall directly communicate with an Arbitrator except at a Participatory Hearing, by providing Documents in accord with this Code, or during a conference with the Arbitrator scheduled by the Forum.

B.  No Party or Party Representative shall communicate with a Party Arbitrator after the complete panel of Arbitrators has been selected, except at a Participatory Hearing, by providing Documents in accord with this Code, or during a conference with the Arbitrator scheduled by the Forum.

<u>PART V</u>

<u>HEARING</u>

**RULE 25.  Selection of a Document Hearing.**

A.  In Common Claim cases, a Document Hearing shall be scheduled upon the filing of a Response and Receipt of the Administrative Fee.

B.  In Large Claim cases, a Party may select a Document Hearing by filing a Written selection with the Forum, served on all other Parties by Delivery as defined in Rule 2M, and accompanied by a written estimate of the number of hours or days required for the hearing and the fee for the Document Hearing provided in the Fee Schedule.

C.  The Forum shall provide Written notice of a Document Hearing to all Parties not later than fifteen (15) days before the Document Hearing.

D.  If another Party selects a Participatory Hearing, the Document Hearing shall be part of the Participatory Hearing.

E.  For sufficient reason, the Forum or Arbitrator may postpone a Document Hearing at the Request of a Party or on the initiative of the Arbitrator or Forum.

**RULE 26. Selection of a Participatory Hearing.**

A.  A Party may select a Participatory Hearing of any type by:

    (1)  Filing a Written selection for a Participatory Hearing containing the information required in Rule 26B;

    (2)  Designating the type of Participatory Hearing requested:  In-person, Telephone, or On-line; and

    (3)  Serving by Delivery, as defined by Rule 2M, the selection on all other Parties.

    (4)  For Common Claim cases, a selection of a Participatory Hearing must be filed with the Forum not later than fifteen (15) days after the Delivery of a Response. A Request for a Participatory Hearing made after this time may be filed in accord with Rule 18.

    (5)  The failure to timely select a Participatory Hearing is a waiver of the right to a Participatory Hearing.

B.  Parties to a Participatory Hearing shall provide:

(1)  The Party's estimate of the number of hours or days required, taking into account the rights of all Parties under Rules 34B and 35A;

(2)  The names of witnesses proposed to offer evidence at the Hearing;

(3)  The number of exhibits to be offered at the Hearing and their description;

(4)  Any Request or requirement for a Written Award accompanied by the appropriate fee; and

(5)  The fee for the Hearing as provided in the Fee Schedule.

No selection for a Participatory Hearing session is effective without payment of the appropriate fee, unless a waiver under Rule 45 has been granted.

C.  The Forum shall set the date, time, place, and length of the Participatory Hearing and notify all Parties of the Hearing at least thirty (30) days before the beginning of the Participatory Hearing.

D.  Before or after the beginning of a Participatory Hearing, if it is determined that the Participatory Hearing requires additional sessions, the Forum or Arbitrator shall require that the responsible Party pay for additional sessions in accord with Rule 44, or may suspend the Hearing until the additional sessions are properly scheduled.

E.  For sufficient reason, the Forum or Arbitrator may postpone a Participatory Hearing at the Request of a Party or on the initiative of the Arbitrator or Forum.

RULE 27.  Request for an Expedited Hearing.

A.  A Party may Request an Expedited hearing to obtain expedited relief in an Order or Award. A Request for an Expedited Hearing may be brought when the Respondent is served with Claim Documents or at any time before an Award becomes final and shall be accompanied by an explanation of the reasons for the expedited relief and the applicable law and by the fee as provided in the Fee Schedule.

B.  An Arbitrator shall promptly decide the Request.

C.  The requesting Party shall serve Notice of the Expedited Hearing on all Parties not less than forty-eight (48) hours before the time set for the Expedited Hearing. Proof of Service of this Notice shall be filed with the Forum before the Expedited Document Hearing or shall be presented at the Expedited Participatory Hearing.

D. A Party may seek a temporary restraining Order or a preliminary injunction to prevent irreparable injury by requesting an Expedited Hearing and filing with the Forum and serving on the Respondent and any other Parties the following:

   (1)   An Initial Claim in accord with Rule 12 or a Counter Claim or Third Party Claim;

   (2)   A Request that explains the irreparable injury and the specific reasons and Documents supporting the Request;

   (3)   An Affidavit from a person with personal knowledge describing the irreparable injury and specific facts;

   (4)   The proposed security for the relief sought;

   (5)   A proposed Order stating the specific relief sought, including a Hearing for a preliminary injunction if a temporary restraining Order is sought; and

   (6)   The fee as provided in the Fee Schedule.

E. Any Party may immediately file with the Forum and Deliver to all Parties an objection to the Request and a fee as provided in the Fee Schedule.

F. A temporary restraining Order may be granted without Written or oral notice to the Respondent or that Party's Representative only if:

   (1)   It clearly appears from specific facts shown by Affidavit that immediate and irreparable injury, loss or damage will result to the Requesting Party before the Respondent or that Party's Representative can be heard in opposition; and

   (2)   The Requesting Party or Representative of the Requesting Party certifies in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claims that notice should not be required.

   (3)   A temporary restraining Order granted without notice shall be immediately served on all Parties by the Requesting Party.

G. A preliminary injunction shall only be issued upon notice to all Parties.

H. An Expedited Telephone, Document or In-person Hearing shall be scheduled as soon as possible by the Forum. A Hearing for a temporary restraining Order shall be scheduled no later than forty-eight (48) hours from the time of filing or notice, whichever is later. If a temporary restraining Order is issued without notice, a Party may request that a Hearing with notice be held within forty-eight (48) hours of the issuance of the temporary restraining Order.

