NAES - North American F   ational Services                                    Page 1 of 1

Regular Mail & Certified Mail#: 7005 1820 0005 3481 1179

Chase Card Services
P.O. box 15298                                                    WORK OF
Wilmington, DE  19850-5298                                        MAR 17 2006

March 13, 2006                                                    CFD-DE 243

RE: Billing Error on Account # 4417124200489745
Amount in Dispute: $27,473.70

Dear Chase Card Services:

I am writing regarding the above account. I believe that my most recent statement, March 5, 2006 is inaccurate.

I am disputing the above amount because I believe that you failed to credit my account for prepayments you agreed to credit on the statement dated March 5, 2006. It was my understanding that when I entered into the agreement with you that you would accept my signed note(s) or other similar instrument(s) as money, credit or payment for previous account transactions, and then reflect those credits in the statement dated March 5, 2006. They do not appear in the statement and I am wondering why. The amount of the credits on the prepayments of money or credit accepted by you should be the approximate amount that I list above. I am making this billing inquiry since I am uncertain of all the dates of the prepaid credits and also since there may be additional credits that I am entitled to. Please provide me with a written explanation why these credits are not showing.

I am requesting that you provide me with an acknowledgement of this billing error and complete a full investigation by sending me a written explanation report related to the subject matter of this billing error.

I am also requesting additional documentary evidence of indebtedness of the account showing that you did not accept any note or similar instrument from me without properly crediting my account as agreed, which includes copies of the account entries that made you arrive at the recent balance shown on my statement.

I may exercise my right to withhold the disputed amount until you comply. Thank you for your time and consideration in this matter. If you have any questions please contact me immediately at the address below, but make sure your questions reference an acknowledgement to this billing error dispute.

Lastly, please remove my phone numbers, 707-795-4283 and 707-483-2422, from your solicitation list as I do not wish to do any business with Chase Card Services over the phone. I am requesting that all communications be conducted in writing, and I appreciate your honoring my request.

Sincerely,

John A. Brankline
8377 Windmill Farms Dr.
Cotati, CA  94931

**EXHIBIT O**

61.1739113 B1. DAA

## IN THE NATIONAL ARBITRATION FORUM

John A. Brankline
8377 Windmill Farms Dr.
Cotati, Ca. 94931

**NOTICE OF OBJECTION TO
ARBITRATION
RULE 13A(2)**

**RESPONDENT,**

Forum File Number: FA0609000792611
Account Number: 4417124200489745
Claimant File Number:
Date: October 3, 2006

Chase / Bank One
c/o Mann Bracken, LLC
2727 Paces Ferry Road
Atlanta, Ga.30339

**CLAIMANT.**

cc National Arbitration Forum

I, JohnBrankline, Respondent, hereby declare and state that this is a Notice of Objection to Arbitration pursuant to RULE 13A(2) of the National Arbitration Forum's, hereafter NAF Code of Procedure Dated January 1, 2005 and as stated in said rule establishes the fact that Respondent has clearly asserted the right to object as outline in said rule. In addition Respondent provides the following statement of facts to support said Notice:

### STATEMENT OF FACTS

1.  That I never consented or agreed to any contract of adhesion containing a forum selection clause that would subject me to the jurisdiction of the National Arbitration Forum, or any other Arbitration forum;

2.  That this Notice of Objection to Arbitration should not be construed as a submittal to Arbitration proceeding in any way whatsoever. This is only a good faith effort to resolve this matter in an expeditious fashion and is only intended to stipulate that I object to any such arbitration proceeding;

3.  That the NAF would be acting illegally and without jurisdiction by ordering or requesting any further documentation regarding this matter or proceeding with any type of hearing regarding this claim;

4.  That the Forum's requirement of the Respondent to participate in any way in this forum in order to resolve a dispute, and failure by the Respondent to appear may result in an award against him is done in violation of my rights by attempting to deny me meaningful access to due process and is done without any authority;

5.  That I discharge and prohibit the Forum from making any award or taking any other action whatsoever, except to dismiss the case for lack of jurisdiction.

6.  That I will not respond to any further communications regarding this Arbitration Claim.

7.  That I am not in receipt of any documentation stipulating that I am required to arbitrate.

8.  I, John Brankline declare that the statements herein and above are true and correct to the best of my personal knowledge.

### POINTS AND AUTHORITIES

**EXHIBIT P**

impunity.

c.  Claimant has failed to provide a copy of the Arbitration Agreement containing any authorizing signatures that would substantiate a valid binding contract or notice of the location of a copy of said agreement. *(RULE 12(A2) NAF Code of Procedure)*. It is the respondent's belief that this was intentional on the part of the Claimant as Respondent is not aware of the existence of any such document.

d.  Respondent is aware that most states have enacted legislation in support of Alternant Dispute Resolution (ADR) as a method of resolving matters of disagreement and as an alternative to court proceedings. However this in no way subjects Respondent to any the jurisdiction of this or any other forum without the existence of such an agreement or a court order compelling mandatory arbitration as a solution to this matter.

e.  Respondent has reason to believe that any Arbitration award that may be granted would be void on its face without first establishing jurisdiction by way of the above referenced agreement and full compliance with the rules set forth by the NAF governing the arbitration process.

## LAW AND ARGUMENT
### NO VALID AGREEMENT TO ARBITRATE

10. Further, under the first step in analysis to decide whether a dispute must be arbitrated under the Federal Arbitration Act (FAA), a party may challenge the validity of an arbitration agreement under general contract principles. 9 U.S.C.A. Sec.1 et seq.; *In Re David's Supermarkets, Inc.* 43 S.W.3d 94 (2001). In addition, the federal policy favoring arbitration does not apply to the determination of whether there is a valid agreement to arbitrate between the parties; instead ordinary contract principles determine who is bound. 9 U.S.C.A Sec. 1 et seq.; *Fleetwood Enterprises, Inc. v. Gaskamp*, 280 F.3d 1069, opinion supplemental on denial of rehearing 303 F.3d 453.

11. Claimant claims that there was an alleged agreement to arbitrate, to be governed by provisions under the FAA. Even under the FAA, there must be evidence of a valid agreement. Courts are clear in upholding an agreement to arbitrate must be clear to both parties. Otherwise, the legislative intent of arbitration is abused and devalued. In *Stout v. Byrider*, 50 F.Supp.2d 733, affirmed 228 F.3d 709, the court held that arbitration is a matter of contract, and thus, a party cannot be compelled to arbitrate any claims he or she did not agree to arbitrate when making the contract. In the case at hand, Respondent never agreed to arbitration. Respondent never received any agreement or contract, or information regarding an arbitration clause.

12. The Federal Arbitration Act, 9 U.S.C.A., provides that the purpose of arbitration is to give arbitration agreements the same force and effect as other contracts, where parties expressly agree to submit to disputes to arbitration. *Brener v. Becker Paribas Inc.*, S.D. N.Y 1985, 628 F.Supp. 442. Further,

there must be a clear ag___ _nent to arbitrate. *Nicholas A. Califano,    )., Inc. v. Shearson Lehman Bros. Inc.,* S.D.N.Y. 1988, 690 F.Supp. 1354. In the case at hand, Respondent did not receive notice or agreement to arbitrate, nor did Respondent ever expressly agree to arbitration.

13. No arbitration agreement exists between Claimant and Respondent whatsoever, and none of Respondent's arguments should be construed to mean that such agreement exists. Respondent was never given clear notice of arbitration in any original agreement, nor was made aware of any arbitration agreement, nor expressly agree to arbitration, nor establish meaningful consent to arbitrate.

## NO JURISDICTION UNDER THE FAA

14. "Federal law preempts state law on issues of arbitrability." *Three Valleys Mun. Water Dist. v. E.F. Hutton* (9th Cir. 1991) 925 F.2d 1136, 1139. "...a party who contests the making of a contract containing an arbitration provision cannot be compelled to arbitrate the threshold issue of the *existence* of an agreement to arbitrate. Only a court can make that decision." *Three Valleys Mun. Water Dist. v. E.F. Hutton*, at 1140/1141.

15. 9 USC Sec. 2 requires a written agreement to arbitrate. The requirement is jurisdictional. Without a written agreement, the FAA does not apply. Further, there is no requirement under the FAA mandating that the jurisdictional defense of "no agreement to arbitrate" be raised within a particular period of time.

16. WHEREFORE, there is no consent or agreement on the part of Respondent to arbitrate, Respondent respectfully demands that this proceeding be stopped immediately an no additional correspondence regarding this matter be requested.


Respectfully Submitted Without Prejudice


John Brankline

8377 Windmill Farms Dr.

Cotati, California, 94931


## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Motion was caused to be deposited and mailed on the fifth day of ____October, 2006, via Certified Mail Number 7005-3 ; 10-0004-2306-1986 to the following party:

James Branson @ Mann Bracken
2727 Paces Ferry Road
Atlanta, Ga., 30339

Dated this Fourth day of October 2006.

Respectfully submitted and signed
by John Brankline,

Alan Paul
16161 Ventura Blvd. #715
Encino CA 91436
818 612-0330
Plaintiff, *in propria persona*

COPY

**ORIGINAL FILED**

Northwest District

**MAR 09 2007**

**LOS ANGELES SUPERIOR COURT**

IN THE SUPERIOR COURT

IN AND FOR LOS ANGELES COUNTY, STATE OF CALIFORNIA

ALAN PAUL,
　　　　　Plaintiff,

v.

CHASE, BANK USA, N.A.

　　　　　Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No:

**07E02155**

**VERIFIED COMPLAINT AND PETITION TO VACATE ARBITRATION AWARD**

1. STATUTORY VIOLATIONS AND DAMAGES.
2. BREACH OF CONTRACT
3. VIOLATIONS OF RIGHTS

LIMITED JURISDICTION

**AMOUNT DEMANDED EXCEEDS $10,000**

COMES NOW, Alan Paul, Plaintiff and Petitions this court for an order vacating arbitration award and for causes of action against Defendant and alleges as follows:

COUNT I – STATUTORY VIOLATIONS AND DAMAGES

1.　　That Plaintiff is a natural person and a resident in Los Angeles in the County of Los Angeles, the State of California.

2.　　That Defendant, Chase Bank USA, N.A., is a Corporation organized in the State of Delaware with its principal business location at 201 No. Walnut Street, Wilmington, DE 19801

**EXHIBIT Q**

3.    ~~That Plaintiff and Defendant entered into a consumer contract on and about June~~ of 2004.

4.    That the contract provided for Plaintiff to obtain a revolving open-ended account with Defendant.

5.    That the original contract was governed in part by the Truth in Lending Act. 15 USC section 1601 *et seq* [TILA] by Plaintiff.

6.    That Defendant is familiar with the Truth in Lending Act, and any obligations it would have under said Act.

7.    That the original contract required Defendant to respond to any TILA inquiries made by Plaintiff, which were made pursuant to 15 USC §§ 1666(a) or 1666(b).

8.    That Plaintiff made an inquiry with Defendant, pursuant to 15 USC §§ 1666(a) and 1666(b), on and about the seventeenth of February 2006, as to the inaccuracies on the monthly statement and requested further information and documentation.

9.    That Defendant received said inquiry on and about the nineteenth of February 2006.

10.    That Defendant has a duty to comply with any inquiry under TILA, specifically 15 USC § 1666(a) and 1666(b) made by Plaintiff.

11.    That more than ninety (90) days has elapsed since the time Defendant received the billing inquiry from Plaintiff.

12.    That as of this date Defendant has ignored, failed and/or neglected Plaintiff's inquiry by failing to respond to the same.

13.    That by failing to respond Defendant is prohibited under TILA, specifically 15 USC § 1666(c), to proceed with any collection efforts.

