Regular Mail & Certified Mail#: 7004 2890 0000 2766 5132

Chase Manhattan Bank
P.O. BOX 15299
Wilmington, DE  19850-5299

WORK OF

SEP 3 0 2005

CPD-DE 233

September 26, 2005

RE: Billing Error on Account # 4266812133912070
Amount in Dispute: $11,548.33

Dear Chase Manhattan Bank:

I am writing regarding the above account.  I believe that my most recent statement, September 11, 2005 is inaccurate.

I am disputing the above amount because I believe that you failed to credit my account for prepayments you agreed to credit on the statement dated September 11, 2005.  It was my understanding that when I entered into the agreement with you that you would accept my signed note(s) or other similar instrument(s) as money, credit or payment for previous account transactions, and then reflect those credits in the statement dated September 11, 2005.  They do not appear in the statement and I am wondering why.  The amount of the credits on the prepayments of money or credit accepted by you should be the approximate amount that I list above.  I am making this billing inquiry since I am uncertain of all the dates of the prepaid credits and also since there may be additional credits that I am entitled to.  Please provide me with a written explanation why these credits are not showing.

I am requesting that you provide me with an acknowledgement of this billing error and complete a full investigation by sending me a written explanation report related to the subject matter of this billing error.

I am also requesting additional documentary evidence of indebtedness of the account showing that you did not accept any note or similar instrument from me without properly crediting my account as agreed, which includes copies of the account entries that made you arrive at the recent balance shown on my statement.

I may exercise my right to withhold the disputed amount until you comply.  Thank you for your time and consideration in this matter.  If you have any questions please contact me immediately at the address below, but make sure your questions reference an acknowledgement to this billing error dispute.

Lastly, please remove my phone number 415-831-4485 from your solicitation list as I do not wish to do any business with Chase Manhattan Bank over the phone. I am requesting that all communications be conducted in writing, and I appreciate your honoring my request.

Sincerely,

Martha Carmack
1536-D Pershing Drive
San Francisco, CA  94129

**EXHIBIT U**

*DAA 60-68963-0*

# IN THE NATIONAL ARBITRATION FORUM

| | |
|---|---|
| Martha Carmack<br>1536 Pershing Drive, Apt. D<br>San Francisco, CA 94129 | **NOTICE OF OBJECTION TO<br>ARBITRATION<br>RULE 13A(2)**<br>Forum File Number: FA0606000727265<br>Account Number: 4266812133912070<br>Date: July 25, 2006 |
| **RESPONDENT,** | |
| Bank One<br>Mann Bracken, LLC<br>One Paces West, Suite 1400<br>2727 Paces Ferry Road<br>Atlanta, GA 30339 | |
| **CLAIMANT.**<br>cc National Arbitration Forum | **RECEIVED**<br>AUG 0 3 2006<br>MANN BRACKEN ARBITRATION |

I, Martha Carmack, Respondent, hereby declare and state that this is a Notice of Objection to Arbitration pursuant to RULE 13A(2) of the National Arbitration Forum's, hereafter NAF Code of Procedure Dated July 1, 2002 and as stated in said rule establishes the fact that Respondent has clearly asserted the right to object as outline in said rule. In addition Respondent provides the following statement of facts to support said Notice:

## STATEMENT OF FACTS

1. That I never consented or agreed to any contract of adhesion containing a forum selection clause that would subject me to the jurisdiction of the National Arbitration Forum, or any other Arbitration forum;

2. That this Notice of Objection to Arbitration should not be construed as a submittal to Arbitration proceeding in any way whatsoever. This is only a good faith effort to resolve this matter in an expeditious fashion and is only intended to stipulate that I object to any such arbitration proceeding;

3. That the NAF would be acting illegally and without jurisdiction by ordering or requesting any further documentation regarding this matter or proceeding with any type of hearing regarding this claim;

4. That the Forum's requirement of the Respondent to participate in any way in this forum in order to resolve a dispute, and failure by the Respondent to appear may result in an award against him is done in violation of my rights by attempting to deny me meaningful access to due process and is done without any authority;

5. That I discharge and prohibit the Forum from making any award or taking any other action whatsoever, except to dismiss the case for lack of jurisdiction.

6. That I will not respond to any further communications regarding this Arbitration Claim.

7. That I am not in receipt of any documentation stipulating that I am required to arbitrate.

8. I, [your name] declare that the statements herein and above are true and correct to the best of my personal knowledge.

**EXHIBIT V**

## POINTS AND AUTHORITIES

### STATEMENT OF CASE

9. Claimant has filed a claim in the National Arbitration Forum, (hereafter NAF) in regards to a dispute regardi
a credit card account between Claimant and Respondent. Respondent is opposing Claimant's request pursua
to Rule 13A(2) NAF Code of Procedure on the following grounds:

    a. There was never any arbitration agreement between Plaintiff and Defendant, and therefore any
appointed arbitrator would be without authority and jurisdiction to establish any enforceable award.
*(Rule 1 NAF Code of Procedure et esq.)*

    b. Claimant has failed to provide a copy of the referenced contract of adhesion or the location of such
document and provide any proof that I was given the right to reject the terms without impunity.

    c. Claimant has failed to provide a copy of the Arbitration Agreement containing any authorizing
signatures that would substantiate a valid binding contract or notice of the location of a copy of said
agreement. *(RULE 12(A2) NAF Code of Procedure)*. It is the respondent's belief that this was
intentional on the part of the Claimant as Respondent is not aware of the existence of any such
document.

    d. Respondent is aware that most states have enacted legislation in support of Alternant Dispute Resolut
(ADR) as a method of resolving matters of disagreement and as an alternative to court proceedings.
However this in no way subjects Respondent to any the jurisdiction of this or any other forum withou
the existence of such an agreement or a court order compelling mandatory arbitration as a solution to
this matter.

    e. Respondent has reason to believe that any Arbitration award that may be granted would be void on it:
face without first establishing jurisdiction by way of the above referenced agreement and full
compliance with the rules set forth by the NAF governing the arbitration process.

### LAW AND ARGUMENT
### NO VALID AGREEMENT TO ARBITRATE

10. Further, under the first step in analysis to decide whether a dispute must be arbitrated under the
Federal Arbitration Act (FAA), a party may challenge the validity of an arbitration agreement under
general contract principles. 9 U.S.C.A. Sec.1 et seq.; *In Re David's Supermarkets, Inc.* 43 S.W.3d 94
(2001). In addition, the federal policy favoring arbitration does not apply to the determination of
whether there is a valid agreement to arbitrate between the parties; instead ordinary contract principles
determine who is bound. 9 U.S.C.A Sec. 1 et seq.; *Fleetwood Enterprises, Inc. v. Gaskamp,* 280 F.3d
1069, opinion supplemental on denial of rehearing 303 F.3d 453.

11. Claimant claims that there was an alleged agreement to arbitrate, to be governed by provisions under the FAA. Even under the FAA, there must be evidence of a valid agreement. Courts are clear in upholding an agreement to arbitrate must be clear to both parties. Otherwise, the legislative intent of arbitration is abused and devalued. In *Stout v. Byrider*, 50 F.Supp.2d 733, affirmed 228 F.3d 709, the court held that arbitration is a matter of contract, and thus, a party cannot be compelled to arbitrate any claims he or she did not agree to arbitrate when making the contract. In the case at hand, Respondent never agreed to arbitration. Respondent never received any agreement or contract, or information regarding an arbitration clause.

12. The Federal Arbitration Act, 9 U.S.C.A., provides that the purpose of arbitration is to give arbitration agreements the same force and effect as other contracts, where parties expressly agree to submit to disputes to arbitration. *Brener v. Becker Paribas Inc.*, S.D. N.Y 1985, 628 F.Supp. 442. Further, there must be a clear agreement to arbitrate. *Nicholas A. Califano, M.D., Inc. v. Shearson Lehman Bros. Inc.*, S.D.N.Y. 1988, 690 F.Supp. 1354. In the case at hand, Respondent did not receive notice or agreement to arbitrate, nor did Respondent ever expressly agree to arbitration.

13. No arbitration agreement exists between Claimant and Respondent whatsoever, and none of Respondent's arguments should be construed to mean that such agreement exists. Respondent was never given clear notice of arbitration in any original agreement, nor was made aware of any arbitration agreement, nor  expressly agree to arbitration, nor establish meaningful consent to arbitrate.

## NO JURISDICTION UNDER THE FAA

14. "Federal law preempts state law on issues of arbitrability." *Three Valleys Mun. Water Dist. v. E.F. Hutton* (9th Cir. 1991) 925 F.2d 1136, 1139. "...a party who contests the making of a contract containing an arbitration provision cannot be compelled to arbitrate the threshold issue of the *existence* of an agreement to arbitrate. Only a court can make that decision." *Three Valleys Mun. Water Dist. v. E.F. Hutton*, at 1140/1141.

15. 9 USC Sec. 2 requires a written agreement to arbitrate. The requirement is jurisdictional. Without a written agreement, the FAA does not apply. Further, there is no requirement under the FAA mandating that the jurisdictional defense of "no agreement to arbitrate" be raised within a particular period of time.

16. WHEREFORE, there is no consent or agreement on the part of Respondent to arbitrate, Respondent respectfully demands that this proceeding be stopped immediately an no additional correspondence regarding this matter be requested.

Respectfully Submitted Without Prejudice

MARTHA CARMACK

1
2
3
4
5
6      IN THE UNITED STATES DISTRICT COURT
7
8      FOR THE NORTHERN DISTRICT OF CALIFORNIA
9
10   MARTHA CARMACK,           No. C 07-02124 WHA
11       Plaintiff,
12                            **ORDER GRANTING MOTION**
         v.                     **TO DISMISS AND GRANTING**
13                             **MOTION TO CONFIRM**
   THE CHASE MANHATTAN BANK       **ARBITRATION**
14   (USA),
15       Defendant.
   _____/
16
17               **INTRODUCTION**
18      This action is the fallout from an Internet scam evidently perpetrated on consumers over
19 their heads in debt and looking for a way out. Plaintiff evidently fell prey to the scheme.
20 Plaintiff contests the validity of an arbitration award against her, which defendant The Chase
21 Manhattan Bank obtained at the National Arbitration Forum after plaintiff became delinquent
22 on her credit card account. Chase has filed a motion to dismiss plaintiff's complaint and to
23 confirm the arbitration award. Defendant's motion to dismiss, construed as a motion for
24 summary judgment, is GRANTED, and the motion to confirm the arbitration award is GRANTED.
25               **STATEMENT**
26      In May 2002, plaintiff opened a credit card account with First USA Bank, a
27 predecessor-in-interest to defendant The Chase Manhattan Bank (USA). Plaintiff's account
28 included a written "Cardmember Agreement," which contained the terms and conditions of

*United States District Court*
*For the Northern District of California*

**EXHIBIT W**

1    plaintiff's account. One clause of this standard agreement established that "any use of your

2    card or account confirms your acceptance of the terms and conditions of this agreement"

3    (Rutledge Decl. Exh. A). Another term imposed arbitration: all disputes arising from plaintiff's

4    account would be determined by binding arbitration before the National Arbitration Forum, a

5    private provider of alternative dispute resolution services. The agreement contained a

6    choice-of-law provision, stating that "THIS AGREEMENT AND YOUR ACCOUNT WILL

7    BE GOVERNED BY THE LAW OF THE STATE OF DELAWARE, AND, AS

8    APPLICABLE, FEDERAL LAW." It also included a paragraph that permitted the issuer to

9    amend the agreement unilaterally, as long as sufficient notice was provided:

10   > **Changes in This Agreement:** We can at any time change this
11   > Agreement, including the **ANNUAL PERCENTAGE RATE**
     > and any fees, and can delete provisions relating to your Account
12   > and the nature, extent, and enforcement of the rights and
     > obligations you or we may have relating to this Agreement.
13   > We will notify you of any change, addition, or deletion . . .
     > You will be deemed to accept all the changes, additions, and
14   > deletions accompanying the notice and to ratify and confirm all
     > the provisions of your Agreement . . . if you use the Card or
15   > Account after the conclusion of the specified time period [in the
     > notice]."

16   (Rutledge Decl. Exh. A at 2).

17          Defendant amended this agreement several times after plaintiff opened her account.

18   In one amendment, mailed to plaintiff in April 2005, the arbitration clause of the agreement was

19   modified. Defendant included in plaintiff's monthly statement a notice entitled "IMPORTANT

20   NOTICE FOR CREDIT CARD CUSTOMERS ABOUT CHANGES TO YOUR

21   CARDMEMBER AGREEMENT — PLEASE READ AND RETAIN FOR YOUR RECORDS"

22   (Rutledge Decl. Exh. C). The amended arbitration provision replaced the original arbitration

23   clause, while clarifying the requirement that the arbitration agreement would cover all claims

24   arising from the account:

25   > **Claims Covered.** Either you or we may, without the other's
     > consent, elect mandatory, binding arbitration of any claim, dispute
26   > or controversy by either you or us against the other, or against the
     > employees, parents, subsidiaries, affiliates, beneficiaries, agents
27   > or assigns of the other, arising from or relating in any way to the
     > Cardmember Agreement, any prior Cardmember Agreement, our
28   > credit card Account or the advertising, application, or approval of
     > your Account ("Claim"). This Arbitration Agreement governs all

2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
For the Northern District of California

> Claims, whether such Claims are based on law, statute, contract, regulation, ordinance, tort, common law, constitutional provision, or any legal theory of law such as respondent superior, or any ~~legal or equitable ground and whether such Claims seek as~~ remedies money damages, penalties, injunctions, or declaratory or equitable relief.