I. An Arbitrator will conduct the Hearing and issue an Order promptly, and the Forum will enter the Order promptly.

J. Every Order granting relief shall state the time and date of issuance, the reasons for the issuance including the irreparable injury, the specific conduct to be restrained, the duration of the Order, the security required, and, if applicable, the reason why it was issued without notice.

K. A temporary restraining Order shall expire within the time fixed in the Order, not to exceed ten (10) days, unless the Parties agree to a longer period of time or an Arbitrator issues a preliminary injunction.

L. If a Party who receives a temporary restraining Order fails to timely proceed with the Hearing for a preliminary injunction, the Arbitrator shall dissolve the temporary restraining Order.

M. A Hearing on a Request for a preliminary injunction may be consolidated by the Arbitrator with the final Hearing in the case upon a Request by a Party.

N. No temporary restraining Order or preliminary injunction shall be issued unless the Requesting Party provides security as deemed proper by the Arbitrator for the payment of costs and damages as may be incurred or suffered by a Party wrongfully restrained or enjoined.

O. Where security is given in the form of a bond, stipulation or other undertaking with a surety or sureties, each surety agrees to submit to the jurisdiction of the Forum and the arbitration and agrees to be bound by all Orders issued by the Arbitrator in the case including Orders affecting the liability of each surety on the bond, stipulation or undertaking.

**RULE 28. Document Hearing.**

A. A Party may submit any Document or property for consideration by the Arbitrator in a Document Hearing by filing with the Forum two (2) copies of the Document or property description and Delivering to all other Parties copies of the Document and property description.

B. Documents and property offered for consideration at a Document Hearing must be Received by the Forum and Delivered to all other Parties no later than ten (10) days from the date of the Notice of Selection of an Arbitrator as provided in Rule 21. Documents or property submitted after that date will be considered by Request of the submitting Party and granted by the Arbitrator for sufficient reason.

C. The Arbitrator shall determine the admissibility and weight of evidence and shall not be bound by rules of evidence.

25

D.  During a Document Hearing, the Arbitrator may Request that the Parties submit additional information or Documents, including legal memoranda.  Documents submitted in response to an Arbitrator's Request shall be filed with the Forum and Delivered to all other Parties no later than thirty (30) days after the date of the Request.  A Party may obtain forty-five (45) additional days to respond to an Arbitrator's Request by filing with the Forum and Delivering to all other Parties an extension notice before the initial thirty (30) day time period expires.  Only one (1) extension by notice is available.

E.  The Arbitrator may visit a site to examine a matter relating to the arbitration.

F.  The close of a Document Hearing occurs when the Arbitrator completes reviewing the Documents or property.

G.  The presence or involvement of a Party in a Hearing results in the waiver of any objections to the notice of the Hearing.

RULE 29.  Discovery.

A.  Cooperative Discovery. After a Response is filed, Parties shall cooperate in the exchange of Documents and information.  A Party seeking discovery shall contact other Parties and discuss discovery information and any objections and arrange for the exchange of Documents and information.

B.  Seeking Discovery.

   (1) If the Parties are unable to resolve discovery matters under Rule 29A, a Party may seek the disclosure of Documents, sworn answers to not more than twenty-five (25) Written questions, and one or more depositions before a Hearing where:

      a. The information sought is relevant to a Claim or Response, reliable, and informative to the Arbitrator;

      b. The cost is commensurate with the amount of the Claim; and

      c. The production of the information sought is reasonable and not unduly burdensome and expensive.

   (2) The Party seeking discovery shall Deliver to all other Parties a Notice identifying the Documents to be produced, Written questions to be answered, or the Notice of deposition identifying the deponent, the proposed length of time for the deposition, and the scope of the deposition, no later than thirty (30) days before the date of a Participatory Hearing or for a Document Hearing ten (10) days from the date of the Notice of the Selection of an Arbitrator.

   (3) A Party may seek other discovery, including Requests for admissions and Requests for physical or mental examinations, before a Hearing, where:

a. The information sought is relevant to a Claim or Response, reliable, and essential to a fair hearing of the matter;

b. The cost is commensurate with the amount of the Claim; and

c. The production of the information is reasonable and not unduly burdensome or expensive.

(4) The Party seeking discovery shall Deliver to all other Parties a copy of the Notice identifying the discovery sought no later than thirty (30) days before the date of a Participatory Hearing or for a Document Hearing ten (10) days from the date of the Notice of Selection of an Arbitrator.

C. Responding to Discovery. A Party Receiving a Notice shall Deliver to the Requesting Party:

(1) Within five (5) days after Receipt of the Notice of a deposition, a Written reply agreeing to the deposition or objecting to the deposition, including an explanation of the objections.

(2) Within twenty (20) days of the Receipt of the Notice for other discovery, a copy of the Documents Requested or a statement permitting an examination of the original Documents or property at a convenient time and place, sworn answers to the Written questions, or a Written agreement to provide other Requested discovery, or a Written objection explaining why all or some of the Documents, property or other discovery has not been provided.

D. Request for Discovery. If a Party objects in accord with this Rule, the Requesting Party may file with the Forum and Deliver to all Parties, no later than the Scheduling Notice deadline or ten (10) days after Receiving the objection:

(1) A Rule 18 Request for a Discovery Order;

(2) A copy of the Written objections; and

(3) A Written statement of reasons why the Requesting Party needs the discovery.

E. Decision. An Arbitrator shall promptly determine whether sufficient reason exists for the discovery and issue an Order.