14.    That by failing to respond to Plaintiff's billing error notice, Defendant violated 15 USC § 1666(c) and 12 CFR § 226.13 *et seq.*

15.    That Defendant's reported to the credit reporting agencies that Plaintiff was delinquent on the contract.

16.     That as a result of Defendant's reporting the foregoing to the credit reporting agencies, Defendant violated 15 USC § 1666(d) and 12 CFR § 226.13 *et seq.*

17.     That Defendant ignored and disregarded the TILA provisions specified in 15 USC § 1666(c) by proceeding with collection efforts by filing a Claim with the National Arbitration Forum ("Forum"). A true and correct copy of the Claim is herewith attached and incorporated by reference as Exhibit "A."

18.     That by filing said Claim Defendant violated 15 USC § 1666(c) and 12 CFR section 226.13 *et seq.*

19.     That as a result of the foregoing Plaintiff is entitled to relief under TILA.

### COUNT II – BREACH OF CONTRACT

20.     That Plaintiff hereby incorporates paragraphs 1 through 19 herein and above by this reference.

21.     That Plaintiff is not currently in possession of the original contract, but will seek to obtain a copy thereof in discovery and/or will seek leave of court to amend this complaint to incorporate a copy of said contract at that time when a copy can be ascertained.

22.     That if called to testify Plaintiff will testify that the original contract between Plaintiff and Defendant did not contain any provision or clause to submit any dispute arising out the agreement to arbitration.

23.     That the original contract between Plaintiff and Defendant did not contain any provision that would allow Defendant to change or add new terms to the original agreement to include arbitration.

24.     That Plaintiff never received a copy of any change or addition of new terms to the original agreement.

25.     That Defendant filed a claim against Plaintiff in the National Arbitration Forum alleging that an agreement exists containing provisions to arbitrate any dispute arising out of the agreement.

1       26.    Plaintiff filed an objection with the National Arbitration Forum prohibiting the

2   Forum to arbitrate the matter. Further, Plaintiff did not submit the issue of arbitrability or

3   meritorious issue to the National arbitration Forum or the Arbitrator for determination.

4       27.    That the attorney for Defendant failed to provide a certificate on the arbitrator, the

5   State Bar of California, or the Plaintiff any of the information listed under CCP § 1282.4(c).

6       28.    That pursuant to 1282.4(d), the attorney for Defendant was disqualified from

7   serving as the attorney of record in the arbitration.

8       29.    Notwithstanding the foregoing, the arbitrator and the Forum entered an arbitration

9   award against Plaintiff and in favor of Defendant in the amount of fifteen thousand seven

10  hundred and forty nine dollars and seventy seven cents ($15,749.77), as evidenced by attached

11  Award that is incorporated herein by this reference as Exhibit "B."

12      30.    Defendant served upon Plaintiff a copy of the Arbitration Award on and about the

13  sixth day of February 2007.

14      31.    That the copy of said award was not served upon Defendant pursuant to CCP §

15  1283.6 as required, but was instead sent to Plaintiff via First Class Mail. (see Exhibit "B")

16      32.    That the Forum is in violation of CCP § 1281.96 (a), in that it does not make

17  available any of the information set forth in CCP § 1281.96(a)(1)-(9) on its Internet Web site.

18      33.    That the Forum is in violation of CCP § 1284.3, in that it requires for any

19  consumer who is a party to the arbitration to pay the fees and costs incurred by the opposing

20  party if the consumer does not prevail in the arbitration.

21      34.    That Defendant obtained the Arbitration Award from the National Arbitration

22  Forum by breaching the original contract between Plaintiff and Defendant by submitting a claim

23  to the National Arbitration Forum without a valid agreement to arbitrate.

24      35.    That the arbitrator exceeded his authority to decide the matter and entered an

25  Award against Plaintiff. The National Arbitration Forum and Arbitrator were without subject

26  matter jurisdiction because no valid agreement existed between the parties to arbitrate.

27      36.    That Plaintiff would be prejudiced and adversely affected if Defendant is allowed

28  to proceed with confirming the Arbitration Award and a judgment is entered against Plaintiff.

1    37.    That Defendant had no right to force Plaintiff to arbitrate a claim.

2    38.    That Defendant had no right to obtain an Award against Plaintiff for any amount

3    sought.

4    COUNT III – VIOLATIONS OF PLAINTIFF'S RIGHT TO DUE PROCESS

5    39.    That Plaintiff hereby incorporates paragraphs 1 through 38 herein and above by

6    this reference.

7    40.    That Plaintiff's Rights will be severely impaired if the Award is enforced in a

8    court of law and against Plaintiff.

9    41.    That the award and claim was filed and entered in violation of Plaintiff's Right to

10    Due Process under the Law.

11    42.    That by filing said claim, Defendant violated Plaintiff's Right to use the courts as

12    a means to resolve the dispute.

13    43.    That by filing the claim, Defendant attempted to violate Plaintiff's Right to Due

14    Process under the law.

15    44.    That by filing the claim, Defendant violated Plaintiff's Right to a trial by jury.

16    45.    That by filing the claim, Defendant violated the obligation of the original contract.

17    46.    That all of Defendant's actions have impaired and adversely affected Plaintiff,

18    which is now entitled to immediate relief under the law.

19    DEMAND FOR TRIAL BY JURY

20    Plaintiff hereby demands that a jury of twelve herein decide all issues.

21    PRAYER

22    WHEREFORE, Plaintiff has no other immediate remedy under the law except to file this

23    action. Plaintiff prays for judgment against Defendant(s) and each of them, on each and every

24    cause of action and count as follows:

25    1.    For immediate relief from Arbitration Award;

26    2.    For unliquidated damages that may be ascertained by the court or jury;

27    3.    For punitive, general and special damages;

28    4.    For cost of this suit herein;

5.     For Violations of Rights;

6.     For such other relief as the court deems proper and demanded herein.

I, declare under penalty of perjury of the laws of the State of California that the foregoing is true and correct.

Dated this ninth day of March 2007.

Respectfully submitted and signed
by Alan Paul.

11/23/2006  13:51    818-3421635                    SCHMIDT & CO                    PA[C



SIGNATURE REQUIRED          DO NOT RETURN TO SHIPPER

IN THE
## NATIONAL ARBITRATION FORUM

### CLAIM

Chase Bank USA, N.A.,
*as successor in interest to* Bank One Delaware. N.A.,
C/O Mann Bracken, LLC
One Paces West, Suite 1400
2727 Paces Ferry Road
Atlanta, GA 30339
USA

> **CLAIMANT,**

> **RE:** Chase Bank USA, N.A. as successor in interest to Bank One Delaware, NA v Alan Paul

Paul

> **Forum File Number:** FA0610000814750
> **Account No.:** 4266851056537290

Alan Paul,

16161 Ventura Blvd # 715

Encino, CA 91436

USA

> **RESPONDENT(S)**

**RESPONDENT(S): THIS IS AN ARBITRATION CLAIM AGAINST YOU FOR MONEY OR OTHER RELIEF. YOU HAVE THIRTY (30) DAYS TO SERVE THE CLAIMANT WITH A WRITTEN RESPONSE. IF YOU DO NOT SERVE THE CLAIMANT AND FILE WITH THE NATIONAL ARBITRATION FORUM A WRITTEN RESPONSE, AN AWARD MAY BE ENTERED AGAINST YOU.**

COMES NOW, Claimant, Chase Bank USA, N.A. as successor in interest to Bank One Delaware, N.A., (hereinafter, "Claimant"), and states its claim against Respondent and shows this honorable Forum the following:

1.  Respondent is in breach of the Cardmember Agreement, (hereinafter, "Agreement"), to which Claimant succeeds as Obligee following its merger with Bank One Delaware, N.A. The material provisions of the Agreement and amendments thereto are quoted below. Counsel for Claimant will provide exemplar agreements and/or amendments via email or regular mail upon request.

2.  Respondent's breach arises from his/her failure to honor the payment terms of the Agreement. Revolving credit was extended to Respondent in reliance upon the terms of the Agreement. The debt, which is the subject of the instant Claim, arises from revolving credit extended to the Respondent in the form of credit

card account number 4266851056537290.

3.  Respondent(s) continuing default under the terms of the Agreement has resulted in a present principal debt on account due and owing to Claimant in the amount of $13363.7, as reflected in the attached account summary, plus interest accrued through the date of filing in the total amount of $124.4. Interest continues to accrue upon the principal balance due at the rate of 10.25%. The foregoing interest rate is the pre-judgement legal rate of interest authorized by the state law governing the Agreement (as quoted immediately below), to wit, the law of the State of Delaware:

**GOVERNING LAW:** THIS AGREEMENT AND YOUR ACCOUNT WILL BE GOVERNED BY THE LAW OF THE STATE OF DELAWARE AND, AS APPLICABLE, FEDERAL LAW.

Submitted for the convenience of the tribunal is a true and correct copy of the relevant statute, 6 Del. C. § 2301, appended hereto as Exhibit "A".

4.  This account was declared as a bad debt on 2006-08-31 at which point it was 210 days delinquent. The date of the last payment received on the account was 2006-01-15. Despite repeated attempts by Claimant and claimant's counsel and/or agents to resolve this claim short of resort to the remedy sought herein, Respondent(s) has/have not paid the amounts due or otherwise made provision for an accord and satisfaction of the claim at bar.

5.  Claimant proceeds herein pursuant to the following provision of the Agreement, as amended:

PLEASE READ THIS PROVISION CAREFULLY. IT PROVIDES THAT ANY DISPUTE MAY BE RESOLVED BY BINDING ARBITRATION. ARBITRATION REPLACES THE RIGHT TO GO TO COURT. YOU WILL NOT BE ABLE TO BRING A CLASS ACTION OR SIMILAR PROCEEDING IN COURT, NOR WILL YOU BE ABLE TO BRING ANY CLAIM IN ARBITRATION AS A CLASS ACTION OR SIMILAR PROCEEDING. YOU WILL NOT BE ABLE TO BE PART OF ANY CLASS ACTION OR SIMILAR PROCEEDING BROUGHT BY ANYONE ELSE, OR BE REPRESENTED IN A CLASS ACTION OR SIMILAR PROCEEDING. IN THE ABSENCE OF THIS ARBITRATION AGREEMENT, YOU AND WE MAY OTHERWISE HAVE HAD A RIGHT OR OPPORTUNITY TO BRING CLAIMS IN A COURT, BEFORE A JUDGE OR JURY, AND/OR TO PARTICIPATE OR BE REPRESENTED IN A CASE FILED IN COURT BY OTHERS (INCLUDING CLASS ACTIONS). HOWEVER, EXCEPT AS OTHERWISE PROVIDED BELOW, THOSE RIGHTS ARE WAIVED AND ALL CLAIMS MUST NOW BE RESOLVED THROUGH ARBITRATION.

Any claim, dispute or controversy by either you or us against the other (or against the employees, parents, subsidiaries, affiliates, beneficiaries, agents or assigns of the other) arising from or relating in any way to your Account, transactions on your Account, our relationship, this Agreement or any provisions of this Agreement ("Claim"), including Claims regarding the applicability or validity of this arbitration clause, shall be resolved exclusively and finally by binding arbitration. For this arbitration provision, "you" and "us" include the employees, parents, subsidiaries, affiliates, beneficiaries, agents and assigns of you and of us.

All Claims are subject to arbitration, no matter what theory they are based on or what remedy they seek. This includes Claims based on contract, tort (including intentional tort), fraud, agency, negligence, statutory or regulatory provisions, or any other sources of law. Claims made and remedies sought as part of the class action, private attorney general or other representative action are subject to arbitration on an individual (non-class, non-representative) basis. As an exception to arbitration, you and we retain the right to pursue in a small claims court any Claim that is within that court's jurisdiction and proceeds on an individual basis.

The party bringing the Claim may select any one of three national arbitration organizations to administer the arbitration of the Claim: the National Arbitration Forum ("NAF"), JAMS/Endispute ("JAMS"), or the American Arbitration Association ("AAA"). The arbitration organization that is selected will apply its code or procedures in effect at the time the arbitration is filed, subject to this Agreement. The arbitration will be conducted before a single arbitrator. The arbitrator's authority is limited solely to the Claims between you and us alone. The arbitration will not be consolidated with any other arbitration proceeding. You and we do not agree to any arbitration on a class action or other representative basis.