(*ibid.*). The amended arbitration provision also stated that the party filing for arbitration would have to choose between either the American Arbitration Association or the National Arbitration Forum. Plaintiff never notified Chase of her refusal to abide by the terms of this amended arbitration provision, and the U.S. Postal Service never returned plaintiff's mail to Chase as undeliverable. Plaintiff, however, denies receipt of this amendment in her complaint: "Plaintiff never received a copy of any change or addition of new terms to the original agreement" (Compl. ¶ 24). Therefore, this order will assume the truth of this allegation for the purposes of this Rule 12 motion

Plaintiff became delinquent on the account in September 2005, with a balance of approximately $11,548.33 and a credit limit of only $11,500. Around this time, plaintiff apparently obtained the services of North American Educational Services, an online service promising that customers could "Reduce Your Debt by 75% or More Today and Stop Making Payments Immediately" (Zanger Decl. Exh. B at 3). Among the plans offered by NAES was the opportunity to use "consumer remedies based on 12 C.F.R. (Code of Federal Regulations), the Fair Credit Billing Act, which is taken from Title 15 of the U.S.C. (United States Code) and other applicable federal laws" (*id.* at 7). NAES also promised that "With our Debt Elimination Program you can legally stop making payments . . . IMMEDIATELY!!!" (*id.* at 1). According to defendant, NAES provided and continues to provide the materials necessary for indebted people to file lawsuits against their credit card provider. Defendant alleges that at least 37 "virtually identical" complaints have been filed against Chase in jurisdictions across the country (Zanger Decl. Exhs. E, H, K, M).

On September 26, 2005, plaintiff mailed a letter to Chase in regard to a "billing error" on the delinquent account. Plaintiff's letter was an almost verbatim copy of at least four other

1  letters sent by other customers that Chase Manhattan provides in the record.  The letter read as

2  follows:

3      September 26, 2005

4      RE:  Billing Error on Account # 4266812133912070
           Amount in Dispute:  $11,548.33

5

6      Dear Chase Manhattan Bank:

7      I am writing regarding the above account.  I believe that my most
       recent statement, September 11, 2005 is inaccurate.

8      I am disputing the above amount because I believe that you failed
       to credit my account for prepayments you agreed to credit on the

9      statement dated September 11, 2005.  It was my understanding that
       when I entered into the agreement with you that you would accept

10     my signed note(s) or other similar instrument(s) as money, credit
       or payment for previous account transactions, and then reflect

11     those credits in the statement dated September 11, 2005.  They do
       not appear in the statement and I am wondering why.  The amount

12     of the credits on the prepayments of money or credit accepted by
       you should be the approximate amount that I list above.  I am

13     making this billing inquiry since I am uncertain of all the dates of
       the prepaid credits and also since there may be additional credits

14     that I am entitled to.  Please provide me with a written explanation
       why these credits are not showing.

15
       I am requesting that you provide me with an acknowledgment of
16     this billing error and complete a full investigation by sending me a
       written explanation report related to the subject matter of this
17     billing error.

18     I am also requesting additional documentary evidence of
       indebtedness of the account showing that you did not accept any
19     note or similar instrument from me without properly crediting my
       account as agreed, which includes copies of the account entries
20     that made you arrive at the recent balance shown on my statement.

21     I may exercise my right to withhold the disputed amount until you
       comply.  Thank you for your time and consideration in this matter.
22     If you have any questions please contact me immediately at the
       address below, but make sure your questions reference an
23     acknowledgment to this billing error dispute.

24     Lastly, please remove my phone number . . . from your solicitation
       list as I do not wish to do any business with Chase Manhattan
25     Bank over the phone.  I am requesting that all communications be
       conducted in writing, and I appreciate you honoring my request.

26
       Sincerely,
27
       Martha Carmack
28

4

1  (Zanger Decl. Exh. C at 1).  Although plaintiff's letter disputed the entire amount charged, it

2  contested no specific transactions.  Nor did plaintiff identify the "prepayments" she mentioned or

3  any reason why she had a legitimate "understanding" that Chase would accept a "signed note" as

4  a payment.  Defendant never responded to plaintiff's letter.

5       In June 2006, plaintiff's account remained delinquent.  Chase filed an arbitration claim

6  with the National Arbitration Forum.  On October 20, 2006, plaintiff filed an objection to this

7  arbitration proceeding, saying that she "never consented or agreed to any contract of adhesion

8  containing a forum selection clause that would subject me to the jurisdiction of the National

9  Arbitration Forum, or any other Arbitration forum" (Rutledge Decl. Exh. F at 1).

10 Plaintiff's arbitration objection, like her billing dispute, was patterned after the Internet formula

11 (Zanger Decl. Exhs. G, J, O).

12      After her initial objection, plaintiff did not participate in the arbitration hearings.

13 On November 1, 2006, the National Arbitration Forum ruled against plaintiff, granting an award

14 to Chase in the amount of $15,625.25 (Rutledge Decl. Exh. G).  This amount included the

15 $14,193.41 due on plaintiff's credit card at the time of her last billing statement, attorney's fees

16 of $1419.34, and approximately $12 in interest (Rutledge Decl. Exh. B; Rutledge Decl. Exh. G).

17 Plaintiff, proceeding *pro se*, filed the present action in San Francisco Superior Court on

18 February 1, 2007.  Defendant removed the action to federal court on April 17.  Defendant then

19 filed a counterclaim to confirm the NAF arbitration award on April 24.[1]  This Court has

20 subject-matter jurisdiction because plaintiff presents a federal question pursuant to 28 U.S.C.

21 1331.

22                                   **ANALYSIS**

23      In considering a Rule 12(b)(6) motion, a court may ordinarily look only at the face of the

24 complaint.  *Van Buskirk v. CNN, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002).  Here, however,

25 defendants rely on extra-complaint material, namely (1) the original and amended cardmember

26 agreements, (2) plaintiff's monthly credit card statements from July 2002 to September 2005,

27

28    [1] Plaintiff filed a substantively identical complaint on April 9, 2007.  The only difference between the two complaints is that the second complaint refers to a different credit card with Chase Manhattan Bank.  So far, no motions have been filed in the second action.

United States District Court
For the Northern District of California

1   (3) plaintiff's notice to Chase of an alleged billing error, (4) the record of arbitration proceedings

2   against plaintiff, and (5) identical complaints, objections to arbitration, and billing error notices

3   filed against Chase by other customers.  A federal court must treat a Rule 12(b)(6) motion as one

4   for summary judgment under Rule 56 to the extent such extra-complaint material is entertained,

5   as here. *Cunningham v. Rothery (In re Rothery)*, 143 F.3d 546, 549 (9th Cir. 1998).

6          As explained, plaintiff's complaint copies exactly other complaints filed against Chase

7   and other credit-card providers in jurisdictions across the country (Zanger Decl. Exhs. E, H, K,

8   M; P).  The courts have generally found these suits to be frivolous.  This Court similarly finds no

9   merit in plaintiff's claims.

10          1.     NO VIOLATION OF TILA.

11         Plaintiff's first claim is that Chase violated the Truth in Lending Act, 15 U.S.C. 1601

12  *et seq.*, by initiating arbitration against plaintiff after plaintiff had filed her billing notice inquiry.

13  The Truth in Lending Act contains a provision that requires creditors to respond to inquiries

14  about billing errors:

> If a creditor, within sixty days after having transmitted to an
> obligor a statement of the obligor's account in connection with an
> extension of consumer credit, receives . . . a written
> notice . . . from the obligor in which the obligor —
>
> (1) sets forth or otherwise enables the creditor to identify the
> name and account number (if any) of the obligor,
>
> (2) indicates the obligor's belief that the statement contains a
> billing error and the amount of such billing error, and
>
> (3) sets forth the reasons for the obligor's belief (to the extent
> applicable) that the statement contains a billing error,
>
> the creditor shall [take appropriate action to investigate and
> correct any billing errors].

15 U.S.C. 1666(a).  The creditor is only bound to take action if this billing notice is sent in a

timely manner; pursuant to the Code of Federal Regulations, the sixty-day limitations period

begins to run "after the creditor [has] transmitted the first period statement that reflects the

alleged billing error." 12 C.F.R. 226.13(b)(1).

        Upon receipt of a timely billing error notice from the consumer, the creditor must send

the consumer written acknowledgment that the notice was received within thirty days.

United States District Court
For the Northern District of California

6

United States District Court
For the Northern District of California

1   15 U.S.C. 1666(a)(a). In addition, the creditor is required to investigate the disputed matter and

2   either (1) make timely corrections or (2) send the consumer a timely written explanation of why

3   the original statement was correct before any attempt on behalf of the creditor to collect the

4   disputed amount. *American Express Co. v. Koerner*, 452 U.S. 233, 235–37 (1981). Creditors

5   are given the earlier of ninety days or two full billing cycles of the creditor after receipt of the

6   notice to respond to the disputed matter. *Ibid.* The TILA prohibits lenders from collecting

7   money on an account without first answering any pending billing error inquiries on the account.

8   15 U.S.C. 1666(a).

9        The TILA provides that a "billing error" can be any of the following:

10            (1) A reflection on a statement of an extension of credit which was
             not made to the obligor or, if made, was not in the amount
11            reflected on such statement.

12            (2) A reflection on a statement of an extension of credit for which
             the obligor requests additional clarifications including
13            documentary evidence thereof.

14            (3) A reflection on a statement of goods or services not accepted
             by the obligor or his designee or not delivered to the obligor or his
15            designee in accordance with the agreement made at the time of a
             transaction.
16
             (4) The creditor's failure to reflect properly on a statement a
17            payment made by the obligor or a credit issued to the obligor.

18            (5) A computation error or similar error of an accounting nature of
             the creditor on a statement.
19
             (6) Failure to transmit the statement . . . to the last address of the
20            obligor which has been disclosed to the creditor, unless that
             address was furnished less than twenty days before the end of the
21            billing cycle for which the statement is required.

22            (7) Any other error described in regulations of the Board.

23   15 U.S.C. 1666(b).

24        Plaintiff's attempted notice of billing error relies on her alleged understanding: "It was

25   my understanding that when I entered into the agreement with you that you would accept my

26   signed note(s) or other similar instrument(s) as money, credit or payment for previous account

27   transactions, and then reflect those credits in my statement dated September 11, 2005"

28   (Zanger Decl. Exh. C). Her notice did not claim that plaintiff ever actually tried to pay Chase

7

1   via promissory notes or other instruments. Plaintiff has utterly failed to identify any purported

2   note sent to Chase. More fundamentally, however, the notion that any debtor can unilaterally

3   pay off debts with an "IOU" is preposterous. Since the notice failed to raise any plausible billing

4   error, the notice was invalid from the start and Chase had no duty to respond to it. Therefore, the

5   arbitration was not barred by Chase's failure to respond to the notice.

6       2.    BREACH OF CONTRACT.

7       Plaintiff also attempts to state a claim for breach of contract due to defendant's resort to

8   binding arbitration at the National Arbitration Forum, since "[p]laintiff denies that any

9   arbitration agreement exists between the parties" (Opp. at 1). Moreover, plaintiff argues that she

10  never "received a copy of any change or addition of new terms to the original agreement," so no

11  arbitration clause could ever have been added to her cardmember agreement with defendant

12  (Compl. ¶ 24). Defendant counters by arguing that, even if plaintiff failed to receive any

13  amendments to the original cardmember agreement, plaintiff is still bound by the arbitration

14  clause in the original agreement, which referred all disputes to the National Arbitration Forum.

15  This order will consider this argument only, since for the purposes of this Rule 12 motion we

16  must assume that plaintiff never received notice of the amended cardmember agreement.

17  Without doubt, plaintiff received the original cardmember agreement since she used the card

18  enclosed therewith.

19      Despite the "liberal federal policy favoring arbitration agreements," *Green Tree Fin.*

20  *Corp.-Alabama v. Randolph*, 531 U.S. 79, 81 (2000), courts should look to state law to address

21  issues concerning the validity and enforceability of contracts. *See Ticknor v. Choice Hotels Int'l,*

22  *Inc.*, 265 F.3d 931, 936-37 (9th Cir. 2001). To hold an arbitration clause invalid for

23  unconscionability in California, a plaintiff must establish both a procedural and a substantive

24  element: "[Procedural unconscionability] focuses on oppression or surprise due to unequal

25  bargaining power; [substantive unconscionability] on overly harsh or one-sided results."

26  *Castle & Cooke Madera, Inc. v. Mackenzie Patterson Fuller, Inc.*, 2006 WL 1233125 *5 (N.D.

27  Cal. 2006) (Alsup, J.). Procedural unconscionability alone will not suffice to defeat a contract:

28  "One cannot get out of a contract simply because it is drafted and imposed by a party with

United States District Court
For the Northern District of California

8

United States District Court
For the Northern District of California

1    superior bargaining power . . .  A contract can only be revoked if it also does not fall within the

2    reasonable expectations of the weaker or adhering party and is unduly oppressive." *Ibid.*

3         Arbitration clauses contained within cardmember agreements, when contained in the

4    initial agreement and not added later as an amendment, are generally upheld in California.

5    *See, e.g., Arriaga v. Cross Country Bank*, 163 F. Supp. 2d 1189, 1194 (S.D. Cal. 2001)

6    (Gonzalez, J.) (*rev'd on other grounds, Ting v. AT&T*, 319 F.3d 1126, 1150 (9th Cir. 2003)).

7    Even if credit card arbitration agreements are negotiated between parties with unequal

8    bargaining strength, they are not substantively unconscionable where both parties are equally

9    bound by the arbitration clause. *See Arriaga*, 163 F. Supp. 2d at 1195 ("The arbitration clause in

10   the present case is not one-sided because it requires both sides to submit all claims they may

11   have against one another to the NAF."). Arbitration clauses in credit card agreements that waive

12   a party's right to bring a class action, however, have been held unconscionable in California.