F. Consequences. An Arbitrator may draw an unfavorable, adverse inference or presumption from the failure of a Party to provide discovery. An Arbitrator may impose Sanctions and costs and fees related to seeking or resisting discovery under Rule 29, including reasonable attorney fees, Arbitrator fees, and administrative fees against the non-prevailing Party.

RULE 30. Subpoena for In-person Participatory Hearing.

A. A Party may obtain a subpoena from an Arbitrator for a Participatory Hearing ordering a non-Party witness or other person permitted by law to produce Documents or property at the Hearing or ordering a witness to testify at the Hearing by filing with the Forum and serving on all other Parties a Rule 18 Request.

B. The Request shall state reasons for the relevancy and reliability of the Documents, property or testimony and shall identify the witness and describe the Documents or property.

C. A Request for a Rule 30 subpoena must be Received by the Forum no later than twenty (20) days before the In-person Participatory Hearing, unless the Scheduling Notice provides otherwise.

D. The subpoena shall be issued by an Arbitrator if the Request conforms to Rules 30A, 30B, and 30C and demonstrates the relevancy and reliability of the Documents, property or testimony. No Party, lawyer or Representative of a Party may issue a subpoena.

E. The subpoena shall be served:

   (1) By a person who is not a Party and is not less than eighteen (18) years of age if served upon a non-Party witness, or

   (2) By Delivery or personal service if served upon a Party witness or the Party. The subpoena must be Received by the person subpoenaed no later than five (5) days before the Hearing, unless the Arbitrator Orders otherwise.

F. A subpoena may be served on a non-Party witness at any place allowed by applicable law.

G. A subpoena served on a non-Party witness shall be accompanied by a witness fee of twenty-five dollars ($25) and reasonable travel reimbursement to and from the Hearing location and the residence or place of business of the non-Party. A subpoena for the production of Documents or property served on a non-Party witness shall also be accompanied by payment of the reasonable costs of producing the Documents and property.

H. Within five (5) days after being served with the subpoena or before the time specified in the subpoena to appear at the Hearing, if less than five (5) days, the witness or a Party may Request an Order that the subpoena be dismissed or modified. The Request shall conform to Rule 18 and shall state why the subpoena should be dismissed or modified.

I. If a witness or Party makes a Request under Rule 30H, an Arbitrator shall promptly determine whether sufficient reason exists for the Order, or enforce the subpoena.

J.   The Party having the subpoena served shall provide the Arbitrator with the Proof of Service of the subpoena if the witness fails to appear at the Hearing.

K.  Subpoenas issued under this Code may be enforced in accord with the applicable law. A subpoena not issued by an Arbitrator under this Rule is unenforceable.

L.  An Arbitrator may draw an unfavorable, adverse inference or presumption from the failure of a Party to produce a Party witness, in addition to imposing any other Sanction.

**RULE 31.  Exchange of Information Before a Participatory Hearing.**

A.  Before all Participatory Hearings, each Party shall Deliver to all other Parties and file with the Forum two (2) copies of:

    (1)  A list of all witnesses expected to testify and a summary of their testimony;

    (2)  A list and description of all exhibits to be introduced;

    (3)  A copy of all Documents and a detailed description of any property to be introduced at the Hearing;

    (4)  An Affidavit establishing the authenticity of any Document proposed to be introduced at the Hearing; and

    (5)  Any Request for additional Participatory Hearing sessions, accompanied by the fee as provided in the Fee Schedule.

B.  All Parties and the Forum shall Receive the lists, Documents, and Affidavits provided for in Rule 31A no later than ten (10) days before the Participatory Hearing, unless a Notice from the Forum or Arbitrator provides otherwise. Lists, Documents, and Affidavits may be submitted after that date only by Request of the submitting Party. Such Requests may be granted by the Arbitrator for sufficient reason.

C.  The Arbitrator may exclude witnesses, testimony or Documents sought to be introduced by a Party who fails to comply with Rules 31A and 31B.

**RULE 32.  Location of an In-person Participatory Hearing.**

A.  An In-person Participatory Hearing shall be held where the Arbitration Agreement designates or where the Parties agree or, in the absence of an agreement and for all Consumer cases, at a reasonably convenient location within the United States federal judicial district or other national judicial district where the Respondent to the Initial Claim resides or does business. A Respondent Entity does business where it has minimum contacts with a Consumer.

B.  Unless the Parties agree otherwise, if there is more than one Respondent to an Initial Claim, an In-person Participatory Hearing shall be held in the United States federal judicial district or other national judicial district where the majority of the Respondents to the Initial Claim resides or does business.  If there is no United States federal judicial district or other national judicial district where a majority of Respondents resides or does business, the Forum shall select a reasonably convenient location for the In-person Participatory Hearing.

## RULE 33.  Participatory Hearing.

A. A Participatory Hearing may include:

    (1)  An introduction by the Arbitrator.

    (2)  Opening statements by each of the Parties.  The Respondent and other Parties have the option of reserving the opening statement until the presentation of their evidence.

    (3)  Claimant's case.  The Claimant may introduce evidence, examine witnesses, and submit exhibits.  The Respondent and other Parties may also examine the witnesses and submit exhibits.

    (4)  Respondent's case.  The Respondent may introduce evidence, examine witnesses, and submit exhibits.  The Claimant and other Parties may also examine the witnesses and submit exhibits.

    (5)  Additional cases.  Other Parties may present their case.

    (6)  Rebuttal.  A Party may introduce additional evidence, examine witnesses, and submit exhibits to rebut an opposing Party's case if the submissions are not repetitive, cumulative or otherwise inadmissible.