If you prevail in the arbitration of any Claim against us, we will reimburse you for any fees you paid to the arbitration organization in connection with the arbitration. Any decision rendered in such arbitration proceedings will be final and binding on the parties, and judgment may be entered in a court of competent jurisdiction. Rules and forms may be obtained from, and Claims may be filed with, any of three organizations, as follows: the NAF at P.O. Box 50191, Minneapolis, MN USA 55405-0191, web site at www.arb-forum.com; JAMS at 1920 Main Street, Suite 300, Irvine, California 92614, web site at www.jamsadr.com; or the AAA at 335 Madison Avenue, Floor 10, New York, New York 10017, web site at www.adr.org. Any arbitration hearing at which you wish to appear will take place at a location within the federal judicial district that includes your billing address at the time the Claim is filed. This arbitration agreement is made pursuant to a transaction involving interstate commerce, and shall be governed by the Federal Arbitration Act, 9 U.S.C. §§1-16

This arbitration provision applies to all Claims now in existence or that may arise in the future. The arbitration provision shall survive termination of your Account as well as voluntary payment of the debt in full by you or any bankruptcy by you. But if we assign ownership of your Account to any unaffiliated third party, this arbitration provision will apply to any Claim between you and that third party only if you or that third party chooses arbitration.

6.  Claimant respectfully requests an Award in its favor for the amounts reflected in Paragraph 3 herein together with the costs, fees and expenses of collection described more fully at subparagraphs A through C of this paragraph. The foregoing elements of ancillary relief are provided for by the Agreement (as quoted immediately below) and authorized by the laws of the State of Delaware.

**Default/Collection Costs:** Your Account will be in default and we may demand immediate payment of the entire amount you owe us without giving you prior notice if: (1) in any month we do not receive your Minimum Monthly Payment by the Payment Due Date; (2) you make Purchases or obtain Cash Advances in excess of your credit line; (3) you fail to comply with this Agreement; (4) there is a filing for your bankruptcy; (5) you die or become incapacitated; (6) we believe in good faith that the payment or performance of your obligations under this Agreement is impaired for any other reason. As permitted by

applicable law, you agree to pay all collection expenses actually incurred by us in the collection of amounts you owe under this Agreement (including court costs and the fees of any collection agency to which we refer your Account) and, in the event we refer your Account after your default to an attorney who is not our regularly salaried employee, you agree to pay the reasonable fees of such attorney.  We will not be obligated to honor any attempted use of your Account if a default has occurred or we have determined to terminate your Account or limit your Account privileges (as described below). *(emphasis added)*

Submitted for the convenience of the tribunal are true and correct copies of the relevant statutes, to wit, 10 Del. C. § 3912, appended hereto as Exhibit "B" and 5 Del. C. § 951, appended hereto as Exhibit "C".

- Attorney's Fees;
- Costs of Arbitration: (i) A Filing Fee of $35 already incurred by Claimant; (ii) a Commencement Fee as may be incurred; (iii) any Administrative Fees as may be incurred; (iv) any other or further Fees as may be incurred in the course of these proceedings;
- Expenses incurred by the Claimant in serving the Respondent with this Claim.

WHEREFORE, Claimant respectfully requests the issuance of an AWARD in its favor as follows:

- In the amount of $13363.7 for the principal amount of debt due and owing from Respondent to Claimant;
- In the amount of $124.4 for interest accrued on said principal amount through the date of this filing;
- For prejudgment interest at the legal rate of 10.25% from the date of this filing through the issuance of Award;
- Attorney's Fees of $1336.37;
- All costs of Arbitration as may be incurred by Claimant in the course of these proceedings;
- Service expenses as incurred in serving this Claim upon Respondent;
- Any other or further relief that this honorable Forum deems appropriate.

The undersigned asserts, under penalty of perjury, that the information contained in this Claim and the supporting documents attached hereto are true and correct.

RESPONDENT(S) MUST SEND A WRITTEN RESPONSE TO THE NATIONAL ARBITRATION FORUM, WITH A COPY TO THE CLAIMANT, WITHIN 30 DAYS OR AN AWARD MAY BE ENTERED IN FAVOR OF THE CLAIMANT.

James D. Branton, Esq.
for the Claimant


Claimant Contact:
Mann Bracken, LLC
Attention: James D. Branton, Esq.
One Paces West, Suite 1400
2727 Paces Ferry Road
Atlanta, GA 30339
1-800-817-3214
arbitration@mannbracken.com

SUMMARY OF ACCOUNT INFORMATION

10/09/2006 - Alan Paul

ACCOUNT STATUS REPORT

Date Filed:          10/09/2006

Account Number:      4266851056537290

Primary Account Holder:   Alan Paul

Address:             16161 Ventura Blvd # 715

                     Encino, CA 91436

Home Phone:          0000000000

Work Phone:          0000000000

Secondary Account Holder:

Address:



Home Phone:

Work Phone:

Principal Balance:   $13363.70

Interest Rate:       10.25%

Last Payment:  01/15/2006

INFORMATION DRAWN FROM ACCOUNT RECORDS AND CURRENT AS OF THE DATE FILED

---

## NOTICE OF ARBITRATION

Dear Respondent,

AN ARBITRATION CLAIM HAS BEEN FILED AGAINST YOU.

Enclosed and served upon you is the Initial Claim. You may obtain a copy of the Code of Procedure, without cost, from the Claimant or from the Forum at WWW.ARBITRATION-FORUM.COM or 800/474-2371.

IF YOU DO NOT SERVE THE CLAIMANT AND FILE WITH THE FORUM A WRITTEN RESPONSE, AN AWARD MAY BE ENTERED AGAINST YOU. AN ARBITRATION AWARD MAY BE ENFORCED IN COURT AS A CIVIL JUDGMENT.

YOU HAVE THIRTY (30) DAYS TO RESPOND FROM RECEIPT OF SERVICE.

You have a number of options at this time. You may:

1. *Submit a written Response to the Claim*, stating your reply and defenses to the Claim, together with documents supporting your position. Your Response must be served on the Claimant and filed with the Forum. Read Forum Code of Procedure Rule 13. A Counter Claim, Cross-claim or Third Party Claim may also be served and filed, and accompanied by the fee as provided in the Fee Schedule. Forms for such Response and Claims may be obtained from the Forum. If you fail to respond in writing to the Claim, an Award may be entered against you and in favor of the Claimant and you will lose your case.

2. *Demand a Document Hearing or a Participatory Hearing*. You may request a Hearing in your Response or in a separate writing. Unless you have agreed otherwise, an In-person Participatory Hearing will be held in the Judicial District where you reside or do business. You may also request a hearing on-line or by telephone. Your written Request for a Hearing must be filed with the Forum. You must also serve a copy of your Request on the Claimant and any other Parties. Read Forum Code of Procedure Rules 25 and 26.

3. *Have other options*. You may seek the advice of an attorney or any person who may assist you regarding this arbitration. You should seek this advice promptly so that your Response can be served and filed within the time required by the Code of Procedure. If you have any questions or need help in responding, you may contact the Forum.

The Forum is an independent and impartial arbitration organization, which does not give legal advice or represent parties. THIS SUMMARY IS NOT A SUBSTITUTE FOR READING AND UNDERSTANDING THE CODE OF PROCEDURE WHICH GOVERNS THIS ARBITRATION.

National Arbitration Forum
P.O. Box 50191
Minneapolis, MN USA 55405-0191
(952)516-6400 (800)474-2371
info@arb-forum.com
ARBITRATION-FORUM.com

INDEX OF EXHIBITS

A.
6 Del. Code § 2301

B.
10 Del. Code § 3912

C.
5 Del. Code § 951

## EXHIBIT A

Delaware Code : TITLE 6 Commerce and Trade : SUBTITLE II Other Laws Relating to Commerce and Trade : **CHAPTER 23. INTEREST** : § 2301. Legal rate; loans insured by Federal Housing Administration.

1.  Any lender may charge and collect from a borrower interest at any rate agreed upon in writing not in excess of 5% over the Federal Reserve discount rate including any surcharge thereon, and judgments entered after May 13, 1980, shall bear interest at the rate in the contract sued upon. Where there is no expressed contract rate, the legal rate of interest shall be 5% over the Federal Reserve discount rate including any surcharge as of the time from which interest is due; provided, that where the time from which interest is due predates April 18, 1980, the legal rate shall remain as it was at such time.

2.  If the rate of interest specifically set forth in any bond, note or other evidence of indebtedness, exclusive of other charges, fees or discounts authorized or permitted under federal law or under any rule or regulation promulgated pursuant thereto, does not exceed the lawful rate prescribed in subsection (a) of this section, no person shall, by way of defense or otherwise, avail himself/herself of any of the provisions of this chapter, to avoid or defeat the payment of any interest or any such charges, fees or discounts, which any such person shall have contracted to pay in respect of any loan insured by the Federal Housing Administration, or the Commissioner thereof, under or pursuant to the provisions of the National Housing Act [12 U.S.C. § 1701 et seq.], approved June 27, 1934, and amendments thereto, or guaranteed by the Veterans Administration, or the administrator thereof, under and pursuant to Title 38 of the United States Code [38 U.S.C. § 3701 et seq.], and amendments thereto; nor shall anything contained in this chapter be construed to prevent recovery of any such interest or any such charges, fees or discounts from any person who shall have contracted to pay the same.

3.  Notwithstanding any other provision in this chapter to the contrary, there shall be no limitation on the rate of interest which may be legally charged for the loan or use of money, where the amount of money loaned or used exceeds $100,000, and where repayment thereof is not secured by a mortgage against the principal residence of any borrower.

4.  In any tort action for compensatory damages in the Superior Court or the Court of Common Pleas seeking monetary relief for bodily injuries, death or property damage, interest shall be added to any final judgment entered for damages awarded, calculated at the rate established in subsection (a) of this section, commencing from the date of injury, provided that prior to trial the plaintiff had extended to defendant a written settlement demand valid for a minimum of 30 days in an amount less than the amount of damages upon which the judgment was entered.

(Code 1852, § 1160; 16 Del. Laws, c. 310, § 1; Code 1915, § 2621; 28 Del. Laws, c. 213; Code 1935, § 3101; 6 Del. C. 1953, § 2301; 52 Del. Laws, c. 277; 56 Del. Laws, c. 288, §§ 1-4; 57 Del. Laws, c. 78, § 1; 57 Del. Laws, c. 311; 59 Del. Laws, c. 439, § 1; 59 Del. Laws, c. 589, § 1; 62 Del. Laws, c. 228, § 7; 62 Del. Laws, c. 239, § 1; 70 Del. Laws, c. 186, § 1; 72 Del. Laws, c. 443, § 1.)

## EXHIBIT A

Delaware Code : TITLE 6 Commerce and Trade : SUBTITLE II Other Laws Relating to Commerce and Trade : CHAPTER 23. INTEREST : § 2301. Legal rate; loans insured by Federal Housing Administration.

1. Any lender may charge and collect from a borrower interest at any rate agreed upon in writing not in excess of 5% over the Federal Reserve discount rate including any surcharge thereon, and judgments entered after May 13, 1980, shall bear interest at the rate in the contract sued upon. Where there is no expressed contract rate, the legal rate of interest shall be 5% over the Federal Reserve discount rate including any surcharge as of the time from which interest is due; provided, that where the time from which interest is due predates April 18, 1980, the legal rate shall remain as it was at such time.