13   *See Ingle v. Circuit City Stores, Inc.*, 328 F.3d 1165 (9th Cir. 2003); *see also Laster v. T-Mobile

14   USA, Inc.*, 407 F. Supp. 2d 1181 (S.D. Cal. 2005). Where a credit card arbitration agreement

15   contains a class action waiver, the remainder of the arbitration provision can stand even if the

16   class action waiver is struck down as unconscionable. *See Strand v. U.S. Bank Nat. Ass'n ND*,

17   2004 WL 5266928 *4 (C.D. Cal. 2004) ("The parties will still engage in arbitration, but they

18   may seek class-wide arbitration relief"). In Delaware, arbitration clauses in cardmember

19   agreements have generally been upheld. *See Edelist v. MBNA America Bank*, 790 A.2d 1249

20   (Del. Super. 2001).

21        Plaintiff fails in her opposition to contest the authenticity of the document which Chase

22   presents as the original cardmember agreement (Rutledge Decl. Exh. A). Since plaintiff's

23   complaint refers to and relies upon this cardmember agreement, the document presented by

24   Chase will be treated as the authentic original cardmember agreement. *See Marder v. Lopez*,

25   450 F.3d 445, 448 (9th Cir. 2006). This original agreement included an arbitration clause stating

26   that "Any claim, dispute or controversy . . . arising from or relating in any way to this Agreement

27   or your Account . . . shall be resolved by binding arbitration by the National Arbitration Forum"

28   (*ibid.*).

1    In a self-serving manner, on July 30, plaintiff filed a supplemental declaration stating that

2    "if called to testify . . . I would testify to the following facts: (1) That said original agreement

3    between Plaintiff and Defendant did not contain any provision or clause to submit any dispute

4    arising out of the agreement to arbitration" (Carmack Supp. Decl.). This vague and conclusory

5    declaration fails to dispute the authenticity of the cardmember agreement provided by Chase.

6    Nor does it append "said original agreement" that purportedly differed from the one tendered by

7    Chase. "[U]nless the challenge is to the arbitration clause itself, the issue of [a] contract's

8    validity is considered by the arbitrator in the first instance." *Buckeye Check Cashing, Inc. v.*

9    *Cardegna*, 546 U.S. 440, 445 (2006). "[T]he role of the federal courts in these circumstances is

10    limited: the sole question is whether the arbitration clause at issue is valid and enforceable under

11    § 2 of the Federal Arbitration Act . . . In making this determination, federal courts may not

12    address the validity or enforceability of the contract as a whole." *Ticknor v. Choice Hotels*

13    *Intern., Inc.*, 265 F.3d 931, 937 (9th Cir. 2001). The NAF arbitrator already found that "On or

14    before 06/06/2006 the Parties entered into a valid, written agreement to arbitrate their dispute"

15    (Rutledge Decl. Exh. G). Where, as here, plaintiff challenges the existence of a contract

16    containing an arbitration clause, the question is left to the arbitrator. The arbitrator found that

17    there was a valid and enforceable arbitration clause between plaintiff and defendant. This order

18    will therefore treat the document provided by Chase, which contains an arbitration clause, as the

19    original cardmember agreement between plaintiff and Chase.

20    Plaintiff states that she did not receive any amendments to the original cardmember

21    agreement. Even if taken as true for the purposes of this motion, an arbitration clause existed in

22    the original agreement. Plaintiff accepted the credit card and began using it. Credit card

23    agreements containing arbitration clauses are not unconscionable in either California or

24    Delaware when they bind both parties equally. Even where, as here, the arbitration provision

25    contains an unconscionable class action waiver, the remainder of the arbitration provision is

26    valid. Plaintiff therefore agreed to binding arbitration. Accordingly, this Court need not

27    determine which state's law to apply. Plaintiff contractually agreed in the original cardmember

28    agreement to resolve disputes by binding arbitration before the National Arbitration Forum.

10

1    Defendant therefore breached no contract with plaintiff by initiating arbitration after plaintiff

2    became delinquent on her account. Plaintiff fails to state a claim for breach of contract under

3    either California or Delaware law.

4         3.    DUE PROCESS.

5         Plaintiff fails to present any colorable theory that her right to due process under the law

6    has been violated. As stated, plaintiff was bound by an arbitration agreement with defendant.

7    Federal law and the Federal Arbitration Act evince a strong presumption in favor of arbitration:

8            A written provision in any maritime transaction or a contract
evidencing a transaction involving commerce to settle by
9            arbitration a controversy thereafter arising out of such contract or
transaction, or the refusal to perform the whole or any part thereof,
10           or an agreement in writing to submit to arbitration an existing
controversy arising out of such a contract, transaction, or refusal,
11           shall be valid, irrevocable, and enforceable, save upon such
grounds as exist at law or in equity for the revocation of any
12           contract.

13   9 U.S.C. 2. Arbitration must preserve certain procedural rights; an arbitration agreement will not

14   be upheld unless it:

15           (1) provides for neutral arbitrators, (2) provides for more than
minimal discovery, (3) requires a written award, (4) provides for
16           all of the types of relief that would otherwise be available in court,
and (5) does not require employees to pay either unreasonable
17           costs or any arbitrators' fees or expenses as a condition of access
to the arbitration forum.

18

19   *Cole v. Burns Intern. Sec. Services*, 105 F.3d 1465, 1482 (D.C. Cir. 1997) (*cited approvingly by*

20   *Circuit City Stores, Inc. v. Adams*, 279 F.3d 889, 895 (9th Cir. 2002).

21        The National Arbitration Forum provides all of these procedural safeguards in its Code of

22   Procedure (Zanger Decl. Exh. A).[2] The NAF has been recognized by other courts as a viable

23   alternative to the judicial system. Justice Ginsburg, in a dissenting opinion in *Green Tree*

24   *Financial Corp.-Alabama v. Randolph*, 531 U.S. 79, 95 n.2 (2000), listed the NAF as an example

25   _____

26       [2] The NAF's Code of Procedure provides guidelines to ensure procedural protections for both parties.
To ensure a neutral arbitrator, NAF Rule 23 disqualifies any potential arbitrators with a conflict of interest;
the code also provides for a party to request disqualification of a biased arbitrator. Rule 37, on arbitration
27   awards, contains no limitations on the amount that can be awarded to either party. Rule 29, on discovery,
permits interrogatories, document requests, physical examinations, and other discovery. Rule 37(f) requires the
28   arbitrator to prepare a written arbitration award (Zanger Exh. A). Finally, Chase agreed in the arbitration
clauses in all cardmember agreements to pay for the initial costs of arbitration (Rutledge Exh. C).

1   of a national arbitration organization with a "fair cost and fee allocation" model. A Mississippi

2   district court held that the NAF's Code of Procedure prevented any partiality towards banking

3   institutions. *Bank One, N.A. v. Coates*, 125 F. Supp. 2d 819, 835 (S.D. Miss. 2001) (Lee, J.)

4   ("the rules governing the conduct of NAF arbitrations belie defendant's speculation that

5   suspected bias by the NAF has any realistic potential for affecting decisions of arbitrators in

6   NAF arbitrations"). Other circuit and district courts have generally accepted the use of the NAF

7   in arbitration. *See, e.g., Carbajal v. H & R Block Tax Services, Inc.*, 372 F.3d 903 (7th Cir.

8   2004) (affirming district court's order compelling arbitration at the NAF); *Lux v. Good Guys,*

9   *Inc.*, 2006 WL 357820 *2 (C.D. Cal. 2006) (Carney, J.) ("Mr. Lux has not shown that the

10  National Arbitration Forum ('NAF') is one-sided").

11        Accordingly, plaintiff fails to state a claim for a violation of her right to due

12  process under the law.

13        4.    CONFIRMATION OF ARBITRATION.

14        Defendant has moved to confirm arbitration under the Federal Arbitration Act. The FAA

15  states that a federal district court "must grant an order unless the award is vacated, modified, or

16  corrected as prescribed in sections 10 and 11 of this title." 9 U.S.C. 9. "There are only four

17  grounds to vacate or to correct an arbitration award under sections 10 and 11: (1) fraud in the

18  procurement of the agreement; (2) arbitrator corruption; (3) arbitrator misconduct or exceeding

19  of powers; and (4) corrections for material miscalculations, exceeding of powers, or imperfection

20  of form." *G.C. and K.B. Investments, Inc. v. Wilson*, 326 F.3d 1096, 1104 (9th Cir. 2003).

21  The Ninth Circuit has said: "[I]t is generally held that an arbitration award will not be set aside

22  unless it evidences a manifest disregard for law." *Ibid.*

23        Plaintiff fails to state a claim under the FAA for vacating or correcting defendant's NAF

24  arbitration award. Plaintiff fails to plead fraudulent procurement of the arbitration agreement,

25  arbitrator misconduct or material miscalculation of the arbitration award. Plaintiff seems to

26  plead that the NAF is biased in favor of Chase Manhattan Bank: "One cannot help but

27  question the impartiality of a forum that stands to giant considerable future business and income

28  from Defendant . . . and the likelihood of no future business from Plaintiff" (Opp. at 6).

1  The Ninth Circuit requires a high standard for allegations of actual bias by an arbitrator under

2  the FAA: "The appearance of impropriety, standing alone, is insufficient to establish evident

3  partiality in actual bias cases, because a reasonable impression of partiality does not necessarily

4  mean that the arbitration award was the product of impropriety." *Woods v. Saturn Distribution*

5  *Corp.*, 78 F.3d 424, 427 (9th Cir. 1996) (internal citations and quotations omitted). To establish

6  an arbitrator's "actual bias," therefore, "the party alleging evident partiality . . . must establish

7  specific facts which indicate improper motives." *Ibid.* In *Woods*, the Ninth Circuit upheld the

8  impartiality of an arbitration panel composed of a randomly selected group of two Saturn dealers

9  and two Saturn employees. *Id.* at 426, 429 ("His assertion that [the arbitrators'] jobs would be

10  jeopardized if they decided against Saturn is unsupported; for example, he does not show that the

11  employees who may serve as arbitrators are not subject to an employment contract that specifies

12  their salary and tenure").

13      Plaintiff has failed to plead any facts indicating improper motives by the NAF arbitrator.

14  As stated, the National Arbitration Forum provides the procedural protection of a neutral

15  arbitrator; plaintiff had the opportunity to challenge the neutrality of her arbitrator during the

16  course of arbitration, yet she chose not to do so. Moreover, in *Woods*, the Ninth Circuit upheld

17  as impartial an arbitration panel with a much more obvious source of bias than the NAF

18  arbitrator here — the arbitrators there were employees and business associates of one of the

19  parties. Here, the only business relationship pleaded by plaintiff is defendant's regular use of the

20  NAF as an arbitrator in credit card disputes. Without pleading facts that specifically indicate

21  improper motives by the NAF arbitrator, plaintiff fails to state a claim for vacating or correcting

22  the NAF arbitration award.

23      Plaintiff's only other challenge to the arbitration award lies in her argument that

24  "[p]laintiff never consented to the use of binding arbitration" (Opp. at 7). As stated, however,

25  plaintiff accepted the terms in Chase Manhattan Bank's cardmember agreement, including a

26  binding arbitration clause, when she began using her credit card. Plaintiff therefore fails to state

27  a claim for vacating or correcting the NAF arbitration award. Defendant's motion to confirm the

28  arbitration award is therefore GRANTED.

<div style="text-align:left; writing-mode: vertical-rl;">
United States District Court<br>
For the Northern District of California
</div>

1     5.    MOTION TO STRIKE ZANGER DECLARATION.

2          Plaintiff moved at oral argument to strike one of defendants' exhibits, a declaration by

3    defense attorney Pamela Zanger, since it was prepared by defendant's counsel and counsel

4    would not be permitted to testify in court. This is not a valid objection because exhibits in an

5    attorney's declaration may be considered in evaluating a summary judgment motion. *See, e.g.,*

6    *Hess v. Multnomah County,* 211 F.R.D. 403, 306 (D. Or. 2001) ("Steenson's Affidavit states

7    merely that '[a]ttached are true copies of the following documents which are offered as exhibits

8    in opposition to Defendant's Motions . . . The declaration of an attorney is sufficient to

9    authenticate such discovery documents."). Plaintiff's motion to strike is DENIED.

10                                    CONCLUSION

11          Plaintiff has failed to state a claim for a violation of the Truth in Lending Act, breach of

12   contract or a violation of her right to due process under the law. Defendant's motion to dismiss,

13   construed as a motion for summary judgment, is hereby GRANTED. "Dismissal is proper only if

14   it is absolutely clear that the deficiencies of the complaint could not be cured by amendment."

15   *Broughton v. Cutter Laboratories,* 622 F.2d 458, 460 (9th Cir. 1980). Although plaintiff has not

16   suggested any new grounds for resisting the award, plaintiff may have until AUGUST 16 to file a

17   motion seeking leave to amend. Any such motion must include the proposed amended pleading

18   and explain why it would have merit.

19

20          **IT IS SO ORDERED.**

21

22   Dated: August 3, 2007.

23                                      WILLIAM ALSUP
                                        UNITED STATES DISTRICT JUDGE
24

25

26

27

28

*United States District Court*
*For the Northern District of California*

14

1   Debbie Romano
2   12861 West St., Spc. 111
    Garden Grove, CA 92840
3   714–539-9334
    Plaintiff, *in propria persona*

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
WEST JUSTICE CENTER

APR 2 0 2007

ALAN SLATER, Clerk of the Court

BY:_____DEPUTY

8                   IN THE SUPERIOR COURT

9           IN AND FOR ORANGE COUNTY, STATE OF CALIFORNIA

10   DEBBIE ROMANO                          )   Case No: 07 WL 0244
11                   Plaintiff,             )
                                            )   **VERIFIED COMPLAINT AND**
12   v.                                     )   **PETITION TO VACATE ARBITRATION**
                                            )   **AWARD**
13   Chase Bank USA                         )
                                            )   1. STATUTORY VIOLATIONS AND
14                   Defendant.             )      DAMAGES.
                                            )   2. BREACH OF CONTRACT
15                                          )
                                            )
16                                          )   **LIMITED JURISDICTION**
                                            )
17                                          )   **AMOUNT DEMANDED DOES NOT**
                                            )        **EXCEED $25,000**
18                                          )
19                                          )

21       COMES NOW, Debbie Romano, Plaintiff and Petitions this court for an order vacating

22   arbitration award and for causes of action against Defendant and alleges as follows:

23               COUNT I – STATUTORY VIOLATIONS AND DAMAGES

24       1.      That Plaintiff is a natural person and a resident in Garden Grove, in the County of

25   Orange, the State of California.

26       2.      That Defendant, Chase Bank USA, is a Corporation organized in the State of

27   Delaware with its principal business location at 201 North Walnut Street, Wilmington, DE

28   19801.