    (7)  Summation.  Each Party may present a closing statement.

    (8)  Concluding remarks by the Arbitrator.

B. The close of a Participatory Hearing occurs when either the Arbitrator announces the Hearing closed or more than twenty (20) days elapse from the final session.

## RULE 34.  Participatory Hearing Proceedings.

A. A Participatory Hearing may consist of one or more sessions. A Hearing may be conducted on any business day, unless the Parties and Arbitrator agree otherwise.

B. Hearing Sessions: Parties shall select sufficient time and sessions for Participatory Hearings in accord with Rule 26B.  For Common Claim cases, a Hearing session is

scheduled for the following length of time, unless more time or sessions are selected and the fees are paid:

A one hundred eighty-minute (180) session is scheduled for cases in which the amount in controversy exceeds $30,000.

A one hundred twenty-minute (120) session is scheduled for cases in which the amount in controversy is between $15,001 and $30,000.

A ninety-minute (90) session is scheduled for cases in which the amount in controversy is between $5,001 and $15,000.

A sixty-minute (60) session is scheduled for cases in which the amount in controversy is $5,000 or less.

C. The Arbitrator shall conduct an arbitration in an orderly, efficient, and economic manner, and shall determine the order and presentation of evidence and oral arguments.

D. All Parties to the arbitration and their Representatives shall be entitled to attend or be involved in the Participatory Hearing. Other persons may not attend, unless the Parties agree or the Arbitrator Orders otherwise. The Arbitrator may sequester witnesses.

E. The Arbitrator may request Documents and information from the Parties and may question any witness or Party to clarify evidence or arguments.

F. An Arbitrator may Request Parties to submit additional information or Documents including legal memoranda, which the Forum, the Arbitrator, and the Parties shall Receive no later than thirty (30) days after the final Participatory Hearing session.

G. A Party may Request permission to submit a post-hearing memorandum, which may be granted by the Arbitrator. The responsible Party shall pay the fee provided by the Fee Schedule.

H. The presence or involvement of a Party in a Hearing results in the waiver of any objections to the Notice and scheduling of the Hearing.

**RULE 35. Evidence in a Participatory Hearing.**

A. Presentation. Parties shall have a full and equal opportunity to present relevant and reliable evidence and oral and written arguments in support of their positions. Parties may present evidence and arguments in any reasonable form and by any means of communication.

B. Oath. The Arbitrator shall administer an oath or affirmation before a witness testifies.

C. Admissibility. The Arbitrator shall determine the admissibility and weight of evidence and shall not be bound by rules of evidence.

D. Objections. A Party may object to the introduction of evidence by another Party or a Request or question by an Arbitrator, and the Arbitrator shall rule on the objection.

E. Site Examination. An Arbitrator may visit a site to examine a matter relating to the arbitration accompanied by the Parties or their Representatives if they so choose.

F. Record. No record of a Hearing shall be kept unless agreed by all Parties or Ordered by the Arbitrator. The responsible Party or Parties Requesting a record shall arrange and pay for the record, and promptly provide a copy of the transcript or recording to the Arbitrator and the Forum at no cost to the Arbitrator or the Forum, and, if Requested by another Party, to that Party, at that Party's expense.

G. Interpreter. A Party who requires an interpreter shall arrange and pay for the interpreter. An Arbitrator may have an interpreter present, with a fee assessed to a Party or Parties as determined by the Forum.

**RULE 36. Arbitration Proceedings in Absence of a Party.**

A. An Arbitrator may issue an Award or Order when any Party has failed to respond, appear, or proceed at a Hearing, or otherwise defend as provided in this Code.

B. If a Party does not respond to a Claim, an Arbitrator will timely review the merits of the Claim for purposes of issuing an Award or Order. The Claimant need not submit an additional Request for an Award.

C. An Arbitrator may require an Affidavit, information or Documents from Parties who have appeared or conduct a Hearing to Receive evidence necessary to issue an Award or Order. Documents submitted in Response to an Arbitrator's Request shall be filed with the Forum no later than thirty (30) days after the date of the Request. A Party may obtain forty-five (45) additional days to respond to an Arbitrator's Request by filing with the Forum and Delivering to all other Parties an extension notice before the initial thirty (30) day time period expires. Only one (1) extension by notice is available.

D. Each Party making an Appearance shall be provided notices relating to a Hearing.

E. No Award or Order shall be issued against a Party solely because that Party failed to respond, appear or defend.

## PART VI

## AWARDS AND ORDERS

RULE 37. Awards.

A.  An Award or Dispositive Order establishes the rights and obligations of all Parties named in the Award or Order and is final and binding, unless those Parties agree otherwise.

B.  An Award shall not exceed the money or relief requested in a Claim or amended Claim and any amount awarded under Rule 37C.

C.  An Award may include fees and costs awarded by an Arbitrator in favor of any Party only as permitted by law.  A Party with a Claim for attorney fees or costs may seek to recover those expenses by bringing a timely Request in accord with Rules 18 and 12B. An opposing Party may object in accord with Rule 18.  The Arbitrator may include attorney fees and costs in the final Award or in a separate Award.

D.  An Award may include arbitration fees awarded by an Arbitrator or in favor of the Forum for fees due.

E.  An Arbitrator shall endeavor to render an Award within twenty (20) days after the date of the close of the Hearing.

F.  All Awards and Orders shall be in Writing, dated, and Signed by the Arbitrator or by a majority of the panel, and filed with the Forum.