2. If the rate of interest specifically set forth in any bond, note or other evidence of indebtedness, exclusive of other charges, fees or discounts authorized or permitted under federal law or under any rule or regulation promulgated pursuant thereto, does not exceed the lawful rate prescribed in subsection (a) of this section, no person shall, by way of defense or otherwise, avail himself/herself of any of the provisions of this chapter, to avoid or defeat the payment of any interest or any such charges, fees or discounts, which any such person shall have contracted to pay in respect of any loan insured by the Federal Housing Administration, or the Commissioner thereof, under or pursuant to the provisions of the National Housing Act [12 U.S.C. § 1701 et seq.], approved June 27, 1934, and amendments thereto, or guaranteed by the Veterans Administration, or the administrator thereof, under and pursuant to Title 38 of the United States Code [38 U.S.C. § 3701 et seq.], and amendments thereto; nor shall anything contained in this chapter be construed to prevent recovery of any such interest or any such charges, fees or discounts from any person who shall have contracted to pay the same.

3. Notwithstanding any other provision in this chapter to the contrary, there shall be no limitation on the rate of interest which may be legally charged for the loan or use of money, where the amount of money loaned or used exceeds $100,000, and where repayment thereof is not secured by a mortgage against the principal residence of any borrower.

4. In any tort action for compensatory damages in the Superior Court or the Court of Common Pleas seeking monetary relief for bodily injuries, death or property damage, interest shall be added to any final judgment entered for damages awarded, calculated at the rate established in subsection (a) of this section, commencing from the date of injury, provided that prior to trial the plaintiff had extended to defendant a written settlement demand valid for a minimum of 30 days in an amount less than the amount of damages upon which the judgment was entered.

(Code 1852, § 1160; 16 Del. Laws, c. 310, § 1; Code 1915, § 2621; 28 Del. Laws, c. 213; Code 1935, § 3101; 6 Del. C. 1953, § 2301; 52 Del. Laws, c. 277; 56 Del. Laws, c. 288, §§ 1-4; 57 Del. Laws, c. 78, § 1; 57 Del. Laws, c. 311; 59 Del. Laws, c. 439, § 1; 59 Del. Laws, c. 589, § 1; 62 Del. Laws, c. 228, § 7; 62 Del. Laws, c. 239, § 1; 70 Del. Laws, c. 186, § 1; 72 Del. Laws, c. 443, § 1.)

## EXHIBIT B

Delaware Code : TITLE 10 Courts and Judicial Procedure : PART III Procedure : CHAPTER 39. PLEADING AND PRACTICE : § 3912. Counsel fees; recovering in actions on written instruments.

In all causes of action, suits, matters or proceedings brought for the enforcement of any note, bond, mechanics lien, mortgage, invoice or other instrument of writing, if the plaintiff or lien holder in the action, suit or proceeding recovers judgment in any sum, the plaintiff or lien holder may also recover reasonable counsel fees, which shall be entered as a part of the judgment in the action, suit or proceeding. Such counsel fees shall not in any such action, suit or proceeding, exceed 20 percent of the amount adjudged for principal and interest. Such counsel fees shall not be entered as a part of such judgment unless the note, bond, mortgage, invoice or other instrument of writing sued upon, by the terms thereof, expressly provides for the payment and allowance thereof, except in the cases of mechanics liens in which no express agreement shall be necessary in order to entitle the lien holder to reasonable counsel fees.

(27 Del. Laws, c. 286; Code 1915, § 4204; 38 Del. Laws, c. 202, § 1; Code 1935, § 4682; 10 Del. C. 1953, § 3912; 68 Del. Laws, c. 63, § 1; 70 Del. Laws, c. 186, § 1.)

## EXHIBIT C

Delaware Code : TITLE 5  Banking : PART II Banks and Trust Companies : CHAPTER 9. REGULATIONS GOVERNING BUSINESS OF BANKS AND TRUST COMPANIES : Subchapter II. Bank Revolving Credit : § 951. Attorney's fees; costs.

In the event a borrower defaults under the terms of a plan, the bank may, if the borrower's account is referred to an attorney (not a regularly salaried employee of the bank) or to a third party for collection and if the agreement governing the revolving credit plan so provides, charge and collect from the borrower a reasonable attorney's fee. In addition, following a borrower's default, the bank may, if the agreement governing the plan so provides, recover from the borrower all court, alternative dispute resolution or other collection costs (including, without limitation, fees and charges of collection agencies) actually incurred by the bank.

(63 Del. Laws, c. 2, § 4; 66 Del. Laws, c. 283, § 10; 72 Del. Laws, c. 15, § 11.)



NATIONAL ARBITRATION
# FORUM

FORUM Dispute Management · Minimitration

---

January 29, 2007

*Exhibit B*

2/6/07
Faxed
to
Wham

Alan Paul
16161 Ventura Blvd Apt 715
Encino, CA  91436

MBNA America Bank, N.A.
c/o Wolpoff & Abramson, L.L.P.
Paralegal Department
Attorneys in the Practice of Debt Collection
702 King Farm Blvd.
Two Irvington Centre
Rockville, MD  20850-5775

**RE:  MBNA America Bank, N.A. v Alan Paul**
**File Number:  FA0605000715379**
**Claimant Reference Number:      0157028256**

Dear Parties:

Enclosed and served upon you by United States Mail is a copy of the **Award**, which has been
entered in this matter.

This case is now closed with the National Arbitration Forum.  All future inquiries regarding this
case should be directed to the opposing Party.

Sincerely,

Carrie J Tusing
Case Coordinator
Enclosure



NATIONAL ARBITRATION
# FORUM

MBNA America Bank, N.A.
c/o Wolpoff & Abramson, L.L.P.
Attorneys in the Practice of Debt Collection
702 King Farm Blvd, Two Irvington Centre
Rockville, MD 20850-5775

CLAIMANT(s).                    AWARD

RE:    MBNA America Bank, N.A. v Alan Paul
       File Number: FA0605000715379
       Claimant Account Number: 5401265465003526

Alan Paul
16161 Ventura Blvd Apt 715
Encino, CA 91436

RESPONDENT(s).

The undersigned Arbitrator in this case FINDS and CONCLUDES:

Case Summary

1.  The Claimant has filed a Claim with the National Arbitration Forum.
2.  After Proof of Service of the Claim was filed with the Forum, where no Response has been filed, the Forum mailed to Respondent a Second Notice of Arbitration.
3.  The Respondent has filed a Response with the Forum and served it on the Claimant.
4.  An arbitration hearing notice was duly delivered to the Parties as required by the Forum Rules.
5.  The Arbitrator conducted a Hearing in this case in accordance with the Forum Rules.
6.  The Parties have had the opportunity to present all evidence and information to the Arbitrator
7.  The Arbitrator has reviewed all evidence submitted in this case.

Decision

1.  The Arbitrator knows of no conflict of interests that exist.
2.  This matter involves interstate commerce and the Federal Arbitration Act governs this arbitration.
3.  The Claim was properly served on the Respondent by Claimant in accordance with Rule 6, including a Notice of Arbitration.
4.  On or before 05/25/2006 the Parties entered into a valid, written agreement to arbitrate their dispute.
5   The Parties' Arbitration Agreement is valid and enforceable and governs all the issues in dispute.
6.  This matter is arbitrable under the terms of the Parties' Arbitration Agreement and the law.
7.  The matter has proceeded in accord with the applicable Forum Code of Procedure Rules.
8.  The evidence submitted supports the issuance of this Award.
9.  The applicable substantive law supports the issuance of this Award.

Therefore, the Arbitrator ISSUES:
An Award in favor of the Claimant, for a total amount of $8,476.52.

Entered and Affirmed in the State of California

ACKNOWLEDGEMENT AND CERTIFICATE
OF SERVICE
This Award was duly entered and the Forum hereby certifies that
pursuant to the Parties' Arbitration Agreement, a copy of this Award
was sent by first class mail postage prepaid to the Parties at the above
referenced addresses, or their Representatives, on this date.

Carol Medoff, Esq.
Arbitrator

Honorable Harold Traina, Ret.
Director

Date: 01/26/2007

Date: 01/29/2007

*LPS. 3·2·8·0*
*UPS w/m, De*

(338175)

COPY

*Personal Service*
*March 2 7, 2007*
*2:00*
*Carol*
*Steve*

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address): | FOR COURT USE ONLY |
|---|---|
| ALAN PAUL<br>16161 Ventura Blvd. #715<br>Encino, CA 91436<br>TELEPHONE NO: 818 612-0330    FAX NO: 818 ___-29__ | ~~ORIGINAL FILED~~<br>Los Angeles Superior Court<br><br>MAR 09 2007<br><br>Ju___ ___ ___ Clerk<br>BY A. Sei___, Deputy |
| ATTORNEY FOR (Name): | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
STREET ADDRESS: 6230 Sylmar Avenue Room 107
MAILING ADDRESS:
CITY AND ZIP CODE: Van Nuys, CA 91401
BRANCH NAME: NORTHWEST DISTRICT    *Chase Bank USA NA*

CASE NAME: ALAN PAUL v. Chase Bank USA N.A.

**07E02155**

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☐ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☑ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter    ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 1811) | | JUDGE: Honorable Gregg Marcus<br>DEPT: 108 |

*All five (5) items below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☐ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☑ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 1800–1812)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition (not specified above) (43)

2. This case ☐ is ☑ is not complex under rule 1800 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties    d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. ☐ Coordination with related actions pending in one or more courts in other counties, states or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence    f. ☐ Substantial post-judgment judicial supervision

3. Type of remedies sought (check all that apply):
   a. ☐ monetary    b. ☑ nonmonetary; declaratory or injunctive relief    c. ☐ punitive

4. Number of causes of action (specify): three

5. This case ☐ is ☑ is not a class action suit.

Date: March 9, 2007

ALAN PAUL
(TYPE OR PRINT NAME)    ▶    *Alan Paul*
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate, Family, or Welfare and Institutions Code). (Cal. Rules of Court, rule 201.8.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 1800 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2003] | **CIVIL CASE COVER SHEET** | American LegalNet, Inc.<br>www.USCourtForms.com | Cal. Rules of Court, rules 201.8, 1800–1812;<br>Standards of Judicial Administration, § 19<br>www.courtinfo.ca.gov |

AJAC 

COPY

| SHORT TITLE: ALAN PAUL vs. CHASE BANK USA N.A. | CASE NUMBER 07F 02155 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

Item I.  Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ● (YES)  CLASS ACTION? ● (No)  LIMITED CASE? ● (YES)  TIME ESTIMATED FOR TRIAL 3 D ● HOURS/ ● DAYS

Item II. Select the correct district and courthouse location (4 steps – if you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

### Applicable Reasons for Choosing Courthouse Location (see Column C below)

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ● A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 2, 4. |
| | Uninsured Motorist (46) | ● A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 2, 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ● A6070  Asbestos Property Damage<br>● A7221  Asbestos - Personal Injury/Wrongful Death | 2<br>2 |
| | Product Liability (24) | ● A7260  Product Liability (not asbestos or toxic/environmental) | 1, 2, 3, 4., 8. |
| | Medical Malpractice (45) | ● A7210  Medical Malpractice - Physicians & Surgeons<br>● A7240  Other Professional Health Care Malpractice | 1, 2, 4.<br>1, 2, 4 |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ● A7250  Premises Liability (e.g., slip and fall)<br>● A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc )<br>● A7270  Intentional Infliction of Emotional Distress<br>● A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 2, 4<br>1, 2, 4.<br>1, 2, 3<br>1, 2, 4. |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ● A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3. |
| | Civil Rights (08) | ● A6005  Civil Rights/Discrimination | 1, 2, 3. |
| | Defamation (13) | ● A6010  Defamation (slander/libel) | 1, 2, 3. |
| | Fraud (16) | ● A6013  Fraud (no contract) | 1, 2, 3. |
| | Intellectual Property (19) | ● A6016  Intellectual Property | 2, 3. |