Plaintiff's Verified Complaint and Petition to Vacate Arbitration Award - Page 1 of 6

**EXHIBIT X**

3.    That Plaintiff and Defendant entered into a consumer contract on and about November, 2004.

4.    That the contract provided for Plaintiff to obtain a revolving open-ended account with Defendant.

5.    That the original contract was governed in part by the Truth in Lending Act. 15 USC section 1601 *et seq* [TILA] by Plaintiff.

6.    That Defendant is familiar with the Truth in Lending Act, and any obligations it would have under said Act.

7.    That the original contract required Defendant to respond to any TILA inquiries made by Plaintiff, which were made pursuant to 15 USC §§ 1666(a) or 1666(b).

8.    That Plaintiff made an inquiry with Defendant, pursuant to 15 USC §§ 1666(a) and 1666(b), on and about February 28, 2006 as to the inaccuracies on the monthly statement and requested further information and documentation.

9.    That Defendant received said inquiry on and about March 6, 2006 Chase Bankcard Services.

10.    That Defendant has a duty to comply with any inquiry under TILA, specifically 15 USC § 1666(a) and 1666(b) made by Plaintiff.

11.    That more than ninety (90) days has elapsed since the time Defendant received the billing inquiry from Plaintiff.

12.    That as of this date Defendant has ignored, failed and/or neglected Plaintiff's inquiry by failing to respond to the same.

13.    That by failing to respond Defendant is prohibited under TILA, specifically 15 USC § 1666(c), to proceed with any collection efforts.

14.    That by failing to respond to Plaintiff's billing error notice, Defendant violated 15 USC § 1666(c) and 12 CFR § 226.13 *et seq*.

15.    That Defendant's reported to the credit reporting agencies that Plaintiff was delinquent on the contract.

16. That as a result of Defendant's reporting the foregoing to the credit reporting agencies, Defendant violated 15 USC § 1666(d) and 12 CFR § 226.13 *et seq.*

17. That Defendant ignored and disregarded the TILA provisions specified in 15 USC § 1666(c) by proceeding with collection efforts by filing a Claim with the National Arbitration Forum ("Forum"). A true and correct copy of the Claim is herewith attached and incorporated by reference as Exhibit "A."

18. That by filing said Claim Defendant violated 15 USC § 1666(c) and 12 CFR section 226.13 *et seq.*

19. That as a result of the foregoing Plaintiff is entitled to relief under TILA.

## COUNT II – BREACH OF CONTRACT

20. That Plaintiff hereby incorporates paragraphs 1 through 19 herein and above by this reference.

21. That Plaintiff is not currently in possession of the original contract, but will seek to obtain a copy thereof in discovery and/or will seek leave of court to amend this complaint to incorporate a copy of said contract at that time when a copy can be ascertained.

22. That if called to testify Plaintiff will testify that the original contract between Plaintiff and Defendant did not contain any provision or clause to submit any dispute arising out the agreement to arbitration.

23. That the original contract between Plaintiff and Defendant did not contain any provision that would allow Defendant to change or add new terms to the original agreement to include arbitration.

24. That Plaintiff never received a copy of any change or addition of new terms to the original agreement.

25. That Defendant filed a claim against Plaintiff in the National Arbitration Forum alleging that an agreement exists containing provisions to arbitrate any dispute arising out of the agreement.

26.    Plaintiff filed an objection with the National Arbitration Forum prohibiting the Forum to arbitrate the matter. Further, Plaintiff did not submit the issue of arbitrability or meritorious issue to the National arbitration Forum or the Arbitrator for determination.

27.    That the attorney for Defendant failed to provide a certificate on the arbitrator, the State Bar of California, or the Plaintiff any of the information listed under CCP § 1282.4(c).

28.    That pursuant to 1282.4(d), the attorney for Defendant was disqualified from serving as the attorney of record in the arbitration.

29.    Notwithstanding the foregoing, the arbitrator and the Forum entered an arbitration award against Plaintiff and in favor of Defendant in the amount of Twenty Thousand Ninety Hundred Forty Seven Dollars and Forty One Cents ($20,947.41), as evidenced by attached Award that is incorporated herein by this reference as Exhibit "B."

30.    Defendant served upon Plaintiff a copy of the Arbitration Award on and about March 03, 2007

31.    That the copy of said award was not served upon Defendant pursuant to CCP § 1283.6 as required, but was instead sent to Plaintiff via First Class Mail. (see Exhibit "B")

32.    That the Forum is in violation of CCP § 1281.96 (a), in that it does not make available any of the information set forth in CCP § 1281.96(a)(1)-(9) on its Internet Web site.

33.    That the Forum is in violation of CCP § 1284.3, in that it requires for any consumer who is a party to the arbitration to pay the fees and costs incurred by the opposing party if the consumer does not prevail in the arbitration.

34.    That Defendant obtained the Arbitration Award from the National Arbitration Forum by breaching the original contract between Plaintiff and Defendant by submitting a claim to the National Arbitration Forum without a valid agreement to arbitrate.

35.    That the arbitrator exceeded his authority to decide the matter and entered an Award against Plaintiff. The National Arbitration Forum and Arbitrator were without subject matter jurisdiction because no valid agreement existed between the parties to arbitrate.

36.    That Plaintiff would be prejudiced and adversely affected if Defendant is allowed to proceed with confirming the Arbitration Award and a judgment is entered against Plaintiff.

37.    That Defendant had no right to force Plaintiff to arbitrate a claim.

38.    That Defendant had no right to obtain an Award against Plaintiff for any amount sought.

39.    That by filing the claim, Defendant attempted to violate Plaintiff's Right to Due Process under the law.

40.    That by filing the claim, Defendant attempted to deprive Plaintiff of a trial by jury.

41.    That by filing the claim, Defendant violated the obligation of the original contract.

42.    That all of Defendant's actions have impaired and adversely affected Plaintiff, which is now entitled to immediate relief under the law.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands that a jury of twelve herein decide all issues.

## PRAYER

WHEREFORE, Plaintiff has no other immediate remedy under the law except to file this action. Plaintiff prays for judgment against Defendant(s) and each of them, on each and every cause of action and count as follows:

1.    For immediate relief from Arbitration Award;

2.    For unliquidated damages that may be ascertained by the court or jury;

3.    For punitive, general and special damages;

4.    For cost of this suit herein;

5.    For Violations of Rights;

6.    For such other relief as the court deems proper and demanded herein.

I, declare under penalty of perjury of the laws of the State of California that the foregoing is true and correct.

Dated this 19th day of April 2007.

1    Respectfully submitted and signed
2    by Debbie Romano,
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Exhibit "A"

# IN THE NATIONAL ARBITRATION FORUM

ebbie L. Romano
861 West St., Space 111
arden Grove, CA 92840

**NOTICE OF OBJECTION TO ARBITRATION**
**RULE 13A(2)**

Forum File Number: FA0611000833545
Account Number: 4357875560162857
Claimant File Number: 61570470
Date: November 30, 2006

**RESPONDENT,**

nk One/Chase Bank USA, N.A.
ann Bracken LLC
e Paces West, Suite 1400
27 Paces Ferry Road
lanta, GA 30339

**CLAIMANT.**
National Arbitration Forum

ebbie L. Romano, Respondent, hereby declare and state that this is a Notice of Objection to Arbitration
rsuant to RULE 13A(2) of the National Arbitration Forum's, hereafter NAF Code of Procedure Dated July
2002 and as stated in said rule establishes the fact that Respondent has clearly asserted the right to object
tice:
In addition Respondent provides the following statement of facts to support said

## STATEMENT OF FACTS

1. That I never consented or agreed to any contract of adhesion containing a forum selection clause that
   would subject me to the jurisdiction of the National Arbitration Forum, or any other Arbitration
   forum;
2. That this Notice of Objection to Arbitration should not be construed as a submittal to Arbitration
   proceeding in any way whatsoever. This is only a good faith effort to resolve this matter in an
   expeditious fashion and is only intended to stipulate that I object to any such arbitration proceeding;
3. That the NAF would be acting illegally and without jurisdiction by ordering or requesting any further
   documentation regarding this matter or proceeding with any type of hearing regarding this claim;
4. That the Forum's requirement of the Respondent to participate in any way in this forum in order to
   resolve a dispute, and failure by the Respondent to appear may result in an award against him is done
   in violation of my rights by attempting to deny me meaningful access to due process and is done
   without any authority;
5. That I discharge and prohibit the Forum from making any award or taking any other action
   whatsoever, except to dismiss the case for lack of jurisdiction.
5. That I will not respond to any further communications regarding this Arbitration Claim.
7. That I am not in receipt of any documentation stipulating that I am required to arbitrate.
3. I, Debbie L. Romano declare that the statements herein and above are true and correct to the best
   of my personal knowledge.

## POINTS AND AUTHORITIES
## STATEMENT OF CASE

. Claimant has filed a claim in the National Arbitration Forum; (hereafter NAF) in regards to a dispute
   regarding a credit card account between Claimant and Respondent. Respondent is opposing Claimant's
   request pursuant to Rule 13A(2) NAF Code of Procedure on the following grounds:

a. There was never any arbitration agreement between Plaintiff and Defendant, and therefore any appointed arbitrator would be without authority and jurisdiction to establish any enforceable award. *(Rule 1 NAF Code of Procedure et esq.)*

b. Claimant has failed to provide a copy of the referenced contract of adhesion or the location of such document and provide any proof that I was given the right to reject the terms without impunity.

c. Claimant has failed to provide a copy of the Arbitration Agreement containing any authorizing signatures that would substantiate a valid binding contract or notice of the location of a copy of said agreement. *(RULE 12(A2) NAF Code of Procedure).* It is the respondent's belief that this was intentional on the part of the Claimant as Respondent is not aware of the existence of any such document.

d. Respondent is aware that most states have enacted legislation in support of Alternant Dispute Resolution (ADR) as a method of resolving matters of disagreement and as an alternative to court proceedings. However this in no way subjects Respondent to any the jurisdiction of this or any other forum without the existence of such an agreement or a court order compelling mandatory arbitration as a solution to this matter.

e. Respondent has reason to believe that any Arbitration award that may be granted would be void on its face without first establishing jurisdiction by way of the above referenced agreement and full compliance with the rules set forth by the NAF governing the arbitration process.

## LAW AND ARGUMENT
### NO VALID AGREEMENT TO ARBITRATE

10. Further, under the first step in analysis to decide whether a dispute must be arbitrated under the Federal Arbitration Act (FAA), a party may challenge the validity of an arbitration agreement under general contract principles. 9 U.S.C.A. Sec.1 et seq.; *In Re David's Supermarkets, Inc.* 43 S.W.3d 94 (2001). In addition, the federal policy favoring arbitration does not apply to the determination of whether there is a valid agreement to arbitrate between the parties; instead ordinary contract principles determine who is bound. 9 U.S.C.A Sec. 1 et seq.; *Fleetwood Enterprises, Inc. v. Gaskamp*, 280 F.3d 1069, opinion supplemental on denial of rehearing 303 F.3d 453.

11. Claimant claims that there was an alleged agreement to arbitrate, to be governed by provisions under the FAA. Even under the FAA, there must be evidence of a valid agreement. Courts are clear in upholding an agreement to arbitrate must be clear to both parties. Otherwise, the legislative intent of arbitration is abused and devalued. In *Stout v. Byrider*, 50 F.Supp.2d 733, affirmed 228 F.3d 709, the court held that arbitration is a matter of contract, and thus, a party cannot be compelled to arbitrate any claims he or she did not agree to arbitrate when making the contract. In the case at hand, Respondent never agreed to arbitration. Respondent never received any agreement or contract, or information regarding an arbitration clause.

12. The Federal Arbitration Act, 9 U.S.C.A., provides that the purpose of arbitration is to give arbitration agreements the same force and effect as other contracts, where parties expressly agree to submit to disputes to arbitration. *Brener v. Becker Paribas Inc.*, S.D. N.Y 1985, 628 F.Supp. 442. Further, there must be a clear agreement to arbitrate. *Nicholas A. Califano, M.D., Inc. v. Shearson Lehman*

*Bros. Inc.,* S.D.N.Y. 1988, 690 F.Supp. 1354. In the case at hand, Respondent did not receive notice or agreement to arbitrate, nor did Respondent ever expressly agree to arbitration.

13. No arbitration agreement exists between Claimant and Respondent whatsoever, and none of Respondent's arguments should be construed to mean that such agreement exists. Respondent was never given clear notice of arbitration in any original agreement, nor was made aware of any arbitration agreement, nor expressly agree to arbitrate, nor establish meaningful consent to arbitrate.

## NO JURISDICTION UNDER THE FAA.

14. "Federal law preempts state law on issues of arbitrability." *Three Valleys Mun. Water Dist. v. E.F. Hutton* (9th Cir. 1991) 925 F.2d 1136, 1139. "...a party who contests the making of a contract containing an arbitration provision cannot be compelled to arbitrate the threshold issue of the *existence* of an agreement to arbitrate. Only a court can make that decision." *Three Valleys Mun. Water Dist. v. E.F. Hutton,* at 1140/1141.