G.  An Award of an arbitration panel shall be by a majority of the Arbitrators. The chair of an arbitration panel may issue Orders, make rulings, and conduct proceedings.

H.  An Award is a summary Award unless a prior Written agreement of the Parties requires reasons, findings of fact or conclusions of law or a Written notice is filed by a Party seeking reasons, findings of fact or conclusions of law.  This Written agreement or notice must be filed with the Forum within ten (10) days of the date of the Notice of Selection of an Arbitrator and must be accompanied by a fee, if any, as provided in the Fee Schedule.

I.  Awards shall be based upon a preponderance of the evidence presented, unless an agreement of the Parties or the applicable law provides otherwise.

J. An Arbitrator or the Forum may issue an Award or Order based upon a Written settlement Signed by the Parties.

## RULE 38. Orders.

A. An Arbitrator or the Forum, where permitted by the Code, may issue an Order at the Request of a Party or on the initiative of the Arbitrator or the Forum.

B. At any time following the filing of a Claim, upon a Request by a Party and after a Hearing, the Arbitrator may issue an Interim Order and may require security as a condition of the Interim Order.

## RULE 39. Entry and Service of Awards and Orders.

A. An Award or Order shall be entered in the state, country, or other jurisdiction provided for a Hearing in Rule 32, which shall appear on the Award or Order.

B. An Award or Order becomes final when entered. An Award or Order may not be entered if fees required by the Fee Schedule remain unpaid.

C. The Forum shall Deliver a copy of the Award or Order to all Parties or their Representatives or as directed by any Party.

D. Parties consent to service of the Award or Order and of all Documents, notices, and Orders necessary to confirm an Award or Order or to enter a judgment based on an Award or Order by Delivery, as defined by Rule 2M, at any address of the Party or Representative of record with the Forum.

E. An Award or Order may be confirmed, entered or enforced as a judgment in any court of competent jurisdiction. The Forum may disclose necessary Award information in connection with the confirmation, entering, enforcement or challenge of an Award or Order or otherwise as required by law.

F. Parties may request a duplicate original of an Award or Order or a copy of other filed Documents and pay the fee as determined by the Forum.

## RULE 40. Voluntary Dismissal.

A. A Claimant may dismiss a Claim after it is filed and before the Respondent is served with the Claim by filing with the Forum a notice of dismissal.

B. A Claimant may dismiss a Claim after it is served and before the Respondent delivers a Response to Claimant by delivering to all Parties and filing with the Forum a notice of dismissal.

C. A Claimant may dismiss a Claim after a Respondent Delivers a Response that contains no Counter Claim within forty-five (45) days of the date the Response has been delivered to the Claimant or no later than a deadline established by a Scheduling Notice, whichever is later, by delivering to all Parties and filing with the Forum a notice of dismissal.

D. Any other Claim may be dismissed at the Request of the Claimant in accord with Rule 18. Before the selection of an Arbitrator, the Forum may dismiss the Claim. After the selection of the Arbitrator, the Arbitrator may dismiss the Claim.

E. A Claim shall be dismissed upon agreement of the Parties filed with the Forum.

F. Unless stated otherwise, the first voluntary dismissal of a Claim is Without Prejudice, and the Claim may be brought again.

G. A Claim voluntarily dismissed more than once is dismissed With Prejudice, and cannot be brought again.

## RULE 41. Involuntary Dismissal.

A. A Claim or Response may be dismissed by an Arbitrator at the Request of the Forum or a Party or on the initiative of the Arbitrator for one or more of the following reasons:

   (1) It is not supported by evidence.

   (2) It is not supported by existing law.

   (3) It is frivolous.

   (4) It has been presented or maintained for an improper purpose, such as to harass, cause unnecessary delay or needlessly increase the cost of arbitration.

   (5) A Party has violated any provision of the Code, or any Order or notice from an Arbitrator or the Forum.

B. A Claim or Response may be dismissed by an Arbitrator or the Forum at the Request of a Party in accord with Rule 18 or on the initiative of the Arbitrator or the Forum for one or more of the following reasons:

   (1) A Party has failed to proceed with an arbitration or Claim.

   (2) A Party has failed to pay fees as provided in the Fee Schedule.

   (3) More than ninety (90) days have elapsed between the filing date of the Claim and the date the Forum receives a Response or Proof of Service of the Initial Claim.

(4) More than sixty (60) days have elapsed since a Hearing has been postponed or an arbitration case has been placed on inactive status.

C. The Forum shall Deliver notice of an involuntary dismissal to all Parties who have made an Appearance.

D. Unless stated otherwise, an involuntary dismissal by an Arbitrator is With Prejudice and the Claim may not be brought again.

E. An involuntary dismissal by the Forum is Without Prejudice and the Claim may be brought again.

F. If a Claimant again brings a Claim against a Respondent that was dismissed Without Prejudice, the Forum or Arbitrator may Order the costs incurred by the Respondent in the previous case be paid to the Respondent and may Stay the proceedings of the arbitration until the Claimant has complied with this Order.

G. If a Request for an Involuntary Dismissal is the only Request for a dispositive Order, that Request may be determined at the Document or Participatory Hearing.

**RULE 42. Correction.**

The Forum or an Arbitrator may correct clerical or administrative mistakes or errors arising from oversight or omission in the administration of cases or in the issuance of an Order or Award.

**RULE 43. Reopening and Reconsideration.**

A. An Arbitrator may reopen a Hearing or reconsider an Order or Award within a reasonable time from the date the Order or Award is entered if:

(1) Service of Process or Proof of Service of Process of a Claim was not complete as required by this Code;

(2) The Order or Award is ambiguous or contains evident material mistakes; or

(3) If all Parties agree.