CIV 109 03-04
LASC Approved

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 1 of 4

| SHORT TITLE: | CASE NUMBER |
|---|---|
| ALAN PAUL vs. CHASE BANK USA N.A. | |

| A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>-See Step 3 Above |
|---|---|---|
| Professional Negligence (25) | • *A6017   Legal Malpractice<br>• *A6050   Other Professional Malpractice (not medical or legal) | 1., 2., 3<br>1., 2., 3. |
| Other (35) | • • *A6025  Other Non-Personal Injury/Property Damage tort | 2.,3. |
| Wrongful Termination (36) | • *A6037   Wrongful Termination | 1., 2., 3. |
| Other Employment (15) | • *A6024   Other Employment Complaint Case<br>• *A6109   Labor Commissioner Appeals | 1., 2., 3.<br>10. |
| Breach of Contract/ Warranty (06) (not insurance) | • *A6004  Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction)<br>• *A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>• *A6019  Negligent Breach of Contract/Warranty (no fraud)<br>• *A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5.<br>2., 5.<br>1., 2., 5.<br>1., 2., 5. |
| Collections (09) | • *A6002  Collections Case-Seller Plaintiff<br>• *A6012   Other Promissory Note/Collections Case | 2., 5., 6.<br>2., 5. |
| Insurance Coverage (18) | • *A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| Other Contract (37) | • *A6009  Contractual Fraud<br>• *A6031  Tortious Interference<br>• *A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 5<br>1., 2., 3., 5<br>1., 2., 3., 8 |
| Eminent Domain/Inverse Condemnation (14) | • *A7300  Eminent Domain/Condemnation        Number of parcels_____ | 2 |
| Wrongful Eviction (33) | • *A6023  Wrongful Eviction Case | 2., 6. |
| Other Real Property (26) | • *A6018  Mortgage Foreclosure<br>• *A6032  Quiet Title<br>• *A6060  Other Real Property(not eminent domain, landlord/tenant, foreclosure) | 2., 6.<br>2., 6.<br>2., 6. |
| Unlawful Detainer- Commercial (31) | • *A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer- Residential (32) | • *A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer- Drugs (38) | • *A6022  Unlawful Detainer-Drugs | 2., 6. |
| Asset Forfeiture (05) | • *A6108  Asset Forfeiture Case | 2., 6. |
| Petition re Arbitration (11) | • *A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

Non-Personal Injury/Property Damage/ Wrongful Death Tort (Cont'd.)
Employment
Contract
Real Property
Judicial Review   Unlawful Detainer

CIV 109 03-04
LASC Approved

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 2 of 4

| SHORT TITLE: | CASE NUMBER |
|---|---|
| ALAN PAUL vs. CHASE BANK USA N.A. | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review (Cont'd.)** | Writ of Mandate<br><br>(02) | • *A6151  Writ - Administrative Mandamus<br>• *A6152  Writ - Mandamus on Limited Court Case Matter<br>• *A6153  Writ - Other Limited Court Case Review | 2, 8.<br>2.<br>2. |
| | Other Judicial Review<br>(39) | • *A6150  Other Writ /Judicial Review | 2, 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade<br>Regulation (03) | • *A6003  Antitrust/Trade Regulation | 1, 2, 8. |
| | Construction Defect (10) | • *A6007  Construction defect | 1, 2., 3. |
| | Claims Involving Mass<br>Tort (40) | • *A6006  Claims Involving Mass Tort | 1, 2, 8. |
| | Securities Litigation (28) | • *A6035  Securities Litigation Case | 1, 2., 8. |
| | Toxic Tort<br>Environmental (30) | • *A6036  Toxic Tort/Environmental | 1, 2, 3., 8. |
| | Insurance Coverage<br>Claims from Complex<br>Case (41) | • *A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment<br><br>(20) | • *A6141  Sister State Judgment<br>• *A6160  Abstract of Judgment<br>• *A6107  Confession of Judgment (non-domestic relations)<br>• *A6140  Administrative Agency Award (not unpaid taxes)<br>• *A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>• *A6112  Other Enforcement of Judgment Case | 2, 9.<br>2, 6.<br>2, 9.<br>2, 8.<br>2, 8.<br>2, 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | • *A6033  Racketeering (RICO) Case | 1, 2, 8. |
| | Other Complaints<br>(Not Specified Above)<br><br>(42) | • *A6030  Declaratory Relief Only<br>• *A6040  Injunctive Relief Only (not domestic/harassment)<br>• *A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>• *A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8.<br>2, 8.<br>1, 2, 8.<br>1, 2, 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance(21) | • *A6113  Partnership and Corporate Governance Case | 2, 8. |
| | Other Petitions<br>(Not Specified Above)<br><br>(43) | • *A6121  Civil Harassment<br>• *A6123  Workplace Harassment<br>• *A6124  Elder/Dependent Adult Abuse Case<br>• *A6190  Election Contest<br>• *A6110  Petition for Change of Name<br>• *A6170  Petition for Relief from Late Claim Law<br>• *A6100  Other Civil Petition | 2, 3, 9.<br>2, 3, 9.<br>2, 3, 9<br>2.<br>2, 7.<br>2, 3, 4, 8<br>2, 9. |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE: | CASE NUMBER |
|---|---|
| | |

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C WHICH APPLIES IN THIS CASE<br><br>• 1. • 2. • 3. • 4. • 5. • ⑥. • 7. • 8. • 9. • 10. | ADDRESS:<br>16161 VENTURA BLVD. #715 |
|---|---|
| CITY:<br>ENCINO | STATE:<br>CA | ZIP CODE:<br>91436 | |

Item IV. *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the VAN NUYS courthouse in the NORTHWEST District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: MARCH 9, 2007

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

---

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form JC 982.2(b)(1).

4. Complete Addendum to Civil Case Cover Sheet form CIV 109 _____ (eff. Date).

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form 982(a)(27), if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

Alan Paul
16161 Ventura Blvd. #715
Encino, CA 91436
Plaintiff, *in propria persona*

COPY

**ORIGINAL FILED**
Northwest District

**MAR 09 2007**

**LOS ANGELES
SUPERIOR COURT**

IN THE SUPERIOR COURT

IN AND FOR LOS ANGELES, STATE OF CALIFORNIA

ALAN PAUL,

    Plaintiff,

v.

CHASE BANK USA, N.A.,

    Defendant.

Case No:

**07E02155**

PETITION TO VACATE ARBITRATION
AWARD

To CHASE BANK USA, N.A.

PLEASE TAKE NOTICE that at 9:00AM, on **April 11, 2007**, or as soon after as the matter can be heard, in 108 of the LOS ANGELES County Superior Court, 6230 Sylmar Avenue, room 108, Van Nuys, CA 91401, ALAN PAUL will move the court for an order vacating arbitration award in the above entitled case.

  This petition is based on the fact that there is no valid agreement between the parties that would permit the use of binding arbitration.

1    This Petition will be based on this Notice of Petition, Verified Complaint, Declaration of

2    CHASE BANK USA, N.A. Brief in support thereof, and any further oral or documentary

3    evidence introduced at the hearing of this action.

4

5

Dated this Twentieth        day of March 2007.

6

7    Respectfully submitted and signed
     by ALAN PAUL.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Alan Paul
16161 Ventura Blvd. #715
Encino, CA 91436
818 612-0330
Plaintiff, *in propria persona*

**ORIGINAL FILED**
Northwest District

**MAR 09 2007**

**LOS ANGELES
SUPERIOR COURT**

IN THE SUPERIOR COURT

IN AND FOR LOS ANGELES COUNTY, STATE OF CALIFORNIA

| | |
|---|---|
| ALAN PAUL | Case No: |
| Plaintiff, | **07E02155** |
| v. | BRIEF IN SUPPORT OF PETITION TO |
| CHASE BANK USA, N.A. | VACATE ARBITRATION AWARD |
| Defendant. | |

Alan Paul hereby respectfully submits the following Memorandum of Law in support of Plaintiff's Petition to Vacate Arbitration Award.

The Petition at issue, and reasons for why the court must vacate the arbitration award are set out in this Memorandum of Law and Declaration of Alan Paul supporting this Petition.

**STATEMENT OF THE CASE**

This is an action involving a dispute over whether or not there is any valid agreement to arbitrate and if the award issued by the National Arbitration Forum to Defendant is valid and binding.

1  ~~There is no arbitration agreement between parties and the arbitration award against~~

2  Plaintiff was entered without any authority whatsoever.  Therefore, Plaintiff is entitled to have

3  the arbitration award vacated.

4  ## LAW AND ARGUMENT

5          First, Plaintiff unequivocally submits that there is no arbitration agreement between the

6  parties and that Defendant is in no position to amend, alter or change the original agreement with

7  Chase Bank USA, N.A. by adding new terms.  However, even if Defendant had this right, which

8  Plaintiff does not contend in any way whatsoever, Defendant ignores the fact that Plaintiff has

9  never received any agreement or amendment permitting the use of binding arbitration.  Further,

10  Defendant has not provided any evidence to suggest the original agreement with Chase Bank

11  USA, N.A., that was opened in 2004 having had a provision that allowed for unilateral change by

12  adding completely new terms to the agreement.

13          The term "amend" is defined in Ballentine's law Dictionary as: "[t]o improve; to make

14  better by change or modification." See also, Black's Law 4th Edition.  "Amend" does not equal

15  the right to add new terms affecting the inalienable rights of a natural person, such as trial by

16  jury.[1]  "The right to amend . . . does not mean, however, that the debtor has an unfettered right

17  to alter previously settled rights of affected entities." In Baron D. Grantham, 256 B.R. 262; 1999

18  Bankr. LEXIS 1847.

19          Even if Defendant has power and a right to amend the original agreement, which is not

20  the case here, "it does not act in an objectively reasonable manner when it attempts to recapture a

21  forgone opportunity by adding an entirely new term which has no bearing on any subject

22  addressed in the original contract and which was not within the reasonable contemplation of the

23  parties when the contract was entered into." See Perry v. Fleetboston Fin. Corp., 2004 U.S. Dist.

24

25

26  [1] "The first ten amendments to the Constitution, adopted as they were soon after the adoption of the Constitution, are
in the nature of a bill of rights, and were adopted in order to quiet the apprehension of many, that without some such
declaration of rights the government would assume, and might be held to possess, the power to trespass upon those

27  rights of persons and property which by the Declaration of Independence were affirmed to be unalienable rights."
See Monongahela Navigation Co. v. United States, 148 U.S. 312 (1893).

28

1   LEXIS 12616. *See also* <u>Myers v. MBNA Am. & N. Am. Capitol Corp.</u>, 2001 U.S. Dist. LEXIS

2   11900, which rejected Plaintiff's arbitration clause.[2]

3       At least four other sister state jurisdictions agree with <u>Perry v. Fleetboston Fin. Corp.</u>, *Id.*[3]

4   For example in, <u>Discover Bank v. Shea</u>, the court held that "courts also do not permit unilateral

5   amendments to existing agreements to change material terms." *See* <u>Discover Bank v. Shea</u>, 362

6   N.J. Super. 200, 827 A.2d 358, (2001).

7       Another District court recently dealt with the same issue of whether or not a consumer

8   had received the amendment and/or arbitration clause in an agreement. There, the consumer

9   argued that the arbitration clause was unconscionable, but that she never received a copy of the

10   same. The court correctly rendered its opinion in the matter by stating that "Plaintiff [Baker]

11   does contend that she actually had no choice because she never received the amendment.

12   However, if she never received the amendment, the Arbitration Section is unenforceable because

13   she never entered into an agreement to arbitrate." *See* <u>Barker v. Trans Union LLC</u>, 2004 U.S.

14   Dist. LEXIS 874.[4]

15       The original agreement did not provide for existing terms to be changed, or addition of

16   <u>new</u> terms, therefore based on the foregoing, Defendant has no authority to change a private

17   contract without the mutual consent, knowledge and notification.