15. 9 USC Sec. 2 requires a written agreement to arbitrate. The requirement is jurisdictional. Without a written agreement, the FAA does not apply. Further, there is no requirement under the FAA mandating that the jurisdictional defense of "no agreement to arbitrate" be raised within a particular period of time.

16. WHEREFORE, there is no consent or agreement on the part of Respondent to arbitrate, Respondent respectfully demands that this proceeding be stopped immediately an no additional correspondence regarding this matter be requested.


Respectfully Submitted Without Prejudice

ebbie L. Romano
:861 West St., Space 111
Garden Grove, CA 92840

ERTIFICATE OF SERVICE
I certify that a copy of the foregoing Motion was caused to be deposited and mailed on the 30th day of rvember, 2006, via Certified Mail to the following interested parties:

· Certified mail Number: 7004-1160-0002-6057-1893
nk One/Chase bank USA, N.A.
) Mann Bracken, LLC
e Paces West, Ste. 1400
27 Paces Ferry Road
anta, GA 30339

! to:
rtified Mail Number: 7004-1160-0002-6057-1909
ector of Arbitration
ional Arbitration Forum
. Box 50191
ineapolis, MN 55405-0191


ed this 30th day of November 2006

Respectfully submitted and signed by


Debbie L. Romano

# III NATIONAL ARBITRATION FORUM

Exhibit "B"

Chase Bank USA, N.A.
C/o Mann Bracken, LLC
2727 Paces Ferry Road
One Paces West, 14th Floor
Atlanta, GA 30339

**CLAIMANT(s),**

**AWARD**

RE:   Chase Bank USA, N.A. v Debbie Romano
      File Number: FA0611000833545
      Claimant Account Number: 4357875560162857

Debbie Romano
12861 West St #.111
Garden Grove, CA 92840.

**RESPONDENT(s).**

The undersigned Arbitrator in this case FINDS and CONCLUDES:

### Case Summary

1. The Claimant has filed a Claim with the National Arbitration Forum.
2. After Proof of Service of the Claim was filed with the Forum, where no Response has been filed, the Forum mailed to Respondent a Second Notice of Arbitration.
3. The Respondent has filed a Response with the Forum and served it on the Claimant.
4. An arbitration hearing notice was duly delivered to the Parties as required by the Forum Rules.
5. The Arbitrator conducted a Hearing in this case in accordance with the Forum Rules.
6. The Parties have had the opportunity to present all evidence and information to the Arbitrator.
7. The Arbitrator has reviewed all evidence submitted in this case.

### Decision

1. The Arbitrator knows of no conflict of interests that exist.
2. This matter involves interstate commerce and the Federal Arbitration Act governs this arbitration.
3. The Claim was properly served on the Respondent by Claimant in accordance with Rule 6.
4. On or before 11/07/2006 the Parties entered into a valid, written agreement to arbitrate their dispute, including a Notice of Arbitration.
5. The Parties' Arbitration Agreement is valid and enforceable and governs all the issues in dispute.
6. This matter is arbitrable under the terms of the Parties' Arbitration Agreement and the law.
7. The matter has proceeded in accord with the applicable Forum Code of Procedure Rules.
8. The evidence submitted supports the issuance of this Award.
9. The applicable substantive law supports the issuance of this Award.

Therefore, the Arbitrator ISSUES:
An Award in favor of the Claimant, for a total amount of $20,947.41.

Entered and Affirmed in the State of California

Michael H. White, Esq.
Arbitrator

Date: 02/23/2007

**ACKNOWLEDGEMENT AND CERTIFICATE
OF SERVICE**

This Award was duly entered and the Forum hereby certifies that pursuant to the Parties' Arbitration Agreement, a copy of this Award was sent by first class mail postage prepaid to the Parties at the above referenced addresses, or their Representatives, on this date.

Honorable Harold Irving, Ret.
Director

Date: 02/23/2007

Regular Mail & Certified Mail#: 70041160000260571824

chase
Cardmenber Service
PO Box 94014
Palantine, IL 60094-4014

*BANK♦ONE*

MAR 0 6 2006

February 28, 2006

RE: Billing Error on Account # 4357875560162857
Amount in Dispute: $14,716.62

Dear chase:

I am writing regarding the above account. I believe that my most recent statement, February 16, 2006 is inaccurate.

I am disputing the above amount because I believe that you failed to credit my account for prepayments you agreed to credit on the statement dated February 16, 2006. It was my understanding that when I entered into the agreement with you that you would accept my signed note(s) or other similar instrument(s) as money, credit or payment for previous account transactions, and then reflect those credits in the statement dated February 16, 2006. They do not appear in the statement and I am wondering why. The amount of the credits on the prepayments of money or credit accepted by you should be the approximate amount that I list above. I am making this billing inquiry since I am uncertain of all the dates of the prepaid credits and also since there may be additional credits that I am entitled to. Please provide me with a written explanation why these credits are not showing.

I am requesting that you provide me with an acknowledgement of this billing error and complete a full investigation by sending me a written explanation report related to the subject matter of this billing error.

I am also requesting additional documentary evidence of indebtedness of the account showing that you did not accept any note or similar instrument from me without properly crediting my account as agreed, which includes copies of the account entries that made you arrive at the recent balance shown on my statement.

I may exercise my right to withhold the disputed amount until you comply. Thank you for your time and consideration in this matter. If you have any questions please contact me immediately at the address below, but make sure your questions reference an acknowledgement to this billing error dispute.

Lastly, please remove my phone numbers, 714-539-9334 and 714-577-5227, from your solicitation list as I do not wish to do any business with chase over the phone. I am requesting that all communications be conducted in writing, and I appreciate your honoring my request.

Sincerely,

Debbie L. Romano
12861 west st
spc. 111
garden grove, CA 92840

**EXHIBIT Y**

## IN THE NATIONAL ARBITRATION FORUM

Debbie L. Romano
12861 West St., Space 111
Garden Grove, CA 92840

**NOTICE OF OBJECTION TO ARBITRATION**
**RULE 13A(2)**
Forum File Number: FA0611000833545
Account Number: 4357875560162857
Claimant File Number: 61570470
Date: November 30, 2006

**RESPONDENT,**

Bank One/Chase Bank USA, N.A.
Mann Bracken, LLC
One Paces West, Suite 1400
2727 Paces Ferry Road
Atlanta, GA 30339



**CLAIMANT.**
cc National Arbitration Forum

I, Debbie L. Romano, Respondent, hereby declare and state that this is a Notice of Objection to Arbitration pursuant to RULE 13A(2) of the National Arbitration Forum's, hereafter NAF Code of Procedure Dated July 1, 2002 and as stated in said rule establishes the fact that Respondent has clearly asserted the right to object as outline in said rule. In addition Respondent provides the following statement of facts to support said Notice:

### STATEMENT OF FACTS

1. That I never consented or agreed to any contract of adhesion containing a forum selection clause that would subject me to the jurisdiction of the National Arbitration Forum, or any other Arbitration forum;
2. That this Notice of Objection to Arbitration should not be construed as a submittal to Arbitration proceeding in any way whatsoever. This is only a good faith effort to resolve this matter in an expeditious fashion and is only intended to stipulate that I object to any such arbitration proceeding;
3. That the NAF would be acting illegally and without jurisdiction by ordering or requesting any further documentation regarding this matter or proceeding with any type of hearing regarding this claim;
4. That the Forum's requirement of the Respondent to participate in any way in this forum in order to resolve a dispute, and failure by the Respondent to appear may result in an award against him is done in violation of my rights by attempting to deny me meaningful access to due process and is done without any authority;
5. That I discharge and prohibit the Forum from making any award or taking any other action whatsoever, except to dismiss the case for lack of jurisdiction.
6. That I will not respond to any further communications regarding this Arbitration Claim.
7. That I am not in receipt of any documentation stipulating that I am required to arbitrate.
8. I, Debbie L. Romano declare that the statements herein and above are true and correct to the best of my personal knowledge.

### POINTS AND AUTHORITIES
### STATEMENT OF CASE

9. Claimant has filed a claim in the National Arbitration Forum, (hereafter NAF) in regards to a dispute regarding a credit card account between Claimant and Respondent. Respondent is opposing Claimant's request pursuant to Rule 13A(2) NAF Code of Procedure on the following grounds:

**EXHIBIT Z**

Pa 1 of 4

a. There was never any arbitration agreement between Plaintiff and Defendant, and therefore any appointed arbitrator would be without authority and jurisdiction to establish any enforceable award. *(Rule 1 NAF Code of Procedure et esq.)*

b. Claimant has failed to provide a copy of the referenced contract of adhesion or the location of such document and provide any proof that I was given the right to reject the terms without impunity.

c. Claimant has failed to provide a copy of the Arbitration Agreement containing any authorizing signatures that would substantiate a valid binding contract or notice of the location of a copy of said agreement. *(RULE 12(A2) NAF Code of Procedure)*. It is the respondent's belief that this was intentional on the part of the Claimant as Respondent is not aware of the existence of any such document.

d. Respondent is aware that most states have enacted legislation in support of Alternant Dispute Resolution (ADR) as a method of resolving matters of disagreement and as an alternative to court proceedings. However this in no way subjects Respondent to any the jurisdiction of this or any other forum without the existence of such an agreement or a court order compelling mandatory arbitration as a solution to this matter.

e. Respondent has reason to believe that any Arbitration award that may be granted would be void on its face without first establishing jurisdiction by way of the above referenced agreement and full compliance with the rules set forth by the NAF governing the arbitration process.

## LAW AND ARGUMENT
### NO VALID AGREEMENT TO ARBITRATE

10. Further, under the first step in analysis to decide whether a dispute must be arbitrated under the Federal Arbitration Act (FAA), a party may challenge the validity of an arbitration agreement under general contract principles. 9 U.S.C.A. Sec.1 et seq.; *In Re David's Supermarkets, Inc.* 43 S.W.3d 94 (2001). In addition, the federal policy favoring arbitration does not apply to the determination of whether there is a valid agreement to arbitrate between the parties; instead ordinary contract principles determine who is bound. 9 U.S.C.A Sec. 1 et seq.; *Fleetwood Enterprises, Inc. v. Gaskamp*, 280 F.3d 1069, opinion supplemental on denial of rehearing 303 F.3d 453.

11. Claimant claims that there was an alleged agreement to arbitrate, to be governed by provisions under the FAA. Even under the FAA, there must be evidence of a valid agreement. Courts are clear in upholding an agreement to arbitrate must be clear to both parties. Otherwise, the legislative intent of arbitration is abused and devalued. In *Stout v. Byrider*, 50 F.Supp.2d 733, affirmed 228 F.3d 709, the court held that arbitration is a matter of contract, and thus, a party cannot be compelled to arbitrate any claims he or she did not agree to arbitrate when making the contract. In the case at hand, Respondent never agreed to arbitration. Respondent never received any agreement or contract, or information regarding an arbitration clause.

12. The Federal Arbitration Act, 9 U.S.C.A., provides that the purpose of arbitration is to give arbitration agreements the same force and effect as other contracts, where parties expressly agree to submit to disputes to arbitration. *Brener v. Becker Paribas Inc.*, S.D. N.Y 1985, 628 F.Supp. 442. Further, there must be a clear agreement to arbitrate. *Nicholas A. Califano, M.D., Inc. v. Shearson Lehman*

*Bros. Inc.*, S.D.N.Y. 1988, 690 F.Supp. 1354. In the case at hand, Respondent did not receive notice or agreement to arbitrate, nor did Respondent ever expressly agree to arbitration.

13. No arbitration agreement exists between Claimant and Respondent whatsoever, and none of Respondent's arguments should be construed to mean that such agreement exists. Respondent was never given clear notice of arbitration in any original agreement, nor was made aware of any arbitration agreement, nor expressly agree to arbitration, nor establish meaningful consent to arbitrate.

## NO JURISDICTION UNDER THE FAA

14. "Federal law preempts state law on issues of arbitrability." *Three Valleys Mun. Water Dist. v. E.F. Hutton* (9th Cir. 1991) 925 F.2d 1136, 1139. "...a party who contests the making of a contract containing an arbitration provision cannot be compelled to arbitrate the threshold issue of the *existence* of an agreement to arbitrate. Only a court can make that decision." *Three Valleys Mun. Water Dist. v. E.F. Hutton*, at 1140/1141.

15. 9 USC Sec. 2 requires a written agreement to arbitrate. The requirement is jurisdictional. Without a written agreement, the FAA does not apply. Further, there is no requirement under the FAA mandating that the jurisdictional defense of "no agreement to arbitrate" be raised within a particular period of time.

16. WHEREFORE, there is no consent or agreement on the part of Respondent to arbitrate, Respondent respectfully demands that this proceeding be stopped immediately an no additional correspondence regarding this matter be requested.


Respectfully Submitted Without Prejudice

Debbie L. Romano
12861 West St., Space 111
   Garden Grove, CA 92840

CERTIFICATE OF SERVICE
   I certify that a copy of the foregoing Motion was caused to be deposited and mailed on the 30th day of November, 2006, via Certified Mail to the following interested parties:

   Certified mail Number: 7004-1160-0002-6057-1893
Bank One/Chase bank USA, N.A.
C/O Mann Bracken, LLC
One Paces West, Ste. 1400
2727 Paces Ferry Road
Atlanta, GA 30339

and to:
 Certified Mail Number: 7004-1160-0002-6057-1909
 Director of Arbitration
 National Arbitration Forum
 P.O. Box 50191
 Minneapolis, MN 55405-0191


. Dated this 30th day of November 2006

Respectfully submitted and signed by

Debbie L. Romano

1 | Benjamin Millan
   3812 Dwiggins Street
2 | Los Angeles, CA 90063
   323-261-9551
3 | Plaintiff, *in propria persona*

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

MAR 1 9 2007

John A. Clarke, Executive Officer/Clerk
By _____ Deputy
**EDUARDO CHANES**

IN THE SUPERIOR COURT

IN AND FOR LOS ANGELE COUNTY, STATE OF CALIFORNIA

BENJAMIN MILLAN,

         Plaintiff,

    v.