B. An Arbitrator may reopen a Hearing or reconsider an Order or Award within forty-five (45) days from the date the Order or Award is entered if:

(1) The Arbitrator failed to timely disclose material circumstances or material reasons for disqualification in accord with Rule 23A; or

(2) The Arbitrator did not decide a submitted issue.

C.  Otherwise, neither the Arbitrator nor the Forum has the power to vacate an Order or Award after the Order or Award becomes final, unless all Parties agree.

D.  Requests that an Arbitrator reopen a Hearing or reconsider an Order or Award must be timely filed with the Forum in accord with Rule 18 and Delivered to all Parties.  A Party cannot make a second Request.

E.  An Order or Award is reviewable by a court of competent jurisdiction as provided by applicable law.

## PART VII

### FEES

**RULE 44. Fees.**

A. Fee Recovery. The prevailing Party may recover fees paid in the arbitration in accord with Rule 37C.

B. Prepaid Fees. All fees for the filing of a Claim, Response, Request, objection, and any other Document and Hearing fees must be paid at the time the Document is filed or the Hearing is selected. These fees include fees required by this Code, the Forum Fee Schedule, the Parties' contract, an Order of an Arbitrator, or as required by law.

C. Non-Monetary Relief Fees. A Respondent may file a Rule 18 Request to review the value of injunctive, declaratory or other non-monetary relief sought in a Claim. An Arbitrator shall promptly determine the value of the Claim, which value determines the amount of the fees to be paid in accord with the Fee Schedule.

D. Hearing Fees. The Party selecting the type of Hearing prepays the Hearing fee unless the agreement of the Parties, this Code or the applicable law provides otherwise. The Forum may proceed with an arbitration in a case involving a Consumer Party who Requests that the case proceed even after another Party required to pay the Hearing fee fails to pay. The Arbitrator may Award the Forum the amount of the unpaid Hearing fees.

E. Advance Fees. During the course of any Participatory Hearing, the Forum or an Arbitrator may require any Party, who is not a Consumer in a Common Claim case, to pay in advance a fee for necessary Participatory Hearing sessions in addition to those requested under Rules 26 and 27.

F. Arbitrators. Fees for Arbitrators selected in accord with Rules 21A(1) and (2) are paid by the Parties to the Forum. Fees for Arbitrators selected in accord with Rule 21A(3) are paid to the Forum by the Parties as provided for in the Forum Fee Schedule. In cases where the Parties select a number of Arbitrators in addition to those provided by the Code or select Arbitrators with qualifications different than those required by the Forum, a fee for each Arbitrator will be determined by the Forum to be paid by the responsible Party or Parties.

G. Consumer Request. A Consumer Claimant or a Consumer Respondent in a Large Claim who asserts that arbitration fees prevent the Consumer Party from effectively vindicating the Consumer's case in arbitration may, at the time of filing of the

Consumer's Initial Claim or Consumer's Response to a Large Claim and prior to paying any filing fee, file a Request that another Party or Parties pay all or part of the arbitration fees or that the arbitration provision be declared unenforceable, permitting the Consumer to litigate the case instead of arbitrating the case. This Request shall be processed without a fee and must be filed with the Forum and Delivered to all Parties together with the Initial Claim or Response and proof of Delivery.

(1) Within fifteen (15) days of the filing and Delivery of the Request, another Party may:

    a.  Agree to pay all or part of the fees required of the Consumer, or

    b.  Agree to litigate instead of arbitrate the case, or

    c.  File an objection to the Request.

(2) If there is no agreement by the Parties, an Arbitrator shall promptly decide the Request and objection, if any, based on the applicable law.

(3) The arbitration is suspended during this process.

H. **Respondent Request.** In cases where a Consumer Claimant brings a Large Claim and a Respondent is obligated to pay the fees by agreement or by law, the Respondent may, before or at the time of filing a Response, file with the Forum and serve on all Parties a Rule 18 Request that an Arbitrator determine whether there is a prima facie Claim of $75,000 or more. If the Arbitrator determines the Claim is a Common Claim, the Common Claim Fee Schedule shall apply. Otherwise, the Large Claim Fee Schedule shall apply.

I. **International Cases.** The Forum may assess additional fees for arbitrations conducted outside the United States or involving Parties from more than one country.

J. **United States Dollars.** Forum Fee Schedule fees are listed in United States Dollars. Fees shall be paid to the Forum in United States Dollars, unless the Forum agrees to accept other currency based on the exchange rate in effect on the required date of the fee payment as determined by the Forum.

K. **Refunds.** Fees are not refundable, except as otherwise provided by the Code or Fee Schedule.

L. **Other Fees.** The Forum may establish reasonable fees for proceedings not covered by the Fee Schedule and may assess appropriate, additional fees for Code proceedings as permitted by law or in accord with this Code. Parties may obtain the amount of a fee by contacting the Forum.

## RULE 45. Waiver of Fees.

A. An indigent Consumer Party may Request a waiver of Common Claim filing fees, Request Fees, Hearing Fees, or security for any arbitration, by filing with the Forum a Written Request for a waiver at the time payment is due. The Request for a waiver shall be accompanied by an Affidavit including:

    (1) The Party's family size;

    (2) All of the Party's income and sources, property and assets, expenses and costs, liabilities and debts;

    (3) A statement that there is no agreement providing for any other person or Entity to either pay the costs or share in the proceeds of the Claim or a copy of the agreement and the financial information described in Rule 45A(2) for any person or Entity that has agreed to pay the costs or share in the proceeds of the Claim; and

    (4) All other relevant information, including releases for credit information, as requested by the Forum.