18       Furthermore, it has been a well-established fact in law that binding arbitration impairs

19   rights of parties to litigate matters in court and the right to a trial by jury. "If an impairment is

20   found, the reviewing court next determines whether the impairment is of constitutional

21

22

23   [2] "[A]n offeror can not, merely by saying that the offeree's silence will be taken as an acceptance, cause it to be such.

24   The offeror cannot force the offeree to take pen in hand, to use a postage stamp, or to speak, under penalty of being
bound by a contract by not expressing a rejection. Circumstances may indicate that the offeree accepts the offer."
See <u>Myers v. MBNA Am. & N. Am. Capitol Corp.</u> 2001 U.S. Dist. LEXIS 11900 (D. Mont. Mar. 28, 2001)

25   [3] See <u>Badie v. Bank of Am.</u>, 67 Cal. App. 4th 779, 79 Cal. Rptr. 2d 273, 1998 Cal. App. <u>BellSouth Mobility LLC v.

26   Christopher</u>, 27 Fla. Weekly D1093a (May 8, 2002). <u>Lytle v. CitiFinancial Services, Inc.</u>, PICS Case No. 02-1635
(Pa. Super. Oct. 24, 2002).

27   [4] <u>Barker v. Trans Union LLC</u> cites Reyes v. Equifax Credit Information Services and First North America Bank,
2003 U.S. Dist. Lexis 22235. That case dealt with a consumer who had moved and failed to perform his duty by

28   informing the card company that he had moved, thus his excuse of not receiving the amendment was due to his lack
of performance. This is not the case here.

1  dimension."[5] ~~Allied Structural Steel Co. v. Spannaus, 438 U.S. 234, 245 (1978).~~ Impairment

2  exists when Plaintiff never received notice of any amendment that would affect the right to

3  access the courts and the right to a trial by jury.

4      It has also long held that arbitration is voluntary.[6] Voluntary is defined in Black's Law

5  7th Edition to mean: "1. Done by design or intention. 2. Unconstrained by interference; not

6  impelled by outside influence." Here, Defendant attempts to force Plaintiff to submit to

7  arbitration when no agreement exists to arbitrate and without Plaintiff volunteering or consenting

8  to arbitration.

9      Arbitration prevents consumers the access to courts, class-action suits, appeals, trial by

10  jury, and expansive court discovery, just to name a few things.  Further, arbitration is not

11  regulated.  In fact, it is a private forum that makes a living from claims filed, such as

12  Defendant's.  One does not have to be a rocket scientist to figure out why Defendant is so eager

13  to enforce a non-existing arbitration clause.

14      Notwithstanding the lack of agreement to arbitrate, the purported arbitration proceedings

15  failed to comply with applicable California Law.

16      The attorney for Defendant failed to provide a certificate on the arbitrator, the State Bar

17  of California, and Plaintiff any of the information required under CCP § 1282.4(c), which states

18  in part:

19          "(c) Prior to the first scheduled hearing in an arbitration, the attorney described in subdivision (b) shall serve a certificate on the

20  arbitrator or arbitrators, the State Bar of California, and all other parties and counsel in the arbitration whose addresses are known to

21  the attorney. In the event that the attorney is retained after the first hearing has commenced, then the certificate shall be served prior

22  to the first hearing at which the attorney appears. The certificate shall state all of the following:

23          (1) The attorney's residence and office address.

24             (2) The courts before which the attorney has been admitted to practice and the dates of admission.

25

26  [5] See also United States Trust Co. v. New Jersey, 431 U.S, which stated "[t]o prevail on a claim that federal economic legislation unconstitutionally impairs a private contractual right, the party complaining of

27  unconstitutionality has the burden of demonstrating, first, that the statute alters contractual rights or obligations."
[6] "The arbitration is voluntary, but the award pursuant to the arbitration is conclusive upon the parties as to the

28  merits and facts of the controversy submitted."  See Texas & N. O. R. Co. v. Brotherhood of R. & S.S. Clerks, 281 U.S. 548.  See also Conrail v. Railway Labor Executives' Ass'n, 491 U.S. 299.

(3) That the attorney is currently a member in good standing of, and eligible to practice law before, the bar of those courts.

(4) That the attorney is not currently on suspension or disbarred from the practice of law before the bar of any court.

(5) That the attorney is not a resident of the State of California.

(6) That the attorney is not regularly employed in the State of California.

(7) That the attorney is not regularly engaged in substantial business, professional, or other activities in the State of California.

(8) That the attorney agrees to be subject to the jurisdiction of the courts of this state with respect to the law of this state governing the conduct of attorneys to the same extent as a member of the State Bar of California.

(9) The title of the court and the cause in which the attorney has filed an application to appear as counsel pro hac vice in this state or filed a certificate pursuant to this section in the preceding two years, the date of each application, and whether or not it was granted.

(10) The name, address, and telephone number of the active member of the State Bar of California who is the attorney of record."

As such, pursuant to 1282.4(d), the attorney for Defendant was disqualified from serving as the attorney of record in the arbitration. CCP § 1282.4(d) states in part:

"Failure to timely file the certificate described in subdivision (c) or, absent special circumstances, repeated appearances shall be grounds for disqualification from serving as the attorney of record in the arbitration in which the certificate was filed."

It is also important to note that Defendants purported award was not served upon Plaintiff pursuant to CCP § 1283.6 as required, but was instead sent to Plaintiff via First Class Mail. (see Exhibit "A") CCP § 1283.6 states in part:

"The neutral arbitrator shall serve a signed copy of the award on each party to the arbitration **personally or by registered or certified mail** or as provided in the agreement." *(emphasis added)*

The Forum is also in violation of CCP § 1281.96 (a), in that it does not make available any of the information set forth in CCP § 1281.96(a)(1)-(9) on its Internet Web site. CCP § 1281.96(a) states in part:

(a) Except as provided in paragraph (2) of subdivision (b), any private arbitration company that administers or is otherwise involved in, a consumer arbitration, shall collect, publish at least quarterly, and make available to the public in a computer-searchable format, which shall be accessible at the Internet Web site of the private arbitration company, if any, and on paper upon

request, all of the following information regarding each consumer arbitration within the preceding five years:

(1) The name of the nonconsumer party, if the nonconsumer party is a corporation or other business entity.

(2) The type of dispute involved, including goods, banking, insurance, health care, employment, and, if it involves employment, the amount of the employee's annual wage divided into the following ranges: less than one hundred thousand dollars ($100,000), one hundred thousand dollars ($100,000) to two hundred fifty thousand dollars ($250,000), inclusive, and over two hundred fifty thousand dollars ($250,000).

(3) Whether the consumer ononsumer party was the prevailing party.

(4) On how many occasions, if any, the nonconsumer party has previously been a party in an arbitration or mediation administered by the private arbitration company.

(5) Whether the consumer party was represented by an attorney.

(6) The date the private arbitration company received the demand for arbitration, the date the arbitrator was appointed, and the date of disposition by the arbitrator or private arbitration company.

(7) The type of disposition of the dispute, if known, including withdrawal, abandonment, settlement, award after hearing, award without hearing, default, or dismissal without hearing.

(8) The amount of the claim, the amount of the award, and any other relief granted, if any.

(9) The name of the arbitrator, his or her total fee for the case, and the percentage of the arbitrator's fee allocated to each party.

Additionally, the Forum is in violation of CCP § 1284.3, in that it requires for any consumer who is a party to the arbitration to pay the fees and costs incurred by the opposing party if it does not prevail in the arbitration. CCP § 1284.3 states in part:

"(a) No neutral arbitrator or private arbitration company shall administer a consumer arbitration under any agreement or rule requiring that a consumer who is a party to the arbitration pay the fees and costs incurred by an opposing party if the consumer does not prevail in the arbitration, including, but not limited to, the fees and costs of the arbitrator, provider organization, attorney, or witnesses."

"Where a consumer enters into an adhesive contract that mandates arbitration, it is unconscionable to condition that process on the consumer posting fees he or she cannot pay. Such a provision is unduly harsh and one-sided, defeats the expectations of the nondrafting party, and shocks the conscience. While arbitration may be within the reasonable expectations of consumers, a process that builds prohibitively expensive fees into the arbitration process is not. To state it simply: it is substantively unconscionable to require a consumer to give up the right to

1  utilize the judicial system, while imposing arbitral forum fees that are prohibitively high.

2  Whatever preference for arbitration might exist, it is not served by an adhesive agreement that

3  effectively blocks every forum for the redress of disputes, including arbitration itself." *See*

4  *Gutierrez v. Autowest, Inc.*, 114 Cal. App. 4th 77 (Cal. Ct. App., 2003)

5          The bottom line in the instant case is that since no arbitration agreement exists between

6  parties whatsoever, Defendant illegally filed a claim in the Forum, and the arbitrator exceeded

7  authority by entering an award against Plaintiff. *See* *Comprehensive Accounting Corp. v.*

8  *Rudell*, C.A.7 (Ill.) 1985, 760 F.2d 138. It has long been held that arbitration is a matter of

9  contract, and no party can be forced to submit a dispute to arbitration when no such agreement

10  exists. *See* *Howsam v. Dean Witter Reynolds*, 537 U.S. 79 (2002).

11          Defendant never provided a copy of the original account agreement to the National

12  Arbitration Forum or to Plaintiff. Furthermore, Defendant has never presented Plaintiff any

13  agreement authorizing a dispute to be resolved using the National Arbitration Forum or any other

14  arbitration forum.

15          Defendant served its arbitration claim upon Plaintiff on January 30, 2007. Plaintiff filed

16  a timely objection to the arbitration claim and proceedings, evidencing that HE had never agreed

17  to arbitrate, and that the National Arbitration Forum had no authority to hear the dispute.

18          Courts, not the arbitrators determine if an agreement exists whereupon a dispute may be

19  resolved using arbitration. *See* *Howsam v. Dean Witter Reynolds*. *id*

20          Plaintiff's clearly raised the issue of arbitrability, refusing to submit to the National

21  Arbitration Forum's jurisdiction. Plaintiff did not submit the issue of arbitrability to the

22  arbitrator for determination. As such, the Arbitrator's actions of proceeding to arbitrate and

23  issuing an award beyond jurisdiction have no effect whatsoever, and the resulting award is

24  simply void on its face and unenforceable. *See* *Continental Materials Corp. v. Gaddos Min. Co.*,

25  C.A.10 (Who) 1962, 306 F.2d 952.

26

27

28

For the reasons stated above, and other potential yet undisclosed reasons, Arbitration was not permitted in this case, and as such this action should be dismissed pursuant to CCP § 1287.2, which states:

> "The court shall dismiss the proceeding under this chapter as to any person named as a Plaintiff if the court determines that such person was not bound by the arbitration award and was not a party to the arbitration."

## CONCLUSION AND RELIEF SOUGHT

As a result of the foregoing, there is not any valid arbitration agreement between the parties, and Plaintiff prays that the arbitration award subject to this action be Vacated.

Dated this ninth day of March 2007.

Respectfully submitted and signed by ALAN PAUL



NATIONAL ARBITRATION
# FORUM

*FORUM Dispute Management Organization*

*Exhibit A*

January 30, 2007

Alan Paul
16161 Ventura Blvd # 715
Encino, CA  91436


Chase Bank USA, N.A. as successor in interest to Bank One Delaware, NA
c/o Mann Bracken, LLC
James D. Branton, Esq.
2727 Paces Ferry Road
One Paces West
14th Floor
Atlanta, GA  30339

**RE:  Chase Bank USA, N.A. as successor in interest to Bank One Delaware, NA v Alan
Paul**
**File Number:  FA0610000814750**
**Claimant Reference Number:      61333370**

Dear Parties:

Enclosed and served upon you by United States Mail is a copy of the **Award**, which has been
entered in this matter.

This case is now closed with the National Arbitration Forum.  All future inquiries regarding this
case should be directed to the opposing Party.