CHASE BANK USA, N.A., AS
SUCCESSOR IN INTEREST TO BANK
ONE DELAWARE NA

        Defendant.

Case No: **07K04721**

**VERIFIED COMPLAINT AND
PETITION TO VACATE ARBITRATION
AWARD**

1. STATUTORY VIOLATIONS AND
DAMAGES.
2. BREACH OF CONTRACT
3. VIOLATIONS OF RIGHTS

**LIMITED JURISDICTION**

**AMOUNT DEMANDED DOES NOT
EXCEED $5000**

COMES NOW, Benjamin Millan, Plaintiff and Petitions this court for an order vacating

arbitration award and for causes of action against Defendant and alleges as follows:

COUNT I – STATUTORY VIOLATIONS AND DAMAGES

    1.    That Plaintiff is a natural person and a resident in Los Angeles, in the County of

Los Angeles, the State of California.

    2.    That Defendant, Chase Bank USA, N.A. as successor in interest to Bank One

Delaware, NA, is a Corporation organized in the State of Delaware with its principal business

location at Chase Manhattan Bank USA, National Association 201 North Walnut Street

**EXHIBIT AA**

1   Willmington, DE 19801.    That Plaintiff and Defendant entered into a consumer contract on

2   and about January 31, 2003.

3        4.    That the contract provided for Plaintiff to obtain a revolving open-ended account

4   with Defendant.

5        5.    That the original contract was governed in part by the Truth in Lending Act. 15

6   USC section 1601 *et seq* [TILA] by Plaintiff.

7        6.    That Defendant is familiar with the Truth in Lending Act, and any obligations it

8   would have under said Act.

9        7.    That the original contract required Defendant to respond to any TILA inquiries

10   made by Plaintiff, which were made pursuant to 15 USC §§ 1666(a) or 1666(b).

11        8.    That Plaintiff made an inquiry with Defendant, pursuant to 15 USC §§ 1666(a)

12   and 1666(b), on and about January 23, 2006 as to the inaccuracies on the monthly statement and

13   requested further information and documentation.

14        9.    That Defendant received said inquiry on and about January 27, 2006.

15        10.    That Defendant has a duty to comply with any inquiry under TILA, specifically

16   15 USC § 1666(a) and 1666(b) made by Plaintiff.

17        11.    That more than ninety (90) days has elapsed since the time Defendant received

18   the billing inquiry from Plaintiff.

19        12.    That as of this date Defendant has ignored, failed and/or neglected Plaintiff's

20   inquiry by failing to respond to the same.

21        13.    That by failing to respond Defendant is prohibited under TILA, specifically 15

22   USC § 1666(c), to proceed with any collection efforts.

23        14.    That by failing to respond to Plaintiff's billing error notice, Defendant violated 15

24   USC § 1666(c) and 12 CFR § 226.13 *et seq.*

25        15.    That Defendant's reported to the credit reporting agencies that Plaintiff was

26   delinquent on the contract.

27        16.    That as a result of Defendant's reporting the foregoing to the credit reporting

28   agencies, Defendant violated 15 USC § 1666(d) and 12 CFR § 226.13 *et seq.*

1    17.    That Defendant ignored and disregarded the TILA provisions specified in 15 USC

2    § 1666(c) by proceeding with collection efforts by filing a Claim with the National Arbitration

3    Forum ("Forum"). A true and correct copy of the Claim is herewith attached and incorporated

4    by reference as Exhibit "A."

5    18.    That by filing said Claim Defendant violated 15 USC § 1666(c) and 12 CFR

6    section 226.13 *et seq.*

7    19.    That as a result of the foregoing Plaintiff is entitled to relief under TILA.

8    <u>COUNT II – BREACH OF CONTRACT</u>

9    20.    That Plaintiff hereby incorporates paragraphs 1 through 19 herein and above by

10    this reference.

11    21.    That Plaintiff is not currently in possession of the original contract, but will seek

12    to obtain a copy thereof in discovery and/or will seek leave of court to amend this complaint to

13    incorporate a copy of said contract at that time when a copy can be ascertained.

14    22.    That if called to testify Plaintiff will testify that the original contract between

15    Plaintiff and Defendant did not contain any provision or clause to submit any dispute arising out

16    the agreement to arbitration.

17    23.    That the original contract between Plaintiff and Defendant did not contain any

18    provision that would allow Defendant to change or add new terms to the original agreement to

19    include arbitration.

20    24.    That Plaintiff never received a copy of any change or addition of new terms to the

21    original agreement.

22    25.    That Defendant filed a claim against Plaintiff in the National Arbitration Forum

23    alleging that an agreement exists containing provisions to arbitrate any dispute arising out of the

24    agreement.

25    26.    Plaintiff filed an objection with the National Arbitration Forum prohibiting the

26    Forum to arbitrate the matter. Further, Plaintiff did not submit the issue of arbitrability or

27    meritorious issue to the National arbitration Forum or the Arbitrator for determination.

28

27.    That the attorney for Defendant failed to provide a certificate on the arbitrator, the State Bar of California, or the Plaintiff any of the information listed under CCP § 1282.4(c).

28.    That pursuant to 1282.4(d), the attorney for Defendant was disqualified from serving as the attorney of record in the arbitration.

29.    Notwithstanding the foregoing, the arbitrator and the Forum entered an arbitration award against Plaintiff and in favor of Defendant in the amount of $4,789.43 Dollars, as evidenced by attached Award that is incorporated herein by this reference as Exhibit "B."

30.    Defendant served upon Plaintiff a copy of the Arbitration Award on and about January 31, 2007.

31.    That the copy of said award was not served upon Defendant pursuant to CCP § 1283.6 as required, but was instead sent to Plaintiff via First Class Mail. (see Exhibit "B")

32.    That the Forum is in violation of CCP § 1281.96 (a), in that it does not make available any of the information set forth in CCP § 1281.96(a)(1)-(9) on its Internet Web site.

33.    That the Forum is in violation of CCP § 1284.3, in that it requires for any consumer who is a party to the arbitration to pay the fees and costs incurred by the opposing party if the consumer does not prevail in the arbitration.

34.    That Defendant obtained the Arbitration Award from the National Arbitration Forum by breaching the original contract between Plaintiff and Defendant by submitting a claim to the National Arbitration Forum without a valid agreement to arbitrate.

35.    That the arbitrator exceeded his authority to decide the matter and entered an Award against Plaintiff. The National Arbitration Forum and Arbitrator were without subject matter jurisdiction because no valid agreement existed between the parties to arbitrate.

36.    That Plaintiff would be prejudiced and adversely affected if Defendant is allowed to proceed with confirming the Arbitration Award and a judgment is entered against Plaintiff.

37.    That Defendant had no right to force Plaintiff to arbitrate a claim.

38.    That Defendant had no right to obtain an Award against Plaintiff for any amount sought.

## COUNT III – VIOLATIONS OF PLAINTIFF'S RIGHT TO DUE PROCESS

39.     That Plaintiff hereby incorporates paragraphs 1 through 38 herein and above by this reference.

40.     That Plaintiff's Rights will be severely impaired if the Award is enforced in a court of law and against Plaintiff.

41.     That the award and claim was filed and entered in violation of Plaintiff's Right to Due Process under the Law.

42.     That by filing said claim, Defendant violated Plaintiff's Right to use the courts as a means to resolve the dispute.

43.     That by filing the claim, Defendant attempted to violate Plaintiff's Right to Due Process under the law.

44.     That by filing the claim, Defendant violated Plaintiff's Right to a trial by jury.

45.     That by filing the claim, Defendant violated the obligation of the original contract.

46.     That all of Defendant's actions have impaired and adversely affected Plaintiff, which is now entitled to immediate relief under the law.

### DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands that a jury of twelve herein decide all issues.

### PRAYER

WHEREFORE, Plaintiff has no other immediate remedy under the law except to file this action.  Plaintiff prays for judgment against Defendant(s) and each of them, on each and every cause of action and count as follows:

1.     For immediate relief from Arbitration Award;

2.     For unliquidated damages that may be ascertained by the court or jury;

3.     For punitive, general and special damages;

4.     For cost of this suit herein;

5.     For Violations of Rights;

6.     For such other relief as the court deems proper and demanded herein.

1          I, declare under penalty of perjury of the laws of the State of California that the foregoing

2     is true and correct.

3     Dated this 13th day of March 2007.

4

5     Respectfully submitted and signed
     by Benjamin Millan,

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Regular Mail & Certified Mail#: 7005 1160 0002 8869 5853

Chase Manhattan Bank
P.O. Box 15299
Wilmington, DE  19850-5299

January 23, 2006

RE: Billing Error on Account # 4266812134945269
Amount in Dispute: $2,953.43

Dear Chase Manhattan Bank:

I am writing regarding the above account.  I believe that my most recent statement, February 3, 2006 is inaccurate.

I am disputing the above amount because I believe that you failed to credit my account for prepayments you agreed to credit on the statement dated February 3, 2006.  It was my understanding that when I entered into the agreement with you that you would accept my signed note(s) or other similar instrument(s) as money, credit or payment for previous account transactions, and then reflect those credits in the statement dated February 3, 2006. . They do not appear in the statement and I am wondering why.  The amount of the credits on the prepayments of money or credit accepted by you should be the approximate amount that I list above.  I am making this billing inquiry since I am uncertain of all the dates of the prepaid credits and also since there may be additional credits that I am entitled to.  Please provide me with a written explanation why these credits are not showing.

I am requesting that you provide me with an acknowledgement of this billing error and complete a full investigation by sending me a written explanation report related to the subject matter of this billing error.

I am also requesting additional documentary evidence of indebtedness of the account showing that you did not accept any note or similar instrument from me without properly crediting my account as agreed, which includes copies of the account entries that made you arrive at the recent balance shown on my statement.

I may exercise my right to withhold the disputed amount until you comply.  Thank you for your time and consideration in this matter.  If you have any questions please contact me immediately at the address below, but make sure your questions reference an acknowledgement to this billing error dispute.

Lastly, please remove my phone numbers, 323-261-9551 and 323-702-9551, from your solicitation list as I do not wish to do any business with Chase Manhattan Bank over the phone. I am requesting that all communications be conducted in writing, and I appreciate your honoring my request.

Sincerely,


Benjamin R. Millan
3812 Dwiggins St.
Los Angeles, CA  90063

**EXHIBIT BB**

## IN THE NATIONAL ARBITRATION FORUM

Benjamin Millan
3812 Dwiggins St.
Los Angeles, CA 90063

**RESPONDENT,**

Bank One/Chase
Mann Bracken, LLC
One Paces West, Suite 1400
2727 Paces Ferry Road
Atlanta, GA 30339

**CLAIMANT,**

Bank One/Chase
cc National Arbitration Forum

**NOTICE OF OBJECTION TO
ARBITRATION
RULE 13A(2)**

Forum File Number: FA0610000814085
Account Number: 4266812134945269
Claimant File Number: 61330270
Date: October 23, 2006


RECEIVED
OCT 2 6 2006
NATIONAL ARBITRATION
FORUM

Cert. Mail Number: 7044-1350-0005-6729-1631
Cert. Mail Number: 7006-0100-0004-8800-2604

I, Benjamin Millan, Respondent, hereby declare and state that this is a Notice of Objection to Arbitration pursuant to RULE 13A(2) of the National Arbitration Forum's, hereafter NAF Code of Procedure Dated July 1, 2002 and as stated in said rule establishes the fact that Respondent has clearly asserted the right to object as outline in said rule. In addition Respondent provides the following statement of facts to support said Notice:

### STATEMENT OF FACTS

1. That I never consented or agreed to any contract of adhesion containing a forum selection clause that would subject me to the jurisdiction of the National Arbitration Forum, or any other Arbitration forum;

2. That this Notice of Objection to Arbitration should not be construed as a submittal to Arbitration proceeding in any way whatsoever. This is only a good faith effort to resolve this matter in an expeditious fashion and is only intended to stipulate that I object to any such arbitration proceeding;

3. That the NAF would be acting illegally and without jurisdiction by ordering or requesting any further documentation regarding this matter or proceeding with any type of hearing regarding this claim;

4. That the Forum's requirement of the Respondent to participate in any way in this forum in order to resolve a dispute, and failure by the Respondent to appear may result in an award against him is done in violation of my rights by attempting to deny me meaningful access to due process and is done without any authority;

5. That I discharge and prohibit the Forum from making any award or taking any other action whatsoever, except to dismiss the case for lack of jurisdiction.

6. That I will not respond to any further communications regarding this Arbitration Claim.

7. That I am not in receipt of any documentation stipulating that I am required to arbitrate.

8. I, Benjamin Millan declare that the statements herein and above are true and correct to the best of my personal knowledge.

**EXHIBIT CC**

## POINTS AND AUTHORITIES

### STATEMENT OF CASE

9. Claimant has filed a claim in the National Arbitration Forum, (hereafter NAF) in regards to a dispute regarding a credit card account between Claimant and Respondent. Respondent is opposing Claimant's request pursuant to Rule 13A(2) NAF Code of Procedure on the following grounds:

   a. There was never any arbitration agreement between Plaintiff and Defendant, and therefore any appointed arbitrator would be without authority and jurisdiction to establish any enforceable award. *(Rule 1 NAF Code of Procedure et esq.)*

   b. Claimant has failed to provide a copy of the referenced contract of adhesion or the location of such document and provide any proof that I was given the right to reject the terms without impunity.

   c. Claimant has failed to provide a copy of the Arbitration Agreement containing any authorizing signatures that would substantiate a valid binding contract or notice of the location of a copy of said agreement. *(RULE 12(A2) NAF Code of Procedure)*. It is the respondent's belief that this was intentional on the part of the Claimant as Respondent is not aware of the existence of any such document.

   d. Respondent is aware that most states have enacted legislation in support of Alternant Dispute Resolution (ADR) as a method of resolving matters of disagreement and as an alternative to court proceedings. However this in no way subjects Respondent to any the jurisdiction of this or any other forum without the existence of such an agreement or a court order compelling mandatory arbitration as a solution to this matter.

   e. Respondent has reason to believe that any Arbitration award that may be granted would be void on its face without first establishing jurisdiction by way of the above referenced agreement and full compliance with the rules set forth by the NAF governing the arbitration process.