Neither the Request nor Affidavit need be sent to the other Parties.

B. The Forum shall promptly issue a full or partial waiver to a Consumer Party eligible under this Rule and under the United States federal poverty standards or the applicable law. The Forum may also Order another Party to pay all or part of the waived fees as permitted or required by law.

C. If another Party has agreed to pay fees, a Rule 45 Request is unnecessary and the fee paying Party is obligated to pay the fees.

D. The Consumer Party must file an amended Affidavit of Poverty within thirty (30) days of a material change in the financial condition or circumstances described in the Consumer Party's initial Affidavit of Poverty. A separate Request must be filed by the indigent Consumer Party for each subsequent fee waiver requested.

E. If the statements in the Rule 45 Affidavit are untrue or incomplete, or if the Consumer Party is later determined to be able to pay the fees, the Forum shall Order the Consumer Party to pay the fees waived.

## PART VIII

## CODE PROVISIONS

**RULE 46. Compliance with Rules.**

An Arbitrator may Sanction a Party or Representative, or both, for violating any Rule, notice, ruling, Order or for asserting an unsupportable Claim or Response. A Party may be Sanctioned on the initiative of the Arbitrator or at the Request of the Forum or a Party. An Arbitrator shall Sanction a Party who refuses to pay fees as required by agreement, these Rules, an Arbitrator Order, or the applicable law, unless the offending Party establishes reasonable neglect. A Sanction Order may require an offending Party to pay for fees and costs incurred by another Party, unpaid fees, and other appropriate monetary Sanctions, and may require payment to another Party or the Forum.

**RULE 47. Legal Proceedings.**

A. The Arbitrator, the Director, the Forum, and any individual or Entity associated with the Forum shall not be liable to any Party for any act or omission in connection with any arbitration conducted under this Code.

B. No Party or prospective Party, before or during the arbitration of any matter eligible for submission under this Code, shall commence or pursue any lawsuit, administrative proceeding, or other action against any other Party, prospective Party, the Forum, or individual or Entity associated with the Forum relating to any of the matters subject to arbitration under this Code or the agreement of the Parties. Any Party commencing or pursuing such a proceeding agrees to pay and indemnify all such Parties, the Forum, individuals, and Entities for all expenses and costs incurred, including attorney fees as permitted by applicable law.

C. No Arbitrator, Director or any individual associated with the Forum shall be a witness in any legal proceeding arising out of the arbitration.

D. Any Party commencing or pursuing any lawsuit, administrative proceeding, arbitration or other action against the Forum, an Arbitrator or individual or Entity associated with the Forum, after an Award is final, agrees to pay and indemnify the Forum, an Arbitrator, individuals and Entities for all expenses and costs incurred, including attorney fees.

E. Every Party to any arbitration administered by the Forum or to an Arbitration Agreement as described in Rules 1 or 2E and the Forum agree that any Claim or dispute of any nature against the Forum or any agent, officer, employee, or affiliate of the Forum or any Arbitrator shall be resolved by final, binding arbitration conducted by a panel of three (3) Arbitrators. The Party or Parties shall select one Arbitrator; the Forum shall

select a second Arbitrator; and these two Arbitrators shall select a third Arbitrator who is neutral and independent and who shall be the chair of the panel. The Arbitrators shall conduct the arbitration pursuant to the Code of Procedure in effect at the time the arbitration is brought. The chair shall have the powers of the Forum and perform the responsibilities of the Director. All fees payable under the Fee Schedule shall be assessed by the chair and paid to the panel of Arbitrators. Neither the Forum, nor its Director, nor any employee or agent of the Forum shall administer the arbitration.

**RULE 48. Interpretation and Application of Code.**

A. This Code shall be interpreted in conformity with 9 U.S.C. §§ 1-16 and 9 U.S.C. §§ 201 - 208 in the United States or the applicable law of other countries in order to provide all participants in the arbitration with a fair and impartial proceeding and an enforceable Award or Order.

B. Unless the Parties agree otherwise, any Arbitration Agreement as described in Rules 1 and 2E and all arbitration proceedings, Hearings, Awards, and Orders are to be governed by the Federal Arbitration Act, 9 U.S.C. §§ 1-16.

C. The Forum shall stay a case if a court with jurisdiction has issued an order staying arbitration and may stay a case in appropriate circumstances.

D. In the event a court of competent jurisdiction shall find any portion of this Code or Fee Schedule to be in violation of the law or otherwise unenforceable, that portion shall not be effective and the remainder of the Code shall remain effective.

E. The Director or Arbitrator may decline the use of arbitration for any dispute, controversy, Claim, Response or Request that is not a proper or legal subject matter for arbitration or where the agreement of the Parties has substantially modified a material portion of the Code. If Parties are denied the opportunity to arbitrate a dispute, controversy or Claim before the Forum, the Parties may seek legal and other remedies in accord with applicable law.

F. In the event of a cancellation of this Code, any Party may seek legal and other remedies regarding any matter upon which an Award or Order has not been entered.

G. The Forum Code Committee, appointed by the Board of Directors, shall have the power and authority to effectuate the purposes of this Code, including establishing appropriate rules and procedures governing arbitrations and altering, amending or modifying this Code in accord with the law.

# APPENDIX A

## NOTICE OF ARBITRATION

Dear Respondent:

AN ARBITRATION CLAIM HAS BEEN FILED AGAINST YOU.