Sincerely,

Kelly M Wilen
Case Coordinator
Enclosure



NATIONAL ARBITRATION
# FORUM

Chase Bank USA, N.A. as successor in interest to Bank One Delaware, NA
c/o Mann Bracken, LLC
2727 Paces Ferry Road
One Paces West, 14th Floor
Atlanta, GA  30339

        **CLAIMANT(s),**                **AWARD**

                            RE:    **Chase Bank USA, N.A. as successor in interest to Bank One Delaware, NA v Alan Paul**
                                   **File Number: FA0610000814750**
                                   **Claimant Account Number:  4266851056537290**

Alan Paul
16161 Ventura Blvd # 715
Encino, CA  91436

        **RESPONDENT(s).**

The undersigned Arbitrator in this case FINDS and CONCLUDES:

                            Case Summary

1.   The Claimant has filed a Claim with the National Arbitration Forum.
2.   After Proof of Service of the Claim was filed with the Forum, where no Response has been filed, the Forum mailed to Respondent a Second Notice of Arbitration.
3.   The Respondent has filed a Response with the Forum and served it on the Claimant.
4.   An arbitration hearing notice was duly delivered to the Parties as required by the Forum Rules.
5.   The Arbitrator conducted a Hearing in this case in accordance with the Forum Rules.
6.   The Parties have had the opportunity to present all evidence and information to the Arbitrator.
7.   The Arbitrator has reviewed all evidence submitted in this case.

                            Decision

1.   The Arbitrator knows of no conflict of interests that exist.
2.   This matter involves interstate commerce and the Federal Arbitration Act governs this arbitration.
3.   The Claim was properly served on the Respondent by Claimant in accordance with Rule 6, including a Notice of Arbitration.
4.   On or before 10/09/2006 the Parties entered into a valid, written agreement to arbitrate their dispute.
5.   The Parties' Arbitration Agreement is valid and enforceable and governs all the issues in dispute.
6.   This matter is arbitrable under the terms of the Parties' Arbitration Agreement and the law.
7.   The matter has proceeded in accord with the applicable Forum Code of Procedure Rules.
8.   The evidence submitted supports the issuance of this Award.
9.   The applicable substantive law supports the issuance of this Award.

**Therefore, the Arbitrator ISSUES:**
An Award in favor of the Claimant, for a total amount of **$15,749.77.**

Entered and Affirmed in the State of California

_Alan T. Halket_
Alan N. Halkett, Esq.
Arbitrator

Date:  01/29/2007

        **ACKNOWLEDGEMENT AND CERTIFICATE
                  OF SERVICE**

    This Award was duly entered and the Forum hereby certifies that
pursuant to the Parties' Arbitration Agreement, a copy of this Award
was sent by first class mail postage prepaid to the Parties at the above
referenced addresses, or their Representatives, on this date.

Honorable Harold Kadina, Ret.
              **Director**
                  Date:  01/30/2007

Alan Paul
c/o 16161 Ventura Blvd. #715
Encino, CA 91436
818 612-0330
Plaintiff, *in propria persona*

COPY

**ORIGINAL FILED**
Northwest District

MAR 09 2007

**LOS ANGELES
SUPERIOR COURT**

IN THE SUPERIOR COURT

IN AND FOR LOS ANGELES COUNTY, STATE OF CALIFORNIA

ALAN PAUL
        Plaintiff,

v.

CHASE BANK USA, N.A.

        Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No:

# 07E02155

DECLARATION OF ALAN PAUL IN
SUPPORT OF COMPLAINT AND
PETITION TO VACATE ARBITRATION
AWARD

Time: **APRIL 11, 2007 9:00AM**
Place: 6230 SYMAR AVENUE, RM. 108
      VAN NUYS CA, 91401
Judge: HONORABLE GREGG MARCUS

### DECLARATION OF ALAN PAUL

I, ALAN PAUL, hereby declare and state:

1.  That I had an account with Defendant bearing the number, 4266851056537290.

2.  That when the account was established on or about June of 2004, I was sent an original agreement with terms and conditions related to account number 4266851056537290.

3.  That said agreement sent to me did not have any clause or provision that allowed Defendant to amend the agreement in any way whatsoever.

4.  That said agreement sent to me did not have any clause or provision that allowed Defendant to resolve any dispute under the agreement using arbitration in any way whatsoever.

5.  That Defendant never sent me any amendment or change to the original agreement that allowed for a dispute to be resolved using binding arbitration.

6.  That I regularly check my mail but I have never received any notice of proposed amendment or change or addition of terms to the original agreement by Defendant that allowed for any dispute to be resolved using arbitration.

7.  That majority of transactions of the account were made in my home state of California.

8.  That the place of contract and negotiation was made in my home state of California.

9.  That all performances by me were made in my home state of California.

10.     That monthly statements were sent to my home state of California.

11.     That the initial arbitration claim was served in my home state of California.

12.     That the national arbitration forum entered the award without any agreement between the parties allowing a dispute to be resolved using arbitration.

I, declare under penalty of perjury of the laws of the State of California that the foregoing is true and correct.

Dated this ninth day of March 2007.

Respectfully submitted and signed
by ALAN PAUL,

NAES - North American F...tional Services

Page 1 of 1

Regular Mail & Certified Mail#: 7005 1160 0003 5921 1326

Chase Manhattan Bank
PO BOX 15299
Wilmington. DE 19850-5299

February 17, 2006

RE: Billing Error on Account # 4266851056537290
Amount in Dispute: $10,932.40

Dear Chase Manhattan Bank:

I am writing regarding the above account. I believe that my most recent statement, January 23, 2006 is inaccurate.

I am disputing the above amount because I believe that you failed to credit my account for prepayments you agreed to credit on the statement dated January 23, 2006. It was my understanding that when I entered into the agreement with you that you would accept my signed note(s) or other similar instrument(s) as money, credit or payment for previous account transactions, and then reflect those credits in the statement dated January 23, 2006. They do not appear in the statement and I am wondering why. The amount of the credits on the prepayments of money or credit accepted by you should be the approximate amount that I list above. I am making this billing inquiry since I am uncertain of all the dates of the prepaid credits and also since there may be additional credits that I am entitled to. Please provide me with a written explanation why these credits are not showing.

I am requesting that you provide me with an acknowledgement of this billing error and complete a full investigation by sending me a written explanation report related to the subject matter of this billing error.

I am also requesting additional documentary evidence of indebtedness of the account showing that you did not accept any note or similar instrument from me without properly crediting my account as agreed, which includes copies of the account entries that made you arrive at the recent balance shown on my statement.

I may exercise my right to withhold the disputed amount until you comply. Thank you for your time and consideration in this matter. If you have any questions please contact me immediately at the address below, but make sure your questions reference an acknowledgement to this billing error dispute.

Lastly, please remove my phone numbers, 818-710-0747 and 818-612-0330, from your solicitation list as I do not wish to do any business with Chase Manhattan Bank over the phone. I am requesting that all communications be conducted in writing, and I appreciate your honoring my request.

Sincerely.

Alan Paul
16161 Ventura Blvd, #715
Encino, CA 91436

**EXHIBIT R**

## IN THE NATIONAL ARBITRATION FORUM

Alan Paul]
16161 Ventura Boulevard #715
Encino, CA
91436

### RESPONDENT,

Bank One
Mann Bracken, LLC
One Paces West, Suite 1400
2727 Paces Ferry Road
Atlanta, GA 30339

### CLAIMANT.
cc National Arbitration Forum

### NOTICE OF OBJECTION TO ARBITRATION
### RULE 13A(2)

Forum File Number:
FA0610000814750
Account Number: 42668510814750
Claimant File Number: 61333370
Date: October 10, 2006



RECEIVED
NOV 0 6 2006
NATIONAL ARBITRATION FORUM

I, Alan Paul, Respondent, hereby declare and state that this is a Notice of Objection to Arbitration pursuant to RULE 13A(2) of the National Arbitration Forum's, hereafter NAF Code of Procedure Dated July 1, 2002 and as stated in said rule establishes the fact that Respondent has clearly asserted the right to object as outline in said rule. In addition Respondent provides the following statement of facts to support said Notice:

### STATEMENT OF FACTS

1. That I never consented or agreed to any contract of adhesion containing a forum selection clause that would subject me to the jurisdiction of the National Arbitration Forum, or any other Arbitration forum;

2. That this Notice of Objection to Arbitration should not be construed as a submittal to Arbitration proceeding in any way whatsoever. This is only a good faith effort to resolve this matter in an expeditious fashion and is only intended to stipulate that I object to any such arbitration proceeding;

**EXHIBIT S**

3. That the NAF would be acting illegally and without jurisdiction by ordering or requesting any further documentation regarding this matter or proceeding with any type of hearing regarding this claim;

4. That the Forum's requirement of the Respondent to participate in any way in this forum in order to resolve a dispute, and failure by the Respondent to appear may result in an award against him is done in violation of my rights by attempting to deny me meaningful access to due process and is done without any authority;

5. That I discharge and prohibit the Forum from making any award or taking any other action whatsoever, except to dismiss the case for lack of jurisdiction.

6. That I will not respond to any further communications regarding this Arbitration Claim.

7. That I am not in receipt of any documentation stipulating that I am required to arbitrate.

8. I, [your name] declare that the statements herein and above are true and correct to the best of my personal knowledge.

## POINTS AND AUTHORITIES

### STATEMENT OF CASE

9. Claimant has filed a claim in the National Arbitration Forum, (hereafter NAF) in regards to a dispute regarding a credit card account between Claimant and Respondent. Respondent is opposing Claimant's request pursuant to Rule 13A(2) NAF Code of Procedure on the following grounds:

   a. There was never any arbitration agreement between Plaintiff and Defendant and therefore any appointed arbitrator would be without authority and jurisdiction to establish any enforceable award. *(Rule 1 NAF Code of Procedure et esq.)*

b. Claimant has failed to provide a copy of the referenced contract of adhesion the location of such document and provide any proof that I was given the rig to reject the terms without impunity.

c. Claimant has failed to provide a copy of the Arbitration Agreement containi any authorizing signatures that would substantiate a valid binding contract o notice of the location of a copy of said agreement. *(RULE 12(A2) NAF Coa of Procedure)*. It is the respondent's belief that this was intentional on the part of the Claimant as Respondent is not aware of the existence of any such document.

d. Respondent is aware that most states have enacted legislation in support of Alternant Dispute Resolution (ADR) as a method of resolving matters of disagreement and as an alternative to court proceedings. However this in no way subjects Respondent to any the jurisdiction of this or any other forum without the existence of such an agreement or a court order compelling mandatory arbitration as a solution to this matter.

e. Respondent has reason to believe that any Arbitration award that may be granted would be void on its face without first establishing jurisdiction by w of the above referenced agreement and full compliance with the rules set for by the NAF governing the arbitration process.

## LAW AND ARGUMENT

### NO VALID AGREEMENT TO ARBITRATE

10.    Further, under the first step in analysis to decide whether a dispute must be arbitrated under the Federal Arbitration Act (FAA), a party may challenge the validity of an arbitration agreement under general contract

principles. 9 U.S.C.A. Sec.1 et seq.; *In Re David's Supermarkets, Inc.* 43 S.W.3d 94 (2001). In addition, the federal policy favoring arbitration does not apply to the determination of whether there is a valid agreement to arbitrate between the parties; instead ordinary contract principles determine who is bound. 9 U.S.C.A Sec. 1 et seq.; *Fleetwood Enterprises, Inc. v. Gaskamp,* 280 F.3d 1069, opinion supplemental on denial of rehearing 303 F.3d 453.

11.    Claimant claims that there was an alleged agreement to arbitrate, to be governed by provisions under the FAA. Even under the FAA, there must be evidence of a valid agreement. Courts are clear in upholding an agreement to arbitrate must be clear to both parties. Otherwise, the legislative intent of arbitration is abused and devalued. In *Stout v. Byrider,* 50 F.Supp.2d 733, affirmed 228 F.3d 709, the court held that arbitration is a matter of contract, and thus, a party cannot be compelled to arbitrate any claims he or she did not agree to arbitrate when making the contract. In the case at hand, Respondent never agreed to arbitration. Respondent never received any agreement or contract, or information regarding an arbitration clause.