### LAW AND ARGUMENT

### NO VALID AGREEMENT TO ARBITRATE

10. Further, under the first step in analysis to decide whether a dispute must be arbitrated under the Federal Arbitration Act (FAA), a party may challenge the validity of an arbitration agreement under general contract principles. 9 U.S.C.A. Sec.1 et seq.; *In Re David's Supermarkets, Inc.* 43 S.W.3d 94 (2001). In addition, the federal policy favoring arbitration does not apply to the determination of whether there is a valid agreement to arbitrate between the parties; instead ordinary contract principles determine who is bound. 9 U.S.C.A Sec. 1 et seq.; *Fleetwood Enterprises, Inc. v. Gaskamp*, 280 F.3d 1069, opinion supplemental on denial of rehearing 303 F.3d 453.

11. Claimant claims that there was an alleged agreement to arbitrate, to be governed by provisions under the FAA. Even under the FAA, there must be evidence of a valid agreement. Courts are clear in upholding an agreement to arbitrate must be clear to both parties. Otherwise, the legislative intent of arbitration is abused and devalued. In *Stout v. Byrider*, 50 F.Supp.2d 733, affirmed 228 F.3d 709, the court held that arbitration is a matter of contract, and thus, a party cannot be compelled to arbitrate any claims he or she did not agree to arbitrate when making the contract. In the case at hand, Respondent never agreed to arbitration. Respondent never received any agreement or contract, or information regarding an arbitration clause.

12. The Federal Arbitration Act, 9 U.S.C.A., provides that the purpose of arbitration is to give arbitration agreements the same force and effect as other contracts, where parties expressly agree to submit to disputes to arbitration. *Brener v. Becker Paribas Inc.*, S.D. N.Y 1985, 628 F.Supp. 442. Further, there must be a clear agreement to arbitrate. *Nicholas A. Califano, M.D., Inc. v. Shearson Lehman Bros. Inc.*, S.D.N.Y. 1988, 690 F.Supp. 1354. In the case at hand, Respondent did not receive notice or agreement to arbitrate, nor did Respondent ever expressly agree to arbitration.

13. No arbitration agreement exists between Claimant and Respondent whatsoever, and none of Respondent's arguments should be construed to mean that such agreement exists. Respondent was never given clear notice of arbitration in any original agreement, nor was made aware of any arbitration agreement, nor expressly agree to arbitration, nor establish meaningful consent to arbitrate.

## NO JURISDICTION UNDER THE FAA

14. "Federal law preempts state law on issues of arbitrability." *Three Valleys Mun. Water Dist. v. E.F. Hutton* (9th Cir. 1991) 925 F.2d 1136, 1139. "...a party who contests the making of a contract containing an arbitration provision cannot be compelled to arbitrate the threshold issue of the *existence* of an agreement to arbitrate. Only a court can make that decision." *Three Valleys Mun. Water Dist. v. E.F. Hutton*, at 1140/1141.

15. 9 USC Sec. 2 requires a written agreement to arbitrate. The requirement is jurisdictional. Without a written agreement, the FAA does not apply. Further, there is no requirement under the FAA mandating that the jurisdictional defense of "no agreement to arbitrate" be raised within a particular period of time.

16. WHEREFORE, there is no consent or agreement on the part of Respondent to arbitrate, Respondent respectfully demands that this proceeding be stopped immediately an no additional correspondence regarding this matter be requested.

Respectfully Submitted Without Prejudice

Benjamin Millan

3812 Dwiggins St.

Los Angeles CA, 90063

RECEIVED
OCT 2 6 2006
NATIONAL ARBITRATION
FORUM

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Motion was caused to be deposited and mailed on the 23rd day of October, 2006, via Certified Mail to the following interested parties:

Certified Mail Number: 7044-1350-0005-6729-1631
Bank One
c/o Mann Bracken, LLC
One Paces West, Suite 1400
2727 Paces Ferry Road
Atlanta, GA 30339


and to:
Certified Mail Number: 7006-0100-0004-8800-2604
Director of Arbitration
National Arbitration Forum
P.O Box 50191
Minneapolis, MN 55405-0191



Dated this 23rd day of October 2006.


Respectfully submitted and signed by
Benjamin Millan,

1  Matthew E. Taylor
   c/o 24040 Camino Del Avion, A207
2  Dana Point, California  [92629]
   [949-310-2255]
3  Plaintiff, *in propria persona*

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

AUG 20 2007

ALAN SLATER, Clerk of the Court

BY:_____,DEPUTY

8         IN THE SUPERIOR COURT

9     IN AND FOR ORANGE COUNTY, STATE OF CALIFORNIA

10  Matthew E. Taylor,                    ) Case No: **07CL05746**
                                          )
11              Plaintiff,                ) **PETITION TO VACATE ARBITRATION**
                                          ) **AWARD**
12  v.                                    )
                                          )
13  Chase Bank USA, N.A. as successor in  )
    interest to Bank One Delaware, N.A.,  )
14                                        )
                Defendant.                ) **AMOUNT DEMANDED $5,163.11**
15                                        )
                                          )  21676282517         TAYLOR
16                                        )  07CL05746           CHASE
                                          )  F   163.00
17                                        )
                                          )
18  ─────────────────────────────────────)

20         COMES NOW, Matthew E. Taylor, Plaintiff and Petitions this court for an order vacating

21  arbitration award and alleges as follows:

22         1.      That Plaintiff is a natural person and a resident in Dana Point, in the County of

23  Orange, the State of California.

24         2.      That Defendant, Chase Bank USA, N.A. as successor in interest to Bank One

25  Delaware, N.A., is a Corporation organized in the State of Delaware with its principal business

26  location at 201 North Walnut Street, Wilmington, Delaware  [19801].

27         3.      That Plaintiff and Defendant entered into a consumer contract on and about

28  January 31, 1993.

───────────────────────────────────────────────────────────────

Plaintiff's Petition to Vacate Arbitration Award - Page 1 of 4

**EXHIBIT DD**

4.     That the contract provided for Plaintiff to obtain a revolving open-ended account with Defendant.

5.     That Plaintiff is not currently in possession of the original contract, but will seek to obtain a copy thereof in discovery and/or will seek leave of court to amend this complaint to incorporate a copy of said contract at that time when a copy can be ascertained.

6.     That if called to testify Plaintiff will testify that the original contract between Plaintiff and Defendant did not contain any provision or clause to submit any dispute arising out the agreement to arbitration.

7.     That the original contract between Plaintiff and Defendant did not contain any provision that would allow Defendant to change or add new terms to the original agreement to include arbitration.

8.     That Plaintiff never received a copy of any change or addition of new terms to the original agreement.

9.     That Defendant filed a claim against Plaintiff in the National Arbitration Forum alleging that an agreement exists containing provisions to arbitrate any dispute arising out of the agreement.

10.     Plaintiff filed an objection with the National Arbitration Forum prohibiting the Forum to arbitrate the matter.  Further, Plaintiff did not submit the issue of arbitrability or meritorious issue to the National arbitration Forum or the Arbitrator for determination.

11.     That the attorney for Defendant failed to provide a certificate on the arbitrator, the State Bar of California, or the Plaintiff any of the information listed under CCP § 1282.4(c).

12.     That pursuant to 1282.4(d), the attorney for Defendant was disqualified from serving as the attorney of record in the arbitration.

13.     Notwithstanding the foregoing, the arbitrator and the Forum entered an arbitration award against Plaintiff and in favor of Defendant in the amount of five thousand one hundred sixty three dollars and eleven cents ($5,163.11) Dollars, as evidenced by attached Award that is incorporated herein by this reference as Exhibit "B."

14.     Defendant served upon Plaintiff a copy of the Arbitration Award on and about May 31, 2007.

15.     That the copy of said award was not served upon Defendant pursuant to CCP § 1283.6 as required, but was instead sent to Plaintiff via First Class Mail. (see Exhibit "B")

16.     That the Forum is in violation of CCP § 1281.96 (a), in that it does not make available any of the information set forth in CCP § 1281.96(a)(1)-(9) on its Internet Web site.

17.     That the Forum is in violation of CCP § 1284.3, in that it requires for any consumer who is a party to the arbitration to pay the fees and costs incurred by the opposing party if the consumer does not prevail in the arbitration.

18.     That Defendant obtained the Arbitration Award from the National Arbitration Forum by breaching the original contract between Plaintiff and Defendant by submitting a claim to the National Arbitration Forum without a valid agreement to arbitrate.

19.     That the arbitrator exceeded his authority to decide the matter and entered an Award against Plaintiff.  The National Arbitration Forum and Arbitrator were without subject matter jurisdiction because no valid agreement existed between the parties to arbitrate.

20.     That Plaintiff would be prejudiced and adversely affected if Defendant is allowed to proceed with confirming the Arbitration Award and a judgment is entered against Plaintiff.

21.     That Defendant had no right to force Plaintiff to arbitrate a claim.

22.     That Defendant had no right to obtain an Award against Plaintiff for any amount sought.

23.     That by filing the claim, Defendant attempted to violate Plaintiff's Right to Due Process under the law.

24.     That by filing the claim, Defendant attempted to deprive Plaintiff of a trial by jury.

25.     That by filing the claim, Defendant violated the obligation of the original contract.

26.     That all of Defendant's actions have impaired and adversely affected Plaintiff, which is now entitled to immediate relief under the law.

## PRAYER

1    WHEREFORE, Plaintiff has no other immediate remedy under the law except to file this

2    action. Plaintiff prays for judgment against Defendant as follows:

3        1.    For immediate relief from Arbitration Award;

4        2.    For unliquidated damages that may be ascertained by the court;

5        3.    For cost of this suit herein;

6        4.    For such other relief as the court deems proper and demanded herein.

7        I, declare under penalty of perjury of the laws of the State of California that the foregoing

8    is true and correct.

9    Dated this 20 day of August 20 2007.

10

11    Respectfully submitted and signed
      by Matthew E. Taylor,
12    α All Rights Reserved, Without Prejudice, 1-207 "

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## IN THE NATIONAL ARBITRATION FORUM

Matthew E. Taylor
24040 Camino Del Avion, A207
Dana Point, California [92629]

**RESPONDENT,**

Chase Bank USA, N. A.
As successor in interest to Bank One Delaware, N.A.
C/O Mann Bracken, LLC
One Paces West, Suite 1400
2727 Paces Ferry Road
Atlanta, Georgia [30339]

**CLAIMANT.**
cc National Arbitration Forum

**NOTICE OF OBJECTION TO ARBITRATION**
**RULE 13A(2)**

Forum File Number: FA0701000905252
Account Number: 4417 1222 9246 7934
Claimant File Number: 61994390
Date: February 13, 2007



I, Matthew E. Taylor, Respondent, hereby declare and state that this is a Notice of Objection to Arbitration pursuant to RULE 13A(2) of the National Arbitration Forum's, hereafter NAF Code of Procedure Dated July 1, 2002 and as stated in said rule establishes the fact that Respondent has clearly asserted the right to object as outline in said rule. In addition Respondent provides the following statement of facts to support said Notice:

### STATEMENT OF FACTS

1. That I never consented or agreed to any contract of adhesion containing a forum selection clause that would subject me to the jurisdiction of the National Arbitration Forum, or any other Arbitration forum;

2. That this Notice of Objection to Arbitration should not be construed as a submittal to Arbitration proceeding in any way whatsoever. This is only a good faith effort to resolve this matter in an expeditious fashion and is only intended to stipulate that I object to any such arbitration proceeding;

3. That the NAF would be acting illegally and without jurisdiction by ordering or requesting any further documentation regarding this matter or proceeding with any type of hearing regarding this claim;

4. That the Forum's requirement of the Respondent to participate in any way in this forum in order to resolve a dispute, and failure by the Respondent to appear may result in an award against him is done in violation of my rights by attempting to deny me meaningful access to Due Process and is done without any authority;

5. That I discharge and prohibit the Forum from making any award or taking any other action whatsoever, except to dismiss the case for lack of jurisdiction.

6. That I will not respond to any further communications regarding this Arbitration Claim.

7. That I am not in receipt of any documentation stipulating that I am required to arbitrate.

8. I, Matthew E. Taylor declare that the statements herein and above are true and correct to the best of my personal knowledge.

**EXHIBIT EE**

**POINTS AND AUTHORITIES**

STATEMENT OF CASE

9. Claimant has filed a claim in the National Arbitration Forum, (hereafter NAF) in regards to a dispute regarding a credit card account between Claimant and Respondent. Respondent is opposing Claimant's request pursuant to Rule 13A(2) NAF Code of Procedure on the following grounds:

   a. There was never any arbitration agreement between Plaintiff and Defendant, and therefore any appointed arbitrator would be without authority and jurisdiction to establish any enforceable award. *(Rule 1 NAF Code of Procedure et esq.)*

   b. Claimant has failed to provide a copy of the referenced contract of adhesion or the location of such document and provide any proof that I was given the right to reject the terms without impunity.

   c. Claimant has failed to provide a copy of the Arbitration Agreement containing any authorizing signatures that would substantiate a valid binding contract or notice of the location of a copy of said agreement. *(RULE 12(A2) NAF Code of Procedure)*. It is the respondent's belief that this was intentional on the part of the Claimant as Respondent is not aware of the existence of any such document.

   d. Respondent is aware that most states have enacted legislation in support of Alternant Dispute Resolution (ADR) as a method of resolving matters of disagreement and as an alternative to court proceedings. However this in no way subjects Respondent to any the jurisdiction of this or any other forum without the existence of such an agreement or a court order compelling mandatory arbitration as a solution to this matter.

   e. Respondent has reason to believe that any Arbitration award that may be granted would be void on

   f. its face without first establishing jurisdiction by way of the above referenced agreement and full compliance with the rules set forth by the NAF governing the arbitration process.