Enclosed and served upon you is the Initial Claim. You may obtain a copy of the Code of Procedure, without cost, from the Claimant or from the Forum at www.adrforum.com or 800-474-2371.

IF YOU DO NOT DELIVER TO THE CLAIMANT AND FILE WITH THE FORUM A WRITTEN RESPONSE, AN AWARD MAY BE ENTERED AGAINST YOU. AN ARBITRATION AWARD MAY BE ENFORCED IN COURT AS A CIVIL JUDGMENT.

YOU HAVE THIRTY (30) DAYS TO RESPOND FROM RECEIPT OF SERVICE.

You have a number of options at this time. You may:

1.  *Submit a written Response to the Claim*, stating your reply and defenses to the Claim, together with documents supporting your position. Your Response must be delivered to the Claimant and filed with the Forum. See National Arbitration Forum [NAF] Code of Procedure Rules 13 and 6C.

    Proof of delivery of the Response on the Claimant must also be filed with the Forum. See NAF Rules 2A, 2M, and 2Z. Proof of delivery can be a statement: "Respondent, under penalty of perjury, states that the Response was delivered to Claimant by [explain how delivered, such as mail or other methods in NAF Rule 6C]".

    A Counter Claim, Cross-claim or Third Party Claim must also be delivered and filed with the Forum, and accompanied by the fee as provided in the Fee Schedule. See NAF Rules 14, 15, and 16. Forms for such Response and Claims may be obtained from the Forum.

    If you fail to respond in writing to the Claim, an Award may be entered against you and in favor of the Claimant.

2.  *Select a Document Hearing or a Participatory Hearing*. You may request a Hearing in your Response or in a separate writing. You may select a Document or Participatory Hearing, and you may also request a Hearing on-line or by telephone. If an In-person Participatory Hearing is selected, it will be held in the federal Judicial District where you reside or do business, unless you have agreed otherwise. Parties have a full and equal right to present relevant and reliable direct and cross examination testimony, documents, exhibits, evidence and arguments. Parties also have the right to subpoena witnesses. Your written Request for a Hearing must be filed with the Forum. You must also deliver a copy of your Request to the Claimant and any other Parties. See NAF Rules 5D, 25, 26, 29, 30, 31, and 33.

3.  *Have other options*. You may seek the advice of an attorney or any person who may assist you regarding this arbitration. See NAF Rule 3. You should seek this advice promptly so that your Response can be delivered and filed within the time required by the Code of Procedure. Parties have the right to adjournment for good cause within the time period allowed in Rule 9E. See NAF Rule 5 for a Summary of Arbitration Procedures. If you have any questions about responding, you may contact the Forum.

The Forum is an independent and impartial arbitration organization, which does not give legal advice or represent parties. THIS SUMMARY IS NOT A SUBSTITUTE FOR READING AND UNDERSTANDING THE CODE OF PROCEDURE WHICH GOVERNS THIS ARBITRATION.

National Arbitration Forum
P.O. Box 50191, Minneapolis, MN USA 55405-0191
(800) 474-2371
info@adrforum.com
adrforum.com

# APPENDIX B

## SECOND NOTICE OF ARBITRATION

Date

Name of Case
File Number

Dear Respondent,

We have received notice that you have been served with an Arbitration Claim in the above case. If you want to respond to the Claim, the Code of Procedure requires you to respond in writing.

If you have not yet responded, YOU MAY STILL SUBMIT A WRITTEN RESPONSE to the Claimant and the Forum. YOU HAVE THIRTY (30) DAYS FROM THE DATE OF SERVICE OR DAYS FROM THE DATE OF THIS NOTICE, whichever is later, to respond.

If you do not deliver to the Claimant and file with the Forum a written response, an Award may be entered against you and in favor of the Claimant. An arbitration Award may be enforced in court as a civil judgment.

The First Notice of Arbitration you received with the Initial Claim documents stated that you could:

1. *Submit a written Response to the Claim, stating your reply and defenses to the Claim, together with documents supporting your position.* Proof of delivery of the Response on the Claimant must also be filed with the Forum. Proof of delivery can be a statement: "Respondent, under penalty of perjury, states that the Response was delivered to Claimant by [explain how delivered, such as by mail or other methods in NAF Rule 6C]".

2. *Request a Document Hearing, an In-Person Participatory Hearing where you reside or do business, or an On-Line or Telephone Hearing as provided in the Forum Code of Procedure.* Parties have a full and equal right to present relevant and reliable direct and cross examination testimony, documents, exhibits, evidence and arguments. Parties also have the right to subpoena witnesses. See NAF Rules 5, 25, 26, 29, 30, 31, and 33.

3. *Seek the advice of an attorney or any person who may assist you regarding this arbitration.* See NAF Rule 3. You should seek this advice immediately. Parties have the right to adjournment for good cause within the time period allowed in NAF Rule 9. You should also read the National Arbitration Forum Code of Procedure which explains what you must and can do. See NAF Rules 5, 6C, 13, 14, 15, 16, 24, and 25.

You still have these options. If you have any questions or need a copy of the Initial Claim Documents or the Forum Code of Procedure, or have any questions about responding, you may contact the Forum:

National Arbitration Forum
P.O. Box 50191, Minneapolis, MN USA 55405-0191
(800) 474-2371
info@adrforum.com
www.adrforum.com

The Forum is an independent and impartial arbitration organization, which does not give legal advice or represent parties. THIS SUMMARY IS NOT A SUBSTITUTE FOR READING AND UNDERSTANDING THE FORUM CODE OF PROCEDURE WHICH GOVERNS THIS ARBITRATION.