12.    The Federal Arbitration Act, 9 U.S.C.A., provides that the purpose of arbitration is to give arbitration agreements the same force and effect as other contracts, where parties expressly agree to submit to disputes to arbitration. *Brener v. Becker Paribas Inc.,* S.D. N.Y 1985, 628 F.Supp. 442. Further, there must be a clear agreement to arbitrate. *Nicholas A. Califano, M.D., Inc. v. Shearson Lehman Bros. Inc.,* S.D.N.Y. 1988, 690 F.Supp. 1354. In the case at hand, Respondent did not receive notice or agreement to arbitrate, nor did Respondent ever expressly agree to arbitration.

13.     No arbitration agreement exists between Claimant and Respondent whatsoever, and none of Respondent's arguments should be construed to mean that such agreement exists. Respondent was never given clear notice of arbitration in any original agreement, nor was made aware of any arbitration agreement, nor  expressly agree to arbitration, nor establish meaningful consent to arbitrate.

## NO JURISDICTION UNDER THE FAA

14.     "Federal law preempts state law on issues of arbitrability." *Three Valleys Mun. Water Dist. v. E.F. Hutton* (9th Cir. 1991) 925 F.2d 1136, 1139. "...a party who contests the making of a contract containing an arbitration provision cannot be compelled to arbitrate the threshold issue of the *existence* of an agreement to arbitrate.  Only a court can make that decision." *Three Valleys Mun. Water Dist. v. E.F. Hutton*, at 1140/1141.

15.     9 USC Sec. 2 requires a written agreement to arbitrate.  The requirement is jurisdictional.  Without a written agreement, the FAA does not apply. Further, there is no requirement under the FAA mandating that the jurisdictional defense of "no agreement to arbitrate" be raised within a particular period of time.

16.     WHEREFORE, there is no consent or agreement on the part of Respondent to arbitrate, Respondent respectfully demands that this proceeding be stopped immediately an no additional correspondence regarding this matter be requested.


Respectfully Submitted Without Prejudice

_Alan Parl_

_____

Alan Paul

16161 Ventura Boulevard #715

Encino, CA 91436

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Motion was caused to be deposited and mailed on the second day of November, 2006, via Certified Mail to the following interested parties:

Certified Mail Number 7006 0810 0004 2544 6782
Mann Bracken, LLC
One Paces West, Suite 1400
2727 Paces Ferry Road
Atlanta, GA 30339

and to:
Certified Mail Number 7006 0810 0004 2544 6799
National Arbitration Forum
P. O. Box 50191
Minneapolis, MN 55405-0191



Dated this second day of November, 2006

Respectfully submitted and
signed by Alan Paul

Jun 2007  12:28      P. 05

ENDORSED
F I L E D
San Francisco County Superior Court

APR 0 9 2007

GORDON PARK-LI, Clerk
JUN B. PANELO
Deputy Clerk

Martha Carmack
1536 Pershing Drive, Apt. D
San Francisco, CA  94129
415-831-4485
Plaintiff, *in propria persona*

CASE MANAGEMENT CONFERENCE SET BY:

AUG 1 0 2007 - 10:30 AM

DEPARTMENT 212

IN THE SUPERIOR COURT

IN AND FOR COUNTY OF SAN FRANCISCO, STATE OF CALIFORNIA

MARTHA CARMACK,
          Plaintiff,

v.

THE CHASE MANHATTAN BANK,

          Defendant.

Case No. CGC-07-462170

VERIFIED COMPLAINT AND PETITION TO VACATE ARBITRATION AWARD

1. STATUTORY VIOLATIONS AND DAMAGES.
2. BREACH OF CONTRACT
3. VIOLATIONS OF RIGHTS

LIMITED JURISDICTION

AMOUNT DEMANDED DOES NOT EXCEED $16,000

COMES NOW, Martha Carmack, Plaintiff and Petitions this court for an order vacating arbitration award and for causes of action against Defendant and alleges as follows:

COUNT I – STATUTORY VIOLATIONS AND DAMAGES

1.      That Plaintiff is a natural person and a resident in San Francisco, in the County of San Francisco, the State of California.

2.      That Defendant, The Chase Manhattan Bank (USA), is a Corporation organized in the State of Delaware with its principal business location at 201 North Walnut Street, Wilmington, Delaware.

Plaintiff's Verified Complaint and Petition to Vacate Arbitration Award - Page 1 of 6

**EXHIBIT T**

3.     That Plaintiff and Defendant entered into a consumer contract on and about January 1993.

4.     That the contract provided for Plaintiff to obtain a revolving open-ended account with Defendant.

5.     That the original contract was governed in part by the Truth in Lending Act. 15 USC section 1601 *et seq* [TILA] by Plaintiff.

6.     That Defendant is familiar with the Truth in Lending Act, and any obligations it would have under said Act.

7.     That the original contract required Defendant to respond to any TILA inquiries made by Plaintiff, which were made pursuant to 15 USC §§ 1666(a) or 1666(b).

8.     That Plaintiff made an inquiry with Defendant, pursuant to 15 USC §§ 1666(a) and 1666(b), on and about September 25, 2005, as to the inaccuracies on the monthly statement and requested further information and documentation.

9.     That Defendant received said inquiry on and about September 29, 2005.

10.     That Defendant has a duty to comply with any inquiry under TILA, specifically 15 USC § 1666(a) and 1666(b) made by Plaintiff.

11.     That more than ninety (90) days has elapsed since the time Defendant received the billing inquiry from Plaintiff.

12.     That as of this date Defendant has ignored, failed and/or neglected Plaintiff's inquiry by failing to respond to the same.

13.     That by failing to respond Defendant is prohibited under TILA, specifically 15 USC § 1666(c), to proceed with any collection efforts.

14.     That by failing to respond to Plaintiff's billing error notice, Defendant violated 15 USC § 1666(c) and 12 CFR § 226.13 *et seq*.

15.     That Defendant's reported to the credit reporting agencies that Plaintiff was delinquent on the contract.

16.     That as a result of Defendant's reporting the foregoing to the credit reporting agencies, Defendant violated 15 USC § 1666(d) and 12 CFR § 226.13 *et seq*.

17.    That Defendant ignored and disregarded the TILA provisions specified in 15 USC § 1666(c) by proceeding with collection efforts by filing a Claim with the National Arbitration Forum ("Forum"). A true and correct copy of the Claim is herewith attached and incorporated by reference as Exhibit "A."

18.    That by filing said Claim Defendant violated 15 USC § 1666(c) and 12 CFR section 226.13 et seq.

19.    That as a result of the foregoing Plaintiff is entitled to relief under TILA.

COUNT II – BREACH OF CONTRACT

20.    That Plaintiff hereby incorporates paragraphs 1 through 19 herein and above by this reference.

21.    That Plaintiff is not currently in possession of the original contract, but will seek to obtain a copy thereof in discovery and/or will seek leave of court to amend this complaint to incorporate a copy of said contract at that time when a copy can be ascertained.

22.    That if called to testify Plaintiff will testify that the original contract between Plaintiff and Defendant did not contain any provision or clause to submit any dispute arising out the agreement to arbitration.

23.    That the original contract between Plaintiff and Defendant did not contain any provision that would allow Defendant to change or add new terms to the original agreement to include arbitration.

24.    That Plaintiff never received a copy of any change or addition of new terms to the original agreement.

25.    That Defendant filed a claim against Plaintiff in the National Arbitration Forum alleging that an agreement exists containing provisions to arbitrate any dispute arising out of the agreement.

26.    Plaintiff filed an objection with the National Arbitration Forum prohibiting the Forum to arbitrate the matter. Further, Plaintiff did not submit the issue of arbitrability or meritorious issue to the National arbitration Forum or the Arbitrator for determination.

1    27.    That the attorney for Defendant failed to provide a certificate on the arbitrator, the

2    State Bar of California, or the Plaintiff any of the information listed under CCP § 1282.4(c).

3    28.    That pursuant to 1282.4(d), the attorney for Defendant was disqualified from

4    serving as the attorney of record in the arbitration.

5    29.    Notwithstanding the foregoing, the arbitrator and the Forum entered an arbitration

6    award against Plaintiff and in favor of Defendant in the amount of Fifteen thousand twelve

7    dollars and fifty seven cents ($15,012.57) Dollars, as evidenced by attached Award that is

8    incorporated herein by this reference as Exhibit "B".

9    30.    Defendant served upon Plaintiff a copy of the Arbitration Award on and about

10   January 4, 2007.

11   31.    That the copy of said award was not served upon Defendant pursuant to CCP §

12   1283.6 as required, but was instead sent to Plaintiff via First Class Mail. (see Exhibit "B")

13   32.    That the Forum is in violation of CCP § 1281.96 (a), in that it does not make

14   available any of the information set forth in CCP § 1281.96(a)(1)-(9) on its Internet Web site.

15   33.    That the Forum is in violation of CCP § 1284.3, in that it requires for any

16   consumer who is a party to the arbitration to pay the fees and costs incurred by the opposing

17   party if the consumer does not prevail in the arbitration.

18   34.    That Defendant obtained the Arbitration Award from the National Arbitration

19   Forum by breaching the original contract between Plaintiff and Defendant by submitting a claim

20   to the National Arbitration Forum without a valid agreement to arbitrate.

21   35.    That the arbitrator exceeded his authority to decide the matter and entered an

22   Award against Plaintiff. The National Arbitration Forum and Arbitrator were without subject

23   matter jurisdiction because no valid agreement existed between the parties to arbitrate.

24   36.    That Plaintiff would be prejudiced and adversely affected if Defendant is allowed

25   to proceed with confirming the Arbitration Award and a judgment is entered against Plaintiff.

26   37.    That Defendant had no right to force Plaintiff to arbitrate a claim.

27   38.    That Defendant had no right to obtain an Award against Plaintiff for any amount

28   sought.

1    <u>COUNT III – VIOLATIONS OF PLAINTIFF'S RIGHT TO DUE PROCESS</u>

2    39.    That Plaintiff hereby incorporates paragraphs 1 through 38 herein and above by

3    this reference.

4    40.    That Plaintiff's Rights will be severely impaired if the Award is enforced in a

5    court of law and against Plaintiff.

6    41.    That the award and claim was filed and entered in violation of Plaintiff's Right to

7    Due Process under the Law.

8    42.    That by filing said claim, Defendant violated Plaintiff's Right to use the courts as

9    a means to resolve the dispute.

10    43.    That by filing the claim, Defendant attempted to violate Plaintiff's Right to Due

11    Process under the law.

12    44.    That by filing the claim, Defendant violated Plaintiff's Right to a trial by jury.

13    45.    That by filing the claim, Defendant violated the obligation of the original contract.

14    46.    That all of Defendant's actions have impaired and adversely affected Plaintiff,

15    which is now entitled to immediate relief under the law.

16    <u>DEMAND FOR TRIAL BY JURY</u>

17    Plaintiff hereby demands that a jury of twelve herein decide all issues.

18    <u>PRAYER</u>

19    WHEREFORE, Plaintiff has no other immediate remedy under the law except to file this

20    action.  Plaintiff prays for judgment against Defendant(s) and each of them, on each and every

21    cause of action and count as follows:

22    1.    For immediate relief from Arbitration Award;

23    2.    For unliquidated damages that may be ascertained by the court or jury;

24    3.    For punitive, general and special damages;

25    4.    For cost of this suit herein;

26    5.    For Violations of Rights;

27    6.    For such other relief as the court deems proper and demanded herein.

28

1        I, declare under penalty of perjury of the laws of the State of California that the foregoing

2    is true and correct.

3    Dated this  30  day of  March  2007.

4

5    Respectfully submitted and signed
     by Martha Carmack,

6

7    

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28