**LAW AND ARGUMENT**

NO VALID AGREEMENT TO ARBITRATE

10. Further, under the first step in analysis to decide whether a dispute must be arbitrated under the Federal Arbitration Act (FAA), a party may challenge the validity of an arbitration agreement under general contract principles. 9 U.S.C.A. Sec.1 et seq.; *In Re David's Supermarkets, Inc.* 43 S.W.3d 94 (2001). In addition, the federal policy favoring arbitration does not apply to the determination of whether there is a valid agreement to arbitrate between the parties; instead ordinary contract principles determine who is bound. 9 U.S.C.A Sec. 1 et seq.; *Fleetwood Enterprises, Inc. v. Gaskamp,* 280 F.3d 1069, opinion supplemental on denial of rehearing 303 F.3d 453.

11. Claimant claims that there was an alleged agreement to arbitrate, to be governed by provisions under the FAA. Even under the FAA, there must be evidence of a valid agreement. Courts are clear in upholding an agreement to arbitrate must be clear to both parties. Otherwise, the legislative intent of arbitration is abused and devalued. In *Stout v. Byrider*, 50 F.Supp.2d 733, affirmed 228 F.3d 709, the court held that arbitration is a matter of contract, and thus, a party cannot be compelled to arbitrate any claims he or she did not agree to arbitrate when making the contract. In the case at hand, Respondent never agreed to arbitration. Respondent never received any agreement or contract, or information regarding an arbitration clause.

12. The Federal Arbitration Act, 9 U.S.C.A., provides that the purpose of arbitration is to give arbitration agreements the same force and effect as other contracts, where parties expressly agree to submit to disputes to arbitration. *Brener v. Becker Paribas Inc.*, S.D. N.Y 1985, 628 F.Supp. 442. Further, there must be a clear agreement to arbitrate. *Nicholas A. Califano, M.D., Inc. v. Shearson Lehman Bros. Inc.*, S.D.N.Y. 1988, 690 F.Supp. 1354. In the case at hand, Respondent did not receive notice or agreement to arbitrate, nor did Respondent ever expressly agree to arbitration.

13. No arbitration agreement exists between Claimant and Respondent whatsoever, and none of Respondent's arguments should be construed to mean that such agreement exists. Respondent was never given clear notice of arbitration in any original agreement, nor was made aware of any arbitration agreement, nor expressly agree to arbitration, nor establish meaningful consent to arbitrate.

## NO JURISDICTION UNDER THE FAA

14. "Federal law preempts state law on issues of arbitration ability." *Three Valleys Mun. Water Dist. v. E.F. Hutton* (9th Cir. 1991) 925 F.2d 1136, 1139. "...a party who contests the making of a contract containing an arbitration provision cannot be compelled to arbitrate the threshold issue of the *existence* of an agreement to arbitrate. Only a court can make that decision." *Three Valleys Mun. Water Dist. v. E.F. Hutton*, at 1140/1141.

15. 9 USC Sec. 2 requires a written agreement to arbitrate. The requirement is jurisdictional. Without a written agreement, the FAA does not apply. Further, there is no requirement under the FAA mandating that the jurisdictional defense of "no agreement to arbitrate" be raised within a particular period of time.

16. WHEREFORE, there is no consent or agreement on the part of Respondent to arbitrate, Respondent respectfully demands that this proceeding be stopped immediately and no additional correspondence regarding this matter be requested.

Respectfully Submitted Without Prejudice,

*without Prejudice, All Rights Reserved, U.C.C. 1-207"*

Matthew E. Taylor

24040 Camino Del Avion, A207
Dana Point, California [92629]

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Motion was caused to be deposited and mailed on the 13th day of February, 2007, via Certified Mail to the following interested parties:

Certified Mail Number: 7006 0810 0001 8675 1873
Mann Bracken, LLC
One Paces West, Suite 1400
2727 Paces Ferry Road
Atlanta, Georgia [30339]

and to:
Certified Mail Number: 7006 0100 0005 6754 9570
Director of Arbitration
National Arbitration Forum
P. O. Box 50191, Minneapolis, Minnesota [55405-0191

Dated this thirteenth day of February, 2007.

Respectfully submitted and signed by
Matthew E. Taylor

"Without Prejudice, All Rights Reserved, 1-207"

145549

STATE OF MINNESOTA

~~FILED~~ FILED

DISTRICT COURT

COUNTY OF OTTER TAIL

SEVENTH JUDICIAL DISTRICT

Discover Bank,

MAY 09 2007

Court File No. 56-C9-06-002359

KATHRYN A. OUREN
Plaintiff, Court Administrator

vs.

Otter Tail County, ORDER AND MEMORANDUM
FOR SUMMARY JUDGMENT

Robin L. Roberts aka Robin L. Culp,

Defendant.

This matter came before the Honorable Judge Waldemar B Senyk on March 9, 2007, pursuant to Plaintiff's motion for summary judgment. Michael D. Johnson, Esq., appeared on behalf of the Plaintiff. There was no appearance for or on behalf of the Defendant.

The Defendant was issued a credit card by the Plaintiff with the account number ***2627 and incurred charges upon that credit. Billing statements reflecting the amount owed on the account were sent to the Defendant. After obtaining goods and services through the use of the credit, the Defendant failed to repay the amount due and owing and is thus in default under the terms and conditions of the credit agreement. Plaintiff brought this action to recover the amount owed.

The Defendant was served with a Summons and Complaint on April 18, 2006. Plaintiff brought a summary judgment motion alleging that no question of material facts exists, thus entitling it too an entry of judgment against the Defendant.

Upon the hereto attached Affidavit of Michael D. Johnson, one of the attorneys for the plaintiff in the above-captioned matter, the Affidavit of Plaintiff in support of its

**EXHIBIT FF**

motion for summary judgment, as well as the Notice of Motion and Motion and Memorandum of Law, and based upon all of the files, records and proceedings herein, the Court makes the following:

## ORDER

1.   The Plaintiff shall have judgment against the Defendant for the principal sum of $7,744.14, <u>for a total judgment in the amount of $7,744.14 together with the Plaintiff's costs and disbursements incurred herein</u>.

2.   The attached Memorandum is incorporated herein.

**LET JUDGMENT BE ENTERED ACCORDINGLY AND FORTHWITH.**

Dated this 9th day of May 2007.        BY THE COURT:

Waldemar B. Senyk
Judge of District Court

## JUDGMENT

The above Conclusions of Law and Order for Judgment hereby constitute the Judgment of this Court.

COURT ADMINISTRATOR

Date: May 9, 2007

BY
Deputy

2

<u>MEMORANDUM</u>

This matter arises out of a Discover Bank credit card that was issued to the

Defendant. From the exhibits attached to the Plaintiff's summary judgment motion, the

Defendant signed a credit card application and received a significant number of billing

statements. The Plaintiff seeks to recover the unpaid debt in the amount of $7,744.14,

based upon the account stated theory.

The Defendant disputed liability for this debt through a letter she sent to Plaintiff

on November 1, 2005. In the letter, the Defendant stated,

> I am writing regarding the above account. I believe that my most recent
> statement, October 12, 2005 is inaccurate.
>
> I am disputing the above amount because I believe that you failed to credit my
> account for prepayments you agreed to credit on the statement dated October 12,
> 2005. It was my understanding that when I entered into the agreement with you
> that you would accept my signed note(s) or other similar instrument(s) as money,
> credit or payment for previous account transactions, and then reflect those credits
> in the statement dated October 12, 2005. They do not appear in the statement and
> I am wondering why. The amount of the credits on the prepayments of money or
> credit accepted by you should be the approximate amount that I listed above. I
> am making this billing inquiry since I am uncertain of all the dates of the prepaid
> credits and also since there may be additional credits that I am entitled to. Please
> provide me with a written explanation why these credits are not showing.
>
> I am requesting that you provide me with an acknowledgement of this billing
> error and complete a full investigation by sending me a written explanation report
> related to the subject matter of this billing error.
>
> I am also requesting additional documentary evidence of indebtedness of the
> account showing that you did not accept any note or similar instrument from me
> without properly crediting my account as agreed, which includes copies of the
> account entries that made you arrive at the recent balance shown on my statement.
>
> I may exercise my right to withhold the disputed amount until you comply.
> Thank you for your time and consideration in this matter. If you have any
> questions, please contact me immediately at the address below, but make sure
> your questions reference an acknowledgement to this billing error dispute.

3

The letter of November 1, 2005 continued for an additional paragraph that requested no phone calls to her residence.

This was not an original letter from the Defendant. The Plaintiff has filed a copy of a letter from another account holder, Charles Busack, dated August 12, 2005, which is identical in content, except for the dates. In an action by the Plaintiff against Charles and Marie Busack, the Busacks claimed that their letter constituted a billing dispute pursuant to the Fair Credit Billing Act (FCBA), 15 U.S.C. § 1666, and obligated the Plaintiff to conduct an investigation before instigating collection action for the unpaid debt. The Minnesota District Court, Third Judicial District, Judge James Fabian, ruled that the Defendants did not meet the requirements of the FCBA for a billing dispute, and granted the Plaintiff summary judgment. This Court adopts the analysis of the Court in that matter, as set forth below.

The FCBA requires a creditor to investigate all valid billing complaints that comply with the requirements of the law. 15 U.S.C. § 1666(b) defines what constitutes a billing error:

(b) Billing error

For the purpose of this section, a "billing error" consists of any of the following:

(1)     A reflection on a statement of an extension of credit which was not made to the obligor or, if made, was not in the amount reflected on such statement.

(2)     A reflection on a statement of an extension of credit for which the obligor requests additional clarification including documentary evidence thereof.

(3)     A reflection on a statement of goods or services not accepted by the obligor or his designee or not delivered to the obligor or his designee in accordance with the agreement made at the time of a transaction.

(4)     The creditor's failure to reflect properly on a statement a payment made by the obligor or a credit issued to the obligor.

(5)     A computation error or similar error of an accounting nature of the creditor on a statement.

4

(6)    Failure to transmit the statement required under section 1637(b) of this title to the last address of the obligor which has been disclosed to the creditor, unless that address was furnished less than twenty days before the end of the billing cycle for which the statement is required.

(7)    Any other error described in regulations of the Board.

In order to enact the protections of the FCBA, a consumer must state a specific error on a billing statement. Griesz v. Household Bank, 8 F.Supp. 2d 1031 (N.D. Ill. 1998) (letter complaining only of "unsatisfactory service" did not trigger billing error rights), aff'd on other grounds, 176 F.3d 1012 (7th Cir. 1999). The FCBA is designed to rectify errors in billing statements such as misstated charges or calculations in the bill. It does not give consumers an unfettered license to delay collection actions. Consumers have a responsibility not to use the TILA as an "instrument of harassment and oppression" against the lending industry. Kramer v. Marine Midland Bank, 559 F. Supp. 273, 278 (S.D.N.Y. 1983).

In the November 1, 2005 letter from the Defendant to the Plaintiff, she fails to identify exactly what she disputes. The Defendant alleges an unidentified note was not credited to the account, but she does not provide any evidence of such a note. In addition, the Defendant fails to identify a single specific purchase or payment. The Defendant requests to see the Plaintiff's account ledgers, but fails to explain why these documents are relevant or why she cannot use the billing statements to identify what she disputes. Because the Defendant failed to identify a specific purchase or payment, her letter did not comply with the specificity requirements of the FCBA.

It also appears that the Defendant did not make her dispute in a timely manner. Under 15 U.S.C. § 1666(a), the Defendant had 60-days to "set forth the reasons for the obligor's belief (to the extent applicable) that the statement contains a billing error." In

5

order to trigger a creditor's obligation to investigate and verify the disputed billing statement, a consumer must send written notice to the creditor within 60-days of the specific event. <u>Dawkins v. Sears Roebuck and Co.</u>, 109 F.3d 241 (5th Cir. 1997). The 60-day period runs from the date the creditor transmitted the first periodic statement that reflected the billing error. <u>Plutchok v. European American Bank</u>, 540 N.Y.S.2d 135 (Dist. Ct. 1989). If the error is a failure to include a credit, the timing is sixty days after the statement in which the credit should first have appeared. Official Staff Commentary on Reg. Z ' 226.13(b)(1)-2.

According to the Defendants' letter of November 1, 2005, she disputes liability based upon a note she allegedly executed when they entered into the agreement. If the disputed note dates from the opening of the account, then the Defendant had knowledge of any potential dispute from the very first billing statement. Therefore, the 60-day period would have started to run from the date of the first billing statement. From the billing statements attached to the Plaintiff's motion, the account has been opened since at least January 2002. Because the Defendant's letter was sent more than 60-days from when she would have been aware of the potential dispute, her dispute was untimely.

### Conclusion

The FCBA is a consumer protection statute that should be interpreted liberally in favor of consumers. However, a consumer must act in good faith. The Defendant's failure to articulate a single specific disputed purchase or payment casts grave doubt upon her claims and intentions. A consumer acting in good faith should have no trouble informing a creditor what is disputed.

6

The Defendant's sole defense is based upon her letter dated November 1, 2005. Because that letter fails as a matter of law to comply with the requirements of the FCBA, there is no question of material fact in this case and the Plaintiff is entitled to summary judgment.

W.B.